Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

---

| | |
|---|---|
| **JANE DOE,** | **PROPOSED DEFENDANT-INTERVENOR'S MOTION TO INTERVENE AS A DEFENDANT** |
| Plaintiff | |
| v. | Case No.: 3:24-cv-00065 |
| **LOMBARDO ET AL**, | |
| Defendant | |

Pursuant to *Federal Rule of Civil Procedure* ("FRCP") 24, and for the reasons set forth herein, Russell Greer hereby moves to intervene in this action as a defendant.

## INTRODUCTION

As other defendants have pointed out, this is the third, duplicate case commenced by lawyer Jason Guinasso. Mr. Guinasso has used his position as a lawyer to take on any case to try to shut down legal prostitution in Nevada. His actions have ranged from many failed ballot initiatives to filing two similar lawsuits, ranging back in 2019 (Case #1) and 2021 (Case #2). Mr. Guinasso's actions have been characterized as "creepy" and "obsessive". *The Guinasso Files*. Lyon County Freedom Files. (2018). (https://www.lyoncountyfreedom.org/the-guinasso-files-part-iv/). He has even gone as far as trying to obtain the private information of sex workers in attempt to out them. *Id.*

Guinasso is clearly in violation of FRCP 11(a) by placing his signature on the Complaint filed in February of this year, claiming his lawsuit contains "truths," when in reality, his lawsuit is barred by so many basic legal doctrines like res judicata and claim estoppel. Even worse, the plaintiff is a Jane Doe, whose allegations are flimsy at best.

Since this Complaint was filed earlier this year, proposed intervenor has monitored this case closely. Proposed intervenor felt that since the Honorable Judge Miranda Du dismissed Case #1, that she would not entertain any of Guinasso's claims and dismiss the case. However, on 7-25-24, the Court allowed for the attorneys for the National Center of Sexual Exploitation (NCSE) to join the case.

That is extremely concerning.

Therefore, proposed-intervenor felt compelled to intervene because he has arguments of substance to bring to this case that the existing defendants can't represent him on.

Admittedly, proposed intervenor-defendant has attempted to intervene twice in both prior cases. This third attempt to intervene is different, as Case #1 and Case #2 dealt with Greer's

interests as a sex buyer. In this present motion to intervene, Greer seeks to intervene in his official capacity as the director of a political action committee called, A Safer Nevada (ASN). His seeking to intervene falls along the theory/argument offered by County Defendants: the political question doctrine.

This motion to intervene touches on four points that shows why he should be granted a right to intervene:

1. The Political Question Doctrine can be adequately represented by a registered state PAC's director and not a passing theory made by Defendants.

2. None of the Defendants gave a clear background on Mr. Guinasso, only touching on the two prior cases and thus intervenor requests intervention to shed light into the lead lawyer's history of violence and domestic abuse and a strange obsession of wanting to shut down legal brothels. Guinasso's personal history makes his crusade to outlaw perceived exploitation a bit ironic and hypocritical. This is information the Court needs to know.

3. County Defendants suggested that Guinasso be merely fined or sanctioned for his repeated duplicate lawsuits. However, a mere fine isn't enough. Full disbarment must begin of Jason Guinasso and intervenor seeks intervention to give him standing to begin the disbarment process of lead counsel.

4. None of the Defendants have rebutted Plaintiff with the slippery slope argument. Nevada is home to the country's vice. If this Jane Doe succeeds, where does this end? Do gambling addicts get to outlaw casinos next? Do recovering cannabis users outlaw marijuana? Both gambling and marijuana legalization conflict with federal law.

Greer therefore seeks to intervene in this matter as of right under FRCP 24(a), or in the alternative, permissive intervention under FRCP 24(b), in order to protect legal prostitution in

Nevada. This Motion is made and based on upon the following Memorandum of Points and

Authorities, the pleadings and papers on record in this action, and any argument

presented at the time of hearing on this matter.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND

This case has essentially already been hashed out in 2019, in this very court, in front of

Judge Du,  involving a similar Plaintiff, who claimed she was trafficked in the brothels. Sure,

this case differs a little (with claims of debt bondage), but the complaint is still fatally flawed

because the Jane Doe can't list any specific dates. Her allegations are generalized.

