Jason D. Guinasso, Esq
Nevada Bar No. 8478
Jason@guinassolaw.com
GUINASSO LAW, LTD.
5371 Kietzke Lane
Reno, NV 89511

Benjamin W. Bull**
Peter A. Gentala*
Dani Bianculli Pinter**
Christen M. Price*
Victoria Hirsch*
NATIONAL CENTER ON SEXUAL EXPLOITATION
1201 F Street NW, Suite 200
Washington, DC 20004
202.393.7245
lawcenter@ncose.com

*Admitted Pro Hac Vice
** *Pro Hac Vice applications forthcoming*
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JANE DOE, | Case No.: 3:24-cv-00065-MMD-CSD |
| Plaintiff, | |
| vs. | **PLAINTIFF'S OPPOSITION TO PROPOSED DEFENDANT-INTERVENOR'S MOTION TO INTERVENE AS A DEFENDANT [ECF NO. 109]** |
| JOSEPH LOMBARDO, Governor of Nevada, in his official capacity; AARON FORD, Attorney General of Nevada, in his official capacity; NYE COUNTY; ELKO COUNTY; STOREY COUNTY; WESTERN BEST, INC., D/B/A CHICKEN RANCH; WESTERN BEST, LLC; DESERT ROSE CLUB, LLC; HACIENDA ROOMING HOUSE, INC. D/B/A BELLA'S HACIENDA RANCH; MUSTANG RANCH PRODUCTIONS, LLC D/B/A MUSTANG RANCH LOUNGE, LLC; LEONARD 'LANCE' GILMAN, in his official capacity; and LEONARD 'LANCE' GILMAN, in his individual capacity, | |
| Defendants. | |

Plaintiff Jane Doe, by and through her counsel of record, hereby files this Opposition to Proposed Defendant-Intervenor's Motion to Intervene as Defendant [ECF No. 109]. This Opposition is made and based upon the attached Memorandum of Points and Authorities.

DATED this 12th day of August, 2024.

/s/ Jason D. Guinasso
Jason D. Guinasso, Esq
Nevada Bar No. 8478
Jason@guinassolaw.com
GUINASSO LAW, LTD.
5371 Kietzke Lane
Reno, NV 89511

Benjamin W. Bull**
Peter A. Gentala*
Dani Bianculli Pinter**
Christen M. Price*
Victoria Hirsch*
NATIONAL CENTER ON SEXUAL EXPLOITATION
1201 F Street NW, Suite 200
Washington, DC 20004
202.393.7245
lawcenter@ncose.com
*Admitted Pro Hac Vice
**Pro Hac Vice applications forthcoming
Attorneys for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Mr. Greer's Motion to Intervene should be denied. Mr. Greer has routinely traveled to buy access to women's bodies in Nevada's legal brothels. Mot to Intervene, *Williams v. Sisolak*, No. 2:21-CV-01676 at *3-5 (Dec. 27, 2021). This was the basis for his attempt to intervene in *Williams v. Sisolak.* Mr. Greer has a demonstrated a pattern of harassment, including through frivolous lawsuits, including ones against celebrities. A simple search on Google reveals that having a differing belief or taking an opposing legal stance to Mr. Greer will result in his filing a frivolous suit. This Motion to Intervene is no different.

On July 29, 2024, Mr. Greer filed a motion to intervene as a Defendant in this case, which is about horrors that systematic human trafficking and sex slavery has had on the Plaintiff. As a sex buyer who patronizes legal brothels and is now engaging in public advocacy to expand them, Mr. Greer has no right to intervene. Mr. Greer does not have a legally protected interest in arguing the political question doctrine or in harassing Mr. Guinasso; nor does he sufficiently argue that the existing parties to the case cannot adequately represent his interests. Fed. R. Civ. P. 24 (a). Given the nature of Mr. Greer's claims, his lack of good faith, and the complexity of this suit, the Court should deny his motion.

### ARGUMENT

Plaintiff will argue that as a sex buyer and pro-brothel activist, Mr. Greer has no right to intervene in this case filed to vindicate the rights of sex trafficking survivors, nor should he be granted permissive intervention, which would unnecessarily complicate the case.

**I.  Legal Standard**

The federal rules permit intervention of right where a person timely moves, and either has the right to so under a federal statute, or "claims an interest relating to the…transaction that is the subject of the action," and "disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24 (a).

In the Ninth Circuit, a would-be party must meet four factors to intervene as of right under Fed. R. Civ. P. 24(a)(2): (1) the application must be timely; (2) the applicant must have a "significant protectable interest" in the action; (3) "the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest"; and (4) "the existing parties may not adequately represent the applicant's interest." *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006) (cleaned up); *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). Courts "are guided primarily by practical and equitable considerations" in assessing these criteria. *Donnelly*, 159 F.3d at 409. "The party seeking to intervene bears the burden of showing that all the requirements for intervention have been met." *U.S. v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (cleaned up).[1] Failure to satisfy any one of the requirements is fatal to the application. *See California ex rel. Van de Kamp v. Tahoe Reg'l Planning Agency*, 792 F.2d 779, 781 (9th Cir. 1986).

As for permissive intervention, "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." In making this determination a court must also consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. Civ. R. P. 24(b)(3).

**II.     Mr. Greer is not entitled to intervention as of right.**

Mr. Greer does not have a significant protectable interest in making arguments that have already been made or in harassing Plaintiff's counsel, and if he had any protectable interest, it would be adequately protected by the existing defendants. Plaintiff does not contest the timeliness of Mr. Greer's motion.

///

///

///

---

[1] This brief uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See, e.g., Brownback v. King*, 141 S. Ct. 740, 748 (2021); *Ashford v. Raby*, No. 19-1677, 2020 WL 1057393, at *2 (6th Cir. Mar. 5, 2020); *United States v. Reyes,* 866 F.3d 316, 321 (5th Cir. 2017); *Smith v. Kentucky*, 520 S.W.3d 340, 354 (Ky. 2017).

### A. Mr. Greer does not have a significantly protectable interest in making arguments that have already been made or in harassing Plaintiff's counsel.

To intervene as of right, a would-be party must have a "a significant protectable interest in the action," where the ability to protect that interest could be impaired by the action's disposition. *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006). A "significant protectable interest" is one that is "protectable under some law," and "has a relationship with the claims at issue." *Hawai'i by Off. of Consumer Prot. v. Stone*, No. 19-CV-00272-DKW-RT, 2020 WL 1643856, at *2 (D. Haw. Apr. 2, 2020), *aff'd sub nom. Hawaii v. Stone*, 830 F. App'x 964 (9th Cir. 2020) (cleaned up).

In *Stone*, the proposed intervenors identified an interest in their homes and in having a particular person represent them in state foreclosure cases. 2020 WL 1643856, at *2. But the court found that there was no right to legal representation in civil cases, and thus that this could not be a protectable interest. Stone, 2020 WL 1643856, at *2. In other words, while the proposed intervenors could have an interest in something, that interest was not protectable if no legal right was attached to it.

Mr. Greer appears to assert that he has a legally protectable interest in this case because he wants to argue the political question doctrine, he believes his brothel expansion advocacy will be harder if he has to focus on state instead of county initiatives if the current system is deemed unconstitutional, and he wants to try to get Mr. Guinasso disbarred. *See* ECF 109 at 3, 5-8. Mr. Greer does not cite any legal authority supporting that these are in fact protectable interests.

First, some of Mr. Greer's proposed "interests" are really strategies,[2] and ones that have already been tried in this case at that. Wanting to pursue a particular argument isn't a legally protectable interest, and in this case the political question doctrine that Mr. Greer references has already been argued by the County Defendants in one of their motions to dismiss. *See* ECF 43 at 22-23. Mr. Greer's desire to make a legal argument that has already been made does not create a protectable interest in this matter. Similarly, Mr. Greer's "outreach to people who do support

---

[2] This argument also applies to Mr. Greer's "slippery slope" argument, in which he worries that if legal brothels that are engaging in sex trafficking are outlawed to prevent sex trafficking, gambling addicts might outlaw casinos. *See* ECF 109 at 3.

Page 5 of 11

brothels" is a strategy – a way possibly of defending a legally protectable interest, but not an interest in itself.[3]

Second, Mr. Greer's mention of potential difficulty in persuading people for state or local ballot initiatives or securing financial backers for such campaigns is both speculative and doesn't identify a protectable legal interest. *See* ECF 109 at 9-10. Further, as Mr. Greer seeks to expand legal brothels into counties with more than 700,000 residents, he will have to conduct statewide initiatives anyway, as it is a state law that limits where legal brothels may exist. Nev. Rev. Stat. § 244.345(8). Also, any county can opt to not permit brothels, even if state law would allow them to operate, and some Nevada counties have done so. *See, e.g.*, Pershing, Nev., County Code, §§ 9.08.010-9.08.040 (prohibiting prostitution and brothel-keeping).

Third, attempting to harass or exclude civil rights counsel from a case is also a strategy, not an interest. Mr. Greer maintains that the County and Brothel Defendants haven't gone far enough in attacking Mr. Guinasso, asserting that he will seek Mr. Guinasso's disbarment for bringing this civil rights case. ECF 109 at 3, 8. He has filed bar complaints against Mr. Guinasso in the past, apparently also based on Mr. Guinasso's civil rights advocacy. Mot to Intervene, *Williams v. Sisolak*, No. 2:21-CV-01676 at *2 (Dec. 27, 2021).

Seeking an attorney's disbarment is not a protectable legal interest, and Mr. Greer identifies no statute or other law that suggests otherwise. That is, there can be no legally protected interest in using civil courts to harass sex trafficking survivors and their counsel. Mr. Greer appears to be seeking this not based on any alleged professional ethics violations (he identifies none), but on Mr. Guinasso's willingness to represent victims of sex trafficking within Nevada's legalized prostitution system. *See* ECF 109 at 8.[4] That he resents or disagrees with Plaintiff's opposition to the system that enslaved her is not grounds for sanctions, nor does this constitute a protectable right. In fact, there are reasons to believe that Mr. Greer's own claims are the frivolous ones, or at least that he is not acting in good faith, as will be discussed further below. Tellingly, Mr. Greer

---

[3] Mr. Greer mentions this as though it makes his claims about the brothels more reliable. ECF 109 at 6. Even if he had offered some kind of proof on this point, whether people outside the brothels support them is irrelevant to whether the people within them are being trafficked.

[4] Mr. Greer does accuse Mr. Guinasso of "presenting falsehoods" at one point, but does not identify what these might be, nor how they are false. *See* ECF 109 at 9.

characterizes a lawsuit based on the legal brothels' use of debt bondage to coerce commercial sex acts – textbook sex trafficking – as "hurt feelings." See ECF 109 at 2.)[5]

Accordingly, Mr. Greer does not have a significant, legally protectable interest based on his desires to make certain arguments or harass counsel, including by filing bar complaints. Since he has no relevant interests, it follows that Mr. Greer has failed to meet the impairment prong as well.

### B. Mr. Greer's interest, if any, is adequately represented by at least one of the public or private parties to this suit.

Even if a would-be party has the requisite interest, an intervention as of right requires that "the existing parties may not adequately represent the applicant's interest." *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006); *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).

"The most important factor in determining the adequacy of representation is how the interest compares with the interests of existing parties." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003), *as amended* (May 13, 2003) (cleaned up). Where the party and the proposed intervenor share the same "ultimate objective," a "presumption of adequacy of representation" applies, and the intervenor can rebut that presumption only with a "compelling showing" to the contrary. 324 F.3d at 1086 (cleaned up).

Greer's ultimate objective in this case is for Nevada's legalized prostitution system to be maintained and not be struck down as unconstitutional, an objective shared with the other defendants, especially the State and County Defendants. See ECF 53; ECF 58; ECF 71. Mr. Greer offers no support for rebutting the presumption that the existing defendants adequately represent any interests he might have.

Additionally, government defendants are also presumed to provide adequate representation as a general matter: "There is also an assumption of adequacy when the government is acting on behalf of a constituency that it represents," which must be rebutted with a compelling showing."

---

[5] Mr. Greer also makes several strange factual claims without any support, such as that the brothels protect women because no HIV/AIDS cases have been found within them, ECF 109 at 5, and that Mr. Guinasso's association with an organization that helps sex trafficking survivors means that any case he files on behalf of a sex trafficking survivor cannot be trusted. See ECF 109 at 6.

*Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (cleaned up).  Mr. Greer does not refute this presumption either.  The defendants in this case include the Governor and Attorney General of Nevada, Nye County, Elko County, Storey County, four brothels, and a brothel owner.  The government defendants are presumptively adequate representatives of any interest Mr. Greer could have (particularly given that some of them have already made the argument Mr. Greer says he wants to make).  In fact, The District of Nevada rejected Mr. Greer's attempt to intervene in *Williams v. Sisolak* in 2022, reasoning even if it hadn't dismissed the government defendants (mooting Greer's concerns), the government adequately represented his interests:

> And even assuming that Greer has significant, legally protectible interests in this action, those interests are adequately represented by the existing parties. Even if the brothels Greer frequents and the counties in which they reside are not parties to this action, the existing parties have identical interests in Nevada's system of legal prostitution and in guarding against frivolous lawsuits.

*Williams v. Sisolak*, No. 2:21-CV-01676-APG-VCF, 2022 WL 2819842, at *9 (D. Nev. July 18, 2022).

Here, both the County Defendants and the Brothel Defendants have a particular interest in defending the brothel-related statutes and regulations.  In fact, their interest is much stronger than Mr. Greer's, because if Plaintiff succeeds, they are liable for criminal conduct violating the Thirteenth Amendment and federal anti-trafficking laws, as well as likely to lose significant income, ECF 1 at ¶¶ 1-8; 45-46, while Mr. Greer will simply have potentially greater difficulty promoting his brothel expansion plan.

### III. Permissive intervention is similarly inappropriate, as Mr. Greer's conduct in this and other litigation indicates bad faith.

Permissive intervention should likewise be denied, because Mr. Greer fails to identify a single "common question of law or fact," as required by FRCP 24(b)(1).  Again, his wish to use certain arguments to defend legal brothels is a strategy for protecting an interest, not an interest itself. *See* ECF 109 at 11.

Also, when making a permissive intervention determination, a court must also consider

"whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. Civ. R. P. 24(b)(3). Permissive intervention in this instance would unnecessarily delay and complicate this litigation, based on Mr. Greer's past conduct. As noted above, Mr. Greer attempted to intervene in *Williams v. Sisolak*, arguing that he had a right to buy sexual access to another person, and that he wanted to seek sanctions against Mr. Guinasso for his advocacy. Mot to Intervene, *Williams v. Sisolak*, No. 2:21-CV-01676 at *2-5 (Dec. 27, 2021).

But even this was not Mr. Greer's first attempt to employ litigation to demand access to or attention from women. Mr. Greer sued the State of Utah for not allowing him to open his own brothel. *See Greer v Herbert*, 768 F. App'x 787 (10th Cir. 2018). He sued Taylor Swift because her agents did not give her a song Greer wrote for her, Compl., *Greer v. Swift*, 3:18-cv-00394 (M.D. Tenn. Apr. 25, 2018), and then sued her again for the fallout he experienced due to the first lawsuit, Compl., *Greer v. Swift*, 3:20-cv-00436 (M.D. Tenn. May 21, 2020).

     Upon information and belief, he sued Ariana Grande because he felt slighted at one of her concerts (among other things, she did not accept the flowers he brought during his backstage tour), Mr. Greer's current past conduct indicates that he will complicate and slow this case if he is permitted to participate in it, and very likely harass the participants.

     Therefore, given that this litigation involves numerous public and private defendants, who share Mr. Greer's objectives, any interest Mr. Greer might have is adequately represented.

     Since Mr. Greer has failed to establish a protectable interest in this litigation, as a wish to employ certain litigation strategies does not suffice, and since the various existing parties would adequately represent him if his interests were valid, Mr. Greer has failed to meet the requirements for an intervention as of right. And because Mr. Greer hasn't identified a basis for permissive intervention and has been known to use litigation to harass, he should be denied permissive intervention as well.

///
///
///
///

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests this Court deny Mr. Greer's Motion to Intervene.

DATED this 12th day of August, 2024.

/s/ Jason D. Guinasso
Jason D. Guinasso (SBN# 8478)
5371 Kietzke Lane
Reno, NV 89511
775.853.8746
guinassolaw@gmail.com

Benjamin W. Bull**
Peter A. Gentala*
Dani Bianculli Pinter**
Christen M. Price*
Victoria Hirsch*
NATIONAL CENTER ON SEXUAL EXPLOITATION
1201 F Street NW, Suite 200
Washington, DC 20004
202.393.7245
lawcenter@ncose.com
*Admitted Pro Hac Vice
**Pro Hac Vice applications forthcoming
Attorneys for Plaintiff

**ELECTRONIC CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I hereby certify that on this 12th day of August 2024, a true and correct copy of the foregoing **PLAINTIFF'S OPPOSITION TO PROPOSED DEFENDANT-INTERVENOR'S MOTION TO INTERVENE AS A DEFENDANT [ECF NO. 109]** was electronically filed with the United States District Court. Electronic service of the foregoing document shall be made in accordance with the Master Service List.

/s/ B. Francis