Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| **JANE DOE,**  Plaintiff  v.  **LOMBARDO ET AL**,  Defendant | **PROPOSED DEFENDANT-INTERVENOR'S REQUEST FOR JUDICIAL NOTICE**  Case No.: 3:24-cv-00065 |

1

In accordance with NRS 47.150 and NRS 47.130(2)(b), proposed defendant-intervenor requests the Court take judicial notice of the 7th Circuit case, *Taylor v. Salvation Army,* No. 23-1218, (7th Cir. 2024).

This case is relevant information that will supplement proposed defendant-intervenor's forthcoming motion to dismiss because it shows another federal circuit has recently dealt with the TVPA (Trafficking Victims Protection Act).

In *Taylor,* the 7th Circuit affirmed the dismissal of claims of trafficking and forced labor against the Salvation Army. The 7th Circuit held that the plaintiffs in that case voluntarily entered the Salvation Army camps and were free to leave at "any time".

The *Taylor* case sort of mirrors this third, frivolous lawsuit brought by "the pastor-lawyer" (Mr. Guinasso) and the Christian-based, anti-porn group, the National Center on Sexual Exploitation. The Jane Doe voluntarily entered not one, not two, but four different brothels, by her own admission, and agreed to live by the rules of the brothels. It seems the individuals in the *Taylor* case endured much worse than Jane Doe, yet the 7th Circuit ruled there was no trafficking or forced labor.

Although this Court is not bound by the 7th Circuit, the case of *Taylor* is helpful to show how other Courts have handled claims under the *TVPA* and it rebuts Plaintiff's response with her standing against private parties.

## JUDICIAL NOTICE STANDARDS

Under Nevada law, a district court may take judicial notice of any fact not subject to reasonable dispute in that it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. FED. R. EVID. 201(b). This includes public records of judicial proceedings that are not subject to reasonable dispute. *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

**How the *Taylor* Case is Persuasive**

In Plaintiff's response to the Court's show cause order, the Plaintiff listed off a bunch of examples of alleged trafficking: (1) percent of pay taken, (2) controlled work environment (3) paying rent. While Plaintiff may be smiling smugly, thinking she has a bunch of "gotchas" on the brothel defendants, the *Taylor* case clearly highlights why Plaintiff HAS NO CASE.

In *Taylor,* the 7th Circuit reaffirmed the holding of the district court in that case, by holding that the "walk in" Salvation Army plaintiffs were free to leave at any time.

Echoing the 7th Circuit, Jane Doe has failed to show several things:

- why she couldn't leave the brothels.
- Jane Doe has not produced any phone call receipts ever made to the police if she were held hostage.
- Jane Doe has never produced police reports of ever trying to be free from her supposed captors.
- Jane Doe has not shown receipts of money she is owed that she never received.
- Jane Doe never sued the private defendants for backpay, yet instead, commenced this silly, frivolous suit.

**A Can of Worms Will Be Opened if Jane Doe is Found to Have Standing**

If this Court determines Jane Doe has standing against the private parties, based on paying rent or based on half her income being taken, then that would put targets on several organizations, even organizations Plaintiff uses.

For example, Uber and Lyft take 60 percent of their drivers' fares. Is Jane Doe suggesting drivers would have standing to sue Uber for debt bondage trafficking?

The Church of Jesus Christ of Latter Day Saints makes their 18 – 22 year old missionaries surrender social security cards and other documents and devices. Would missionaries then be

able to sue the LDS church? The Catholic Church has similar requirements for their nuns and priests.

Proposed Intervenor stresses that Jane Doe HAS NO CASE.

As a note to this Court: Jane Doe's complaint says she worked at Bella's in 2020 and that she's an African American woman. Proposed intervenor asked around to sex workers working at Bella's during that time and no sex workers could remember an African American woman who was bouncing around brothels.

So that's why before any finding of standing is made, Jane Doe needs to reveal herself because even workers in the industry have no idea who this person is.

Respectfully

DATED: September 10th, 2024

Russell Greer

Pro Se

## **CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on September 10th, 2024, I served a true and correct copy of the attached document by Electronic Mail to all attorneys.