GUNDERSON LAW FIRM
Courtney G. Sweet, Esq.
Nevada State Bar No. 10775
csweet@gundersonlaw.com
3895 Warren Way
Reno, Nevada 89509
Telephone: (775) 829-1222
*Attorney for Mustang Ranch Productions, LLC
and L. Lance Gilman in his individual capacity*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JANE DOE; <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH LOMBARDO, Governor of Nevada, in his official capacity; AARON FORD, Attorney General of Nevada, in his official capacity; NYE COUNTY; ELKO COUNTY; STOREY COUNTY; WESTERN BEST, INC. D/B/A CHICKEN RANCH; WESTERN BEST, LLC; DESERT ROSE CLUB, LLC; HACIENDA ROOMING HOUSE, INC. D/B/A BELLA'S HACIENDA RANCH; MUSTANG RANCH PRODUCTIONS, LLC D/B/A MUSTANG RANCH LOUNGE, LLC; LEONARD "LANCE" GILMAN, in his official capacity; and LEONARD "LANCE" GILMAN, in his individual capacity, <br><br> Defendants. <br> _____ / | Case No.: 3:24-cv-00065-MMD-CLB <br><br> **DEFENDANTS MUSTANG RANCH PRODUCTIONS, LLC AND L. LANCE GILMAN'S RESPONSE TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE** <br> **[ECF NO. 115]** |

Defendants MUSTANG RANCH PRODUCTIONS, LLC d/b/a MUSTANG RANCH LOUNGE, LLC; and L. LANCE GILMAN, individual, (together, the "Mustang Defendants") by and through their counsel of record Courtney G. Sweet, Esq., file this Response to Plaintiff's Response to Order to Show Cause ("Response," ECF No. 115), which was in turn required by this Court in its Order filed August 16, 2024 (ECF No. 112).

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89511
(775) 829-1222

1

This Response is made and based upon Federal Rule of Civil Procedure 12(h)(3), the following memorandum of points and authorities, the pleadings on file in this case, and any oral argument the Court wishes to entertain.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction

In her response to this Court's Order, Doe has clearly demonstrated that she does not have standing to bring these damages claims against the Mustang Defendants. The only allegations that she has asserted are either the terms of the independent contractor agreement that she freely and voluntarily entered or are allegations that do not show that she suffered any sort of particularized, specific harm to herself. Although Doe uses terms like "debt bondage," she never claims to have ever been in debt to the Mustang Defendants and never alleges that she was prevented from leaving the Mustang premises. Doe also attempts to portray the Mustang Defendants' compliance with Storey County law – such as the perimeter fence and secure entrance required by Storey County Code – as somehow "coercive" to her. She has also failed to allege sufficient facts to show that these injuries are fairly traceable to the Mustang Defendants or that her injuries would be properly redressed by the relief she requests.

Doe has not alleged sufficient facts to demonstrate standing. Her claims against the Mustang Defendants must be dismissed.

### II. Standard of Review

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). The complaint must set forth coherently "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a complaint must "contain sufficient factual matter . . . to state a claim

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89511
(775) 829-1222

to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quotation omitted). Courts typically apply a two-step approach when considering motions to dismiss.

First, the Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiffs' favor. *Iqbal*, 556 U.S. at 678; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247-48 (9th Cir. 2013). Legal conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations. *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678.

Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 679. A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id*. at 679 (quotation omitted). When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. "Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the [district] court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### III. Argument

This Court has ordered Doe to show cause why she has standing to bring her damages claims against each of the Mustang Defendants (among others). Doe has alleged two causes of action against these defendants: violation of the Thirteenth Amendment and violation of 18 U.S.C. § 1591. Despite her various allegations in the Complaint, she does not have standing to support either of them. For her § 1591 claim, Doe has failed to allege sufficient facts to show that she has suffered actual, specific injuries fairly traceable to the Mustang Defendants that would be redressable in this lawsuit. There is no private right of action for a claimed violation of the Thirteenth Amendment, so Doe does not have a legally cognizant claim there either. As such, Doe has failed to show cause why her Complaint should not be dismissed as to the Mustang

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89511
(775) 829-1222

Defendants.

  A. <u>Jane Doe has failed to show that she has standing to bring a damages claim under 18 U.S.C. § 1591 against either of the Mustang Defendants.</u>

If a Court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). Article III of the Constitution "limits the jurisdiction of federal courts to '[c]ases' and '[c]ontroversies.'" *Lance v. Coffman*, 549 U.S. 437, 439 (2007). "A suit brought by a plaintiff without Article III standing is not a case or controversy, and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Braunstein v. Ariz. Dep't of Transp.*, 683 F.3d 1177, 1184 (9th Cir. 2012) (simplified). The "irreducible constitutional minimum of [Article III] standing consists of three elements." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (simplified). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id*. Each element of Article III standing "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 561 (1992). Doe cannot meet any of these requirements.

    *1. Doe has not alleged any injury in fact sufficient to support standing.*

Doe's allegations of harm against the Mustang Defendants are insufficient to create standing. "An injury sufficient to satisfy Article III must be concrete and particularized and actual or imminent, not conjectural or hypothetical." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158, 134 S.Ct. 2334, 189 L.Ed.2d 246 (2014) (cleaned up). The purpose of the injury requirement is to ensure that a plaintiff has a "personal stake in the outcome of the controversy." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). As stated by this Court, a plaintiff may not rely on third parties' injuries, or on potentially injurious practices that did not injure plaintiff specifically, to bolster her own damages claim. (Order, ECF No. 112, citing *Arizona State Legislature v. Arizona Indep. Redistricting Comm'n*, 576 U.S. 787, 799–800, 135 S. Ct. 2652, 2663, 192 L. Ed. 2d 704 (2015)).

///

In her Response to Court's Order to Show Cause ("Response," ECF No. 115), Doe provides a long list of purported harms caused by the Mustang Defendants. However, none of these allegations meet the basic standing requirements. Instead, Doe lists various terms of her independent contractor agreement, describes actions taken by the Mustang Defendants in compliance with Storey County Code, and makes various allegations about actions that either did not happen to her or that did not cause her any actual harm. As such, she has not alleged any injury in fact sufficient to support standing.

Doe lists several items as "coercive fees and fines." Response, ECF No. 115, at 10-11. However, as shown in the allegations, these are nothing more than the terms of the independent contractor agreement executed by Doe. *Id*. Nothing in these allegations show that Doe was "coerced" into signing the independent contractor agreement or even that the terms themselves are "coercive." Coercion means "threats of serious harm to or physical restraint against any person [, or] ... any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm ... or physical restraint." 18 U.S.C. § 1591(e)(2)(A)-(B). Critically, although Doe repeatedly references "debt bondage," **<u>nowhere in the Response does she allege that she owed a debt to the Mustang Defendants</u>**. Instead, she simply appears to be unhappy with the terms of the independent contractor agreement that she freely and voluntarily signed. This does not constitute a concrete, particularized, or actual harm.

Many other items Doe alleges as her "injuries" are in fact legal requirements established by Storey County. Storey County Code requires a fence around the perimeter of the brothel with a "resort-style entrance gate that will restrict access to the brothel property." Storey County Code 5.19.070(A)(2). It also requires a prostitute to pay for the cost of her medical health examinations, which must occur on a weekly basis. Storey County Code 5.16.210(A)(1)-(6). Doe also alleges that, when she returned late from a vacation and missed the weekly medical health examination, she was placed in a segregated area of the brothel. Complaint, ECR No. 1, at ¶305-307 (referenced in Response, ECF No. 115, at 11). This type of segregation is specifically required by Storey County Code whenever the prostitute no longer has a valid medical clearance. Storey County Code 5.16.220(A) (requiring a prostitute to be "segregated from any customer contact areas for up to

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89511
(775) 829-1222

5

forty-eight hours as they complete the medical clearance…."). Storey County law also appoints all Storey County Commissioners – along with the Storey County Sheriff – to the Brothel Licensing Board. Storey County Code 5.16.020. As a public officer, Lance Gilman is required to disclose and abstain from voting in any matter in which he has a pecuniary interest. NRS 281A.420. Nowhere in her Complaint does Doe allege that Gilman violated NRS 281A.420 or that Gilman otherwise inappropriately failed to recuse himself from taking actions on the Storey County Brothel Licensing Board; instead, her allegation is nothing more than an acknowledgement that Storey County Code automatically appoints Mr. Gilman, as a Storey County Commissioner, to the Brothel Licensing Board as well. Response, ECF No. 15, at 12.

Most of the remaining allegations by Doe do not set forth personal, concrete harm suffered by her specifically as required by this Court. Instead, Doe makes broad allegations about harm other people purportedly suffered or about potentially injurious practices that did not appear to actually cause her any harm. For example, Doe alleges that *other* women would "get in trouble" for using the panic button. Response, ECF No. 115 at 12. Doe also claims that she needed permission to go outside, take a nap, or go to the bathroom; critically, however, **Doe never claims that this "permission" was denied.** Response, ECF No. 115, at 11-12. Indeed, Doe describes at least one situation in which she was trying to return to work at the brothel and another time when she was forced to leave; **at no point does Doe ever allege that she could not leave the Mustang Ranch whenever she wanted to**.[1] Response, ECF No. 115.

Simply put, Doe's allegations do not meet the concrete, particularized, and actual harm required by *Driehaus* or the plausibility standard of *Iqbal* and *Twombly*. Instead, her Complaint is nothing more than generalized grievances with the independent contractor agreement that she voluntarily signed and a list of alleged business practices that never caused her any actual harm. As such, she has failed to allege that she suffered "injury in fact" to support standing.

///

///

---

[1] In her Response, Doe claims that "similar allegations were deemed sufficient to state a claim against Chicken Ranch brothel for perpetuating sex trafficking." Response, ECF No. 115, at 13:14-19. However, in that lawsuit, Doe had specifically alleged that she *had* incurred debt at the Chicken Ranch and was not allowed to leave until the debt was paid. *Williams v. Sisolak*, No. 2:21-CV-01676-APG-VCF, 2022 WL 2819842, at *7 (D. Nev. July 18, 2022). No such allegations exist in this Complaint.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89511
(775) 829-1222

### 2. *Doe's alleged injuries are not fairly traceable to the Mustang Defendants.*

The second element of standing is traceability. *Spokeo*, 578 U.S. at 338. To survive a motion to dismiss with respect to the causation element of standing, a plaintiff must allege facts to support that their injuries are "fairly traceable" to a defendant's conduct and "not the result of the independent action of some third party not before the court." *Namisnak v. Uber Techs., Inc.*, 971 F.3d 1088, 1094 (9th Cir. 2020) (quoting *Lujan*, 504 U.S. at 561). Traceability "examines the connection between the alleged misconduct and injury." *Mecinas v. Hobbs*, 30 F.4th 890, 899 (9th Cir. 2022) (quoting *Washington Env't Council v. Bellon*, 732 F.3d 1131, 1146 (9th Cir. 2013)).

Again, most of the "injuries" alleged by Doe do not meet the legal requirements for traceability, even when this Court is required to accept all allegations as true. For instance, Doe alleges that the Storey County Sheriff's Office had "inconsistencies" in licensing her and that the Storey County Sheriff did not come to the brothel when a woman pushed the panic button. Response, ECF No. 115 at 12. These are allegations about what the Storey County Sheriff's Office did or did not do; they have no connection to the Mustang Defendants.

The remaining allegations in the Response do not show that Doe's purported injuries were suffered as a result of the Mustang Defendants' actions. Again, she does not allege that she was ever harmed as a result of the Mustang Ranch's on-site security policies or its compliance with Storey County law. Instead, she simply makes generalized references to these policies and legal requirements, then makes generalized allegations of having been somehow harmed. There is no causal connection between a security policy, compliance with a Storey County Code requirement, or any other allegation against the Mustang Defendants that would show that Doe suffered some sort of harm as a direct result of the Mustang Defendants' alleged misconduct.

Because Doe cannot allege that her purported harm was caused by actions fairly traceable to the Mustang Defendants, she cannot meet this element of standing either.

### 3. *Doe's alleged harms are not likely to be redressed.*

Finally, Doe cannot meet the third requirement of standing because her alleged harms are not likely to be redressed by the relief she requests from the Mustang Defendants. "[T]he fairly traceable and redressability components for standing overlap and are two facets of a single

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89511
(775) 829-1222

7

causation requirement." *Washington Env't Council v. Bellon*, 732 F.3d 1131, 1146 (9th Cir. 2013) (quoting *Allen v. Wright*, 468 U.S. 737, 753 n. 19 (1984) (simplified) (quotes omitted)). Due to this Court's prior order, damages are the only relief still requested by Doe. However, monetary damages are not likely to redress Doe's purported harm. Because Doe failed to allege any actual harm suffered as a result of Mustang Defendants' actions, there is no harm here to be redressed. Monetary damages will also not change Storey County Code or Doe's apparent complaints with the Storey County Sheriff's Office. Doe cannot establish this element of standing.

B. <u>There is no independent private right of action under the Thirteenth Amendment.</u>

There is no private right of action under the Thirteenth Amendment, so Doe also does not have standing to bring a damages claim against the Mustang Defendants for an alleged violation of it. Under the Thirteenth Amendment, "[n]either slavery nor involuntary servitude . . . shall exist within the United States," and "Congress shall have power to enforce this article by appropriate legislation." U.S. Const. amend. XIII §§ 1-2. The Thirteenth Amendment's Enabling Clause "clothed Congress with powers to pass all laws necessary and proper for abolishing all badges and incidents of slavery." *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 439 (1968) (simplified). "There is not a private right of action under the Thirteenth Amendment; rather, plaintiffs must instead base such claims on one of the statutes implementing" it. *Simpson v. Agatone*, No. 2:15-cv-00254-RFB-CWH, 2018 WL 5074677, at *4 (D. Nev. Sept. 5, 2018); *see, e.g., Flores v. City of Westminster*, 873 F.3d 739,753 (9th Cir. 2017) (permitting a claim under 42 U.S.C. § 1981 in part because "[t]he Civil Rights Act of 1866 implemented the Thirteenth Amendment); *United States v. Diggins*, 36 F.4th 302, 306-11 (1st Cir. 2022) (analyzing congressional enforcement under the Thirteenth Amendment's Enabling Clause, and holding the Hate Crimes Prevention Act to be constitutional enforcement); *United States v. Roof*, 10 F.4th 314, 391-92 (4th Cir. 2021) (same).

In the present lawsuit, Doe's only two claims are for violating the Thirteenth Amendment and violating 18 U.S.C. § 1591. (ECF No. 1 at 42-44.) As stated above, Doe does not have standing for a claimed violation of § 1591. Because there is no separate private right of action for an alleged violation of the Thirteenth Amendment, she does not have standing for a claimed violation of the Thirteenth Amendment either.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89511
(775) 829-1222

**IV. Conclusion**

Doe does not have standing to bring these claims against the Mustang Defendants. She has not suffered any actual, particularized injury that is fairly traceable to the actions of the Mustang Defendants. Her Complaint against these defendants must be dismissed.

DATED this 12th day of September, 2024.

GUNDERSON LAW FIRM

By: */.s./ Courtney G. Sweet, Esq.*
Courtney G. Sweet, Esq.
Nevada State Bar No. 10775
*Attorney for Mustang Ranch Productions, LLC and L. Lance Gilman in his individual capacity*

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89511
(775) 829-1222

9

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of the law office of Gunderson Law Firm, and that on the 12th day of September, 2024, I electronically filed a true and correct copy of the **DEFENDANTS MUSTANG RANCH PRODUCTIONS, LLC AND L. LANCE GILMAN'S RESPONSE TO PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE [ECF NO. 115]**, with the Clerk of the Court by using the electronic filing system which will send a notice of electronic filing to the following:

Jason D. Guinasso, Esq.
5371 Kietzke Lane
Reno, Nevada 89511
775.853.8746
*guinassolaw@gmail.com*
*Attorney for Plaintiff*

Brent L. Ryman, Esq.
Paul M. Bertone, Esq.
ERICKSON, THORPE, & SWAINSTON, LTD.
1885 South Arlington Ave. Suite 205
Reno, Nevada 89509
775.786.3930
*Attorneys for Defendants*
*Nye, Elko, and Storey Counties*

Aaron D. Ford
Attorney General
Marni K. Watkins, Esq.
Chief Litigation Counsel
Sabrena K. Clinton, Esq.
Deputy Attorney General
Iva K. Todorova, Esq.
Senior Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, Nevada 89119
mkwatkins@ag.nv.gov
sclinton@ag.nv.gov
itodorova@ag.nv.gov
*Attorneys for Governor Joseph Lombardo and*
*Attorney General Aaron Ford*

*CONTINUED ON NEXT PAGE*

**GUNDERSON LAW FIRM**
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89511
(775) 829-1222

10

| | |
|---|---|
| 1 | THE O'MARA LAW FIRM, P.C. |
| 2 | David C. O'Mara, Esq.<br>311 East Liberty St. |
| 3 | Reno, NV 89501<br>775.323.1321 |
| 4 | david@omaralaw.net |

*Attorney for Desert Rose Club, LLC*

Deanna L. Forbush, Esq.
FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
dforbush@foxrothschild.com
rgarner@foxrothschild.com
dmann@foxrothschild.com
*Attorneys for Defendants Western Best, Inc.*
*d/b/a Chicken Ranch; Western Best, LLC*

Benjamin W. Bull
Peter A. Gentala
Christen M. Price
NATIONAL CENTER ON SEXUAL EXPLOITATION
1201 F Street, NW Suite 200
Washington, DC 20004
202.393.7245
*lawcenter@ncose.com*
*Pro Hac Vice Pending*


Dani Bianculli Pinter, Esq.
Victoria Hirsch, Esq.
NATIONAL CENTER ON SEXUAL EXPLOITATION
1201 F Street, NW Suite 200
Washington, DC 20004
202.393.7245
*lawcenter@ncose.com*
*Pro Hac Vice Pending*

                                                */.s./ Cinnamon Konieczka*
                                                Cinnamon Konieczka

**GUNDERSON LAW FIRM**
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89511
(775) 829-1222

11