The biggest shocker is this Jane Doe wants to destroy a legal industry — over hurt feelings.

Yes, that's what this case essentially boils down to: a woman, who had been continuously

employed in brothels for 4 years, got fired (or kicked out) from the Mustang Ranch, and as

retribution, wants to outlaw brothels. How petty. When did we begin to challenge laws over hurt

feelings? In fact, case law precludes "hurt feelings" with tort claims except for outrageous

conduct. Nothing in the Complaint showed outrageous behavior. So In what universe would a

civil rights violation be found over hurt feelings?

Other sex workers have read Guinasso's complaint and feel it's ridiculous. So is that not

telling that other sex workers are aware of this lawsuit and they feel Jane Doe's story is absurd?

Let's also talk about the luck Guinasso has of finding these "oppressed, trafficked women"

to represent. With his luck, Guinasso should just walk into a casino and win the million dollar

jackpot.

### A.  Greer's interest in this case as an intervenor-defendant

The lunacy of the case aside, proposed intervenor Greer has an interest in this case because

he runs the only pro-brothel PAC in Nevada: A Safer Nevada (ASN). (www.asafernevada.org).

EXHIBIT A. ASN's goal is to expand legal prostitution in every county in Nevada by 2028 or 2030.

Not only does ASN aim to expand legal prostitution, it seeks to improve legal brothels in other areas. For instance, ASN is trying to change NRS 201.430, which prohibits billboard and newspaper advertising of Nevada brothels. If strip clubs can advertise, brothels should be able too.

This year, in 2024, ASN did two "trial runs" of both lobbying and a ballot measure to see how ASN could improve in future measures to show potential donors to get funding. ASN did a test lobbying effort in Esmeralda County (Goldfield) in February 2024 and did a test ballot measure in Lincoln County in May/June 2024. EXHIBIT B.

The two test runs showed ASN a few things: (1) ballot measures are more fruitful than lobbying boards of commissioners, (2) funding is essential to hire paid signature collectors because volunteers are unreliable and (3) signature collecting must start early to be successful.

ASN has taken these findings to a contact in Clark County, who is showing them to investors in Texas, to potentially bankroll a last minute statewide signature initiative, which has a deadline of 11-20-24. In the mean time, ASN's goal is also to preserve the "status quo" of legal brothels in Nevada. The brothels help protect women. In fact, since their legal inception in 1971, ZERO women have been killed in brothels. ZERO cases of AIDS have been found in the legal brothels.

ASN has also found that Guinasso's rhetoric is turning the public in some way against brothels. For instance, a woman that ASN reached out to cited Guinasso's affiliate organization AWAKEN as a credible source of information for why brothels are bad. Guinasso's affiliation to the organization can be found here: https://portal.clubrunner.ca/8460/stories/jason-and-kim-guinasso-with-sheriff-al-mcneal-awaken (Jason and Kim Guinasso with Sheriff Al McNeal – AWAKEN). AWAKEN is described as "a Christian non-profit organization serving Northern Nevada." Their mission is to increase awareness and education surrounding the issue of

commercial sexual exploitation and to provide housing and restoration for the victims. The fact that AWAKEN brands itself as "Christian" is a dead giveaway that the organization is not impartial. Guinasso also lists AWAKEN as an organization he represents on his law firm bio:

https://hutchlegal.com/wp-content/uploads/2018/11/Jason-Guinasso-BIO-12-17.pdf

Greer seeks to intervene because as a defendant, he can show that his organization has made outreach to people who do support brothels. In Lincoln, for instance, both young and old, female and male, democrat and avowed Trump supporters, signed a petition to re-introduce brothels into Lincoln. It wasn't a lack of support for why the ballot measure was a test run — it had to do with not having enough resources and relying on unreliable volunteers when several complications happened in Greer's personal life.

For controversial issues like prostitution, Courts should have no business deciding whether such laws are constitutional or unconstitutional. It's a ballot box or legislative concern. This falls in line with recent decisions concerning other hot button issues, like abortion, when the Supreme Court found that abortion was a state issue and returned the issue "to the people and their elected representatives." *Jackson v. Dobbs,* 142 S. Ct. 2228 (2022). Note how the Supreme Court didn't outlaw abortion because that's not their role in creating law.

Although County and State Defendants can argue the political question doctrine, their arguments aren't as sincere and as represented as an organization actually running ballot initiatives, knocking on doors and lobbying, and that is the main argument for why Greer seeks to intervene. Further, the named County defendants (Nye, Elko and Storey) haven't ran any advisory measures in recent years, so they can't reasonably represent the political question doctrine. The last time Nye held a vote on brothels was 1980 and the Nye population voted overwhelmingly to keep brothels legal. *The State of Sex: Tourism, Sex and Sin in the New American Heartland.* (2009).

(https://books.google.com/books?id=feCNAgAAQBAJ&dq=google+books+vail.pittman+veto+p

rostitution&source=gbs_navlinks_s). The State Defendants can't list advisory questions and thus the only way a state initiative is voted on is if an initiative is placed on the state ballot, which is what Greer is working at.

And this is the gravamen for why Greer seeks to intervene.

## II. ARGUMENT

Greer seeks to intervene to adequately represent the political question doctrine. He meets the requirements of the Federal Rules of Civil Procedure for both intervention as of right and permissive intervention.

### A. Greer is Entitled to Intervene as of Right.

Greer meets the criteria for intervention as of right under Rule 24(a) because (1) he has a sufficient interest in the litigation's subject matter, (2) he could suffer an impairment of his ability to protect that interest if he does not intervene, (3) his interest is not adequately represented by existing parties, and (4) his application is timely. See *Hairr v. First Jud. Dist. Court,* 132 Nev. Adv. Rep. 16, 368 P.3d 1198, 1200 (NV 2016).

#### 1.   Greer has a Sufficient Interest in the Litigation's Subject Matter.

Greer meets the first criteria for intervention as of right under Rule 24(a) because he has a sufficient interest in the litigation's subject matter. *Hairr*, 368 P.3d at 1200. The federal courts have found that the interests test under *Federal Rule Civ. P. 24(a)* is not a rigid standard, but rather "a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967); see also *Friends of Animals v. Kempthorne*, 452 F. Supp. 2d 64, 69 (D.D.C. 2006) ("proposed intervenors of right need only an interest in the litigation—not a cause of action or permission to sue") (quotation marks and internal citation omitted); *Smith v. Pangilinan,* 651 F.2d 1320, 1324 (9th Cir. 1981) (holding that a proposed intervenor need not

7

have a specific legal or equitable interest in jeopardy but simply a "protectable interest of sufficient magnitude to warrant inclusion in the action").

Greer easily meets this test. As explained previously, Greer runs a PAC that seeks to expand brothels and seeks to preserve the status quo. He has an interest in the subject matter because NRS 244.345 allows counties with less than 700,000 people to allow or disallow brothels. One way to allow or disallow brothels is through ballot initiative. If this law were found to be unconstitutional, then Greer would have to focus solely on state initiative (which is very costly and difficult), rather than being able to focus on county initiatives, which is less costly. And if the Court rules that state prostitution conflicts with federal law, then Greer wouldn't be able to advocate for state prostitution legalization at all and his organization would be dead in the water because there is little appetite at the federal level to legalize prostitution, nor can citizens change federal laws through ballot initiative. That's up to Congress. Therefore, he has an interest in the Complaint.

Further, Greer has an interest in intervening to shine a brighter light on Guinasso than Defendants have. Defendants merely suggested a fine or a sanction. However, this is the THIRD TIME Guinasso has brought forth a lawsuit challenging the same thing, just with slightly different facts. Guinasso needs to face suspension or disbarment. Lawyers who have done less have lost their licenses. Greer is confused why Guinasso still has a law license. For instance, the "January 6th" lawyers lost their licenses or were suspended. *Court Orders Jan. 6 defense lawyer disbarred.* Politico. (2022). ([https://www.politico.com/news/2022/04/05/jan-6-defense-lawyer-disbarred-00023314](https://www.politico.com/news/2022/04/05/jan-6-defense-lawyer-disbarred-00023314)). That was one lawyer in 2022.

As recently as 2024, another January 6th attorney, John Eastman, was recommended for revocation of a law license, with the Court writing: "Eastman failed to uphold his primary duty of honesty and breached his ethical obligations by presenting falsehoods to bolster his legal arguments." *Judge recommends ex-Trump election lawyer John Eastman be disbarred.* CNN.

(2024). (https://amp.cnn.com/cnn/2024/03/27/politics/judge-recommends-john-eastman-be-disbarred). Similarly here, Guinasso is presenting falsehoods to outlaw a subject matter he disagrees with because he is a Christian pastor. Guinasso's religious beliefs do not belong in the Courtroom. As a side note: NCFSE is also a Christian-based organization, yet those attorneys have been allowed to join the case. Again, their sincere religious beliefs do not excuse their dishonesty.

## 2. Without Intervention, Disposition of This Case Would Impair Greer's Ability to Protect His Interests

Greer meets the second criteria for intervention as of right under Rule 24(a) because he could suffer an impairment of his ability to protect his interests if he does not intervene. *Hairr*, 368 P.3d at 1200. Rule 24(a) requires applicants to demonstrate they will "either gain or lose by the direct legal operation and effect of the judgment which might be rendered in the suit between the original parties." *Stephens v. First Nat'l Bank of Nev*., 64 Nev. 292, 304–05, 182 P.2d 146, 151–52 (NV 1947) (quoting *Harlan v. Eureka Mining Co*., 10 Nev. 92, 94–95 (1875)).

As explained above, striking down the legal prostitution system here in Nevada would harm proposed intervenor because he would lose his legal ability to expand brothels the less costly way of doing county initiatives, as the current law allowing prostitution is essentially a "county choice" law. Greer explained how 2024 was a test run to see how the initiatives can win in 2026.

Greer is also courting financial backers to do a last minute statewide campaign with a dead line of November 2024. If the Court finds that prostitution legalization is a violation of federal law, then any money donated would have to be returned and there would be no way to do any future initiatives anywhere. Not just in Nevada. There have been talks of groups trying to decriminalize (which is having little to no regulation) prostitution in Oregon and California. A district court ruling against prostitution in general would shut down those efforts too, as they sit within the same circuit as Nevada. In his own words, Guinasso doesn't believe there is a difference between

9

prostitution legalization or decriminalization. What's stopping him from suing those laws too if Oregon or California decriminalize prostitution?

**3. Greer's Interests Are Not Adequately Represented by Existing Parties**

Greer meets the third criteria for intervention as of right under Rule 24(a) because his interest is not adequately represented by existing parties. *Hairr*, 368 P.3d at 1200. The State or County Defendants cannot represent the political doctrine question adequately because it's just really dicta and a talking point/theory to them, as Elko, Storey and Nye haven't done any brothel advisory questions in 40 years. The State can't place advisory questions. And the private defendants aren't running PACs.

To the contrary, Greer can sincerely argue the political doctrine question in a motion to dismiss or an answer because he HAS ran one initiative this year, lobbied a board of county commissioners in another county and is talking with donors to fund a statewide initiative to revamp the existing law, which would be changed to allow brothels into Clark County.

**4. This Motion is Timely**

"Timeliness is 'the threshold requirement' for intervention ." *League of United Latin Am. Citizens v. Wilson,* 131 F.3d 1297, 1302 (9th Cir. 1997). Courts consider three factors to determine whether a motion to intervene is timely: (1) the stage of the proceedings when the motion is filed, (2) the prejudice to other parties, and (3) the length and reason for any delay. Id. In considering the first factor, Greer is intervening at the same time that NCSE has been allowed to join the case. So proceedings are very early in the litigation phase.

As to the second factor, the existing parties will not be prejudiced. The Plaintiff is certainly not prejudiced, as the case is still in the early stages. Defendants would not be prejudiced either.

As for the third factor, there really hasn't been much of a delay in filing to intervene, as the case is still in the early stages. In fact, Greer is intervening because NCSE was allowed to join the case. Thus, this motion is timely.

10

**B.  Greer is Entitled to Permissive Intervention**

Greer alternatively seeks permissive intervention under FRCP 24(b). Under FRCP 24(b), the court may permit anyone to intervene who, on a timely motion, "is given a conditional right to intervene by a federal statute; or has a claim or defense that shares with the main action a "common question of law or fact." FED. R. Crv. P. 24(b)(l). FRCP 24(b) should be construed liberally in favor of applicants for intervention, and intervention is allowed even when the intervenor has no direct personal or pecuniary interest in the subject of the litigation. *My Home Now, LLC v. Bank ofAmerica*, N.A., No. 2:14-cv-01957-RFP-CWH, 2015 WL 4276100 at *1-*2 (D. Nev. July 13, 2015). A movant "who seeks permissive intervention must prove that he or she meets three threshold requirements: (1) shares a common question of law or fact with the main action; (2) motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims." *Donnelly v. Glickman,* 159 F.3d 405, 412 (9th Cir. 1998).

For the same reasons described in Section A, this motion is timely. Further, Greer seeks to intervene to adjudicate questions of whether prostitution should be treated like abortion and allow the people or the elected officials to decide (aka the political doctrine question). Because the Defendants haven't ran ballot measures or advisory questions, allowing Greer, who is the director of a PAC, to intervene, only makes sense for that question to be adequately addressed.

Given all these ample reasons to allow Greer's intervention, the Court should not hesitate to exercise its discretion in allowing Greer to intervene in this matter.

## CONCLUSION

For the foregoing reasons, Greer respectfully requests that the Court grant Greer's request to intervene as of right pursuant to FRCP 24(a) or, in the alternative, permit Greer to intervene pursuant to FRCP 24(b).

Respectfully

DATED: July 29th, 2024

Russell Greer

Pro Se

## <u>CERTIFICATE OF SERVICE:</u>

Pursuant to FRCP 5(b), I certify that on July 29th, 2024, I served a true and correct copy of the attached document by Electronic Mail to all attorneys.

# EXHIBIT A



**EXHIBIT B**



**Lincoln County, Nevada**
**Petitioners' Committee Affidavit**
**Lincoln County Brothel Ordinance Initiative**

The following five registered voters of Lincoln County, Nevada, seek to re-legalize brothels into Lincoln County.

We constitute the Petitioners' committee for the attached Initiative, and in accordance with NRS 295.095, we will be responsible for circulating the petition and filing it in the proper form.

All mail and notices for this committee are to be sent to:

A Safer Nevada
Re: Lincoln County Petition Committee
10409 Pacific Palisades Ave
Las Vegas, NV 89144

We have provided our names, signatures, and addresses as required by NRS 295.095.

Print Name          Signature          Address

1.

2.

3.

4.

5.

1

---

*Initiative Petition*                                        *Lincoln County, State of Nevada*

**DESCRIPTION OF EFFECT**

This Initiative proposes the re-legalization of brothels in Lincoln County. If passed, 4 brothels would be allowed to operate in the County. Brothels would not be allowed within the town limits of Alamo, Panaca or Pioche. Caliente would be allowed to determine if brothels would be allowed within its boundaries. Brothels would only be allowed to operate in industrial or general commercial zones with a special use permit. The 4 proposed brothels would not be allowed to operate within 1,200 feet of churches and schools. Brothels would also have to be 500 feet away from any dwellings. A $10,000 quarterly licensing fee would be imposed on brothels, with the County potentially receiving $160,000 annually from 4 possible brothels. Sex workers would be female and they must have weekly STD tests and must have monthly HIV tests.

Brothels must treat the sex workers with respect. Every sex worker must be given clean and comfortable working conditions. Any brothel owner who fails to meet the standards of care laid out by the proposed ordinance can have his or her license revoked.

**County of Lincoln, Nevada (Only registered voters of this county may sign below.)**

This Space For
Office Use Only

| PRINT YOUR NAME  (first, Middle Initial, Last) | | PRINT YOUR RESIDENCE ADDRESS ONLY |
|---|---|---|
| YOUR SIGNATURE | DATE mo da yr | CITY |
| | | LINCOLN COUNTY, NV |
| PRINT YOUR NAME  (first, Middle Initial, Last) | | PRINT YOUR RESIDENCE ADDRESS ONLY |
| YOUR SIGNATURE | DATE mo da yr | CITY |
| | | LINCOLN COUNTY, NV |
| PRINT YOUR NAME  (first, Middle Initial, Last) | | PRINT YOUR RESIDENCE ADDRESS ONLY |
| YOUR SIGNATURE | DATE | CITY |