1  THE O'MARA LAW FIRM, P.C.
   DAVID C. O'MARA, ESQ. (NEVADA BAR NO. 8599)
2  311 East Liberty St.
   Reno, Nevada 89501
3  775-323-1321
   775-323-4082 (fax)
4  david@omaralaw.net

5  *Attorney for Desert Rose Club, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JANE DOE;<br><br>        Plaintiffs,<br><br>v.<br><br>JOSEPH LOMBARDO, Governor of Nevada, in his official capacity; AARON FORD, Attorney General of Nevada, in his official capacity; NYE COUNTY; ELKO COUNTY; STOREY COUNTY; WESTERN BEST, INC. D/B/A CHICKEN RANCH; WESTERN BEST, LLC; DESERT ROSE CLUB, LLC; HACIENDA ROOMING HOUSE, INC. D/B/A BELLA'S HACIENDA RANCH; MUSTANG RANCH PRODUCTIONS, LLC D/B/A MUSTANG RANCH LOUNGE, LLC' LEONARD "LANCE" GILMAN, in his official capacity; and LEONARD "LANCE" GILMAN, in his individual capacity.<br><br>        Defendants. | Case No. 3:24-cv-00065-MMD-CLB<br><br>**DEFENDANT DESERT ROSE CLUB, LLC's RESPONSE PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE [ECF NO.115]** |

- 1 -

Defendant, Desert Rose Club, LLC, ("Desert Rose") by and through their counsel, David C. O'Mara, Esq., and The O'Mara Law Firm, P.C. hereby files this Response to Plaintiff's Response to Order to Show Cause (ECF No. 115), which was in turn required by this Court through its Order filed August 16, 2024. (ECF No. 112). This response is made in good faith and based on the following memorandum of points and authorities, all pleadings on file in this matter, and any oral argument requested by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. Introduction

Plaintiff Jane Doe ("Jane Doe"), in her response to this Court's Order, has clearly demonstrated that she lacks standing to bring the two claims against Desert Rose. The only allegations that Jane Doe has asserted are either the terms of the independent contractor agreement that she freely and voluntarily entered, allegations that are required by county ordinances or allegations that do not show that she suffered any sort of particularized, specific harm to herself.

While Jane Doe alleges that she owed money as a result of the policies under the independent contractor's agreement and as required by Elko County Ordinances, Jane Doe never claims in the Complaint to have ever been in "debt" to Desert Rose and never alleges that she was prevented from leaving the premises.

Indeed, Jane Doe also attempts to portray her own compliance with Elko County law – such as the requirement to pay $90 week and $110 for monthly STI exams to be a coercive action by Desert Rose. She has also failed to allege sufficient facts to show that these injuries are fairly traceable to Desert Rose or that her injuries would be properly redressed by the relief she requests.

Doe has not alleged sufficient facts to demonstrate standing and her claims against the Desert Rose Defendants must be dismissed.

### 2. Standard of Review

A properly plead complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). The complaint must set forth coherently "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a complaint must "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quotation omitted). Courts typically apply a two-step approach when considering motions to dismiss.

First, the Court must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiffs' favor. *Iqbal*, 556 U.S. at 678; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247-48 (9th Cir. 2013)[1]. Legal conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations. *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678.

Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 679. A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id*. at 679 (quotation omitted). When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. "Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the [district] court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

---

[1] Jane Doe has refused to provide her name and thus, has prejudiced Desert Rose in litigating this matter. Jane Doe's allegations are misrepresentations and fabrications that she has included in her Complaint and subsequent Response. The Complaint does not allege Jane Doe witnessed any of the allegations against other individuals, however, in the response (ECF 115 9:20-22), Jane Doe now claims that she "witnessed and thus experienced the coercive effects of abuses not committed against her directly."

**3. Argument**

This Court has ordered Jane Doe to show cause why she has standing to bring her damages claims against each of the Desert Rose, as well as the other brother defendants. Jane Doe has alleged two causes of action against these defendants: (1) the violation of the Thirteenth Amendment and (2) violation of 18 U.S.C. § 1591. Despite the various allegations made in the Complaint, Jane Doe does not have standing to support either of her claims.

> **A. Jane Doe has failed to show that she has standing to bring damages claims under 18 USC §1591 against the Desert Rose Club.**

If a Court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). Article III of the Constitution "limits the jurisdiction of federal courts to '[c]ases' and '[c]ontroversies.'" *Lance v. Coffman*, 549 U.S. 437, 439 (2007). "A suit brought by a plaintiff without Article III standing is not a case or controversy, and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Braunstein v. Ariz. Dep't of Transp.*, 683 F.3d 1177, 1184 (9th Cir. 2012) (simplified). The "irreducible constitutional minimum of [Article III] standing consists of three elements." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (simplified). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id*. Each element of Article III standing "must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 561 (1992). Jane Doe cannot meet any of these requirements.

> i. *Jane Doe has not alleged any injury in fact sufficient to support standing*.

Jane Doe's allegations of harm against Desert Rose are insufficient to create standing. "An injury sufficient to satisfy Article III must be concrete and particularized and actual or imminent, not conjectural or hypothetical." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158, 134 S.Ct. 2334, 189 L.Ed.2d 246 (2014) (cleaned up). The purpose of the injury requirement is to ensure that a plaintiff has a "personal stake in the outcome of the controversy." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). As stated by this Court, a plaintiff may not rely on third

parties' injuries, or on potentially injurious practices that did not injure plaintiff specifically, to bolster her own damages claim. (Order, ECF No. 112, citing *Arizona State Legislature v. Arizona Indep. Redistricting Comm'n*, 576 U.S. 787, 799–800, 135 S. Ct. 2652, 2663, 192 L. Ed. 2d 704 (2015)).

In her Response to the Court's Order to Show Cause (ECF No. 115), Jane Doe provides a short list of purported harm caused by Desert Rose; however, none of these allegations meet the basic standing requirements.[2] Instead, Jane Doe lists various terms of her independent contractor agreement, describes actions taken by Desert Rose in compliance with Elko County Code, and makes various allegations about actions that either did not happen, did not happen to her or that did not cause her any actual harm. As such, she has not alleged any injury in fact sufficient to support standing.

Jane Doe alleges that Desert Rose imposed "fines." ECF No. 1, at ¶250. However, Jane Doe does not allege that she was subject to paying these fines[3]. *Id*. Nothing in Jane Doe's allegations show that Jane Doe was "coerced" into signing the independent contractor agreement or even that the terms themselves are "coercive." Coercion means "threats of serious harm to or physical restraint against any person [, or] ... any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm ... or physical restraint." 18 U.S.C. § 1591(e)(2)(A)-(B). Although Jane Doe references that she "owed Dessert Rose money as a result of these policies" (ECF 1, *at* ¶ 250) nowhere in the Response does she allege that she owed a debt to the Desert Rose Club. In fact, the following allegation then claims that "most women at Desert Rose went into debt after being there," but does not state Jane Doe was one of these women. *Id* at ¶ 251. Jane Doe cannot show harm by complaining about the terms of the independent contractor

---

[2] Desert Rose denies these allegations as they are either fabrications, or misrepresentations of the facts and circumstances during Jane Doe's time at Desert Rose.

[3] Desert Rose has never instituted a policy requiring the women to line up within 3 minutes, nor does it impose a fine on the women for failing to line up within a stated time.

agreement that she freely and voluntarily signed.[4] This does not constitute a concrete, particularized, or actual harm.

Many other items Jane Doe alleges are in fact legal requirements established by Elko County. It requires the women undertake various medical health examinations weekly and monthly. *See* Elko County Ordinances 4-9-14(A)(1)[5] and (4)[6]. Jane Doe also alleges that, that Jane Doe and other women were required to "work" from 4 pm to 4 am each day and that Women who were at Desert Rose long term were allowed a weekly day off. Complaint, ECR No. 1, at ¶238 (referenced in Response, ECF No. 115, at 9:8-9). Desert Rose was opened during the period of 4 pm and 4 am, but the women were not required to work 72 hours and would remain on the property because if Jane Doe and the other women removed themselves from the property for more than 24 hours, the brothels was to notify the police department. Prior to returning to work, Jane Doe and the other women would have to get a medical examination and must obtain a clearance by a physician or doctor and must then pick their work card up at the police station. Elko County Ordinance 4-9-14(A)(8)(b).

The remaining allegations by Jane Doe do not set forth personal, concrete harm suffered by her specifically as required by this Court. Instead, Jane Doe makes broad allegations about potentially injurious practices that did not appear to cause her any harm. For example, Jane Doe alleges that "Desert Rose's owner was violent and would even shoot at people" ECF No. 115. Jane Doe later admits she witnessed "the coercive effects of abuses not committed [] against her directly"

---

[4] Additionally, Jane Doe misrepresents the terms of the independent contractor agreement when she omits the full terms of the payment structure at Desert Rose. The women that work at Desert Rose are made aware of the 50% booking payout system before they begin work with Desert Rose, as the sex workers execute an independent contractor agreement that states the revenue split. A cursory investigation would have also provided that all sex workers also receive 100% of their tips for sexual services, and 100% of their private dance tips with small reduction for the credit card processing fees. The sex workers also review a 50% commission on all bar drinks they promote from the clients and Dessert Rose provides the women with bottled water, non-alcoholic beverages and some complementary bar drinks.

[5] Elko County Ordinance 4-9-14(A)(1) Medical exams are to "be preformed at least once a week…"

[6] Elko County Ordinance 4-9-14(A)(4) Include monthly tests approved by the State Board of Health for the detection of HIV.

- 6 -

seemingly admitting that none of these abuses she mentions were committed against her directly. *Id*. at 9:21.

Jane Doe's allegations do not meet the concrete, particularized, and actual harm required by *Driehaus* or the plausibility standard of *Iqbal* and *Twombly*. Instead, her Complaint is nothing more than generalized grievances with the independent contractor agreement that she voluntarily signed and a list of alleged business practices that never caused her any actual harm. Further, many of the allegations by Jane Doe are fabrications and misrepresentations of the trust facts and circumstances relating to her time at Desert Rose. As such, she has failed to allege that she suffered "injury in fact" to support standing.

### ii. *Doe's alleged injuries are not fairly traceable to Desert Rose.*

The second element of standing is traceability. *Spokeo*, 578 U.S. at 338. To survive a motion to dismiss with respect to the causation element of standing, a plaintiff must allege facts to support that their injuries are "fairly traceable" to a defendant's conduct and "not the result of the independent action of some third party not before the court." *Namisnak v. Uber Techs., Inc.*, 971 F.3d 1088, 1094 (9th Cir. 2020) (quoting *Lujan*, 504 U.S. at 561). Traceability "examines the connection between the alleged misconduct and injury." *Mecinas v. Hobbs*, 30 F.4th 890, 899 (9th Cir. 2022) (quoting *Washington Env't Council v. Bellon*, 732 F.3d 1131, 1146 (9th Cir. 2013)).

The allegations in the Response do not show that Jane Doe's purported injuries were suffered as a result of Desert Rose's actions. Again, Jane Doe does not allege that she was ever harmed as a result of Desert Rose's policies or its compliance with Elko County law. Instead, she simply makes generalized references to these policies and legal requirements, then makes generalized allegations of having been somehow harmed. There is no causal connection between policies voluntarily agreed to in an independent contractor agreement, compliance with the requirements of the Elko County Ordinances, or any other allegation against Desert Rose that would show that Jane Doe suffered some sort of harm as a direct result of Desert Rose's alleged misconduct.

Because Jane Doe cannot allege that her purported harm was caused by actions is fairly traceable to Desert Rose, she cannot meet this element of standing either.

### iii. *Jane Doe's alleged harms are not likely to be redressed.*

Jane Doe also fails to meet the third requirement of standing because her alleged harms are not likely to be redressed by the relief she requests from Desert Rose. "[T]he fairly traceable and redressability components for standing overlap and are two facets of a single causation requirement." *Washington Env't Council v. Bellon*, 732 F.3d 1131, 1146 (9th Cir. 2013) (quoting *Allen v. Wright*, 468 U.S. 737, 753 n. 19 (1984) (simplified) (quotes omitted)). Due to this Court's prior order, damages are the only relief still requested by Jane Doe. However, monetary damages are not likely to redress Jane Doe's purported harm. Because Jane Doe failed to allege any actual harm suffered as a result of Desert Rose's actions, there is no harm here to be redressed.

### B. **There is no independent private right of action under the Thirteenth Amendment**.

There is no private right of action under the Thirteenth Amendment, so Jane Doe also does not have standing to bring a damages claim against Desert Rose for an alleged violation of it. Under the Thirteenth Amendment, "[n]either slavery nor involuntary servitude . . . shall exist within the United States," and "Congress shall have power to enforce this article by appropriate legislation." U.S. Const. amend. XIII §§ 1-2. The Thirteenth Amendment's Enabling Clause "clothed Congress with powers to pass all laws necessary and proper for abolishing all badges and incidents of slavery." *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 439 (1968) (simplified). "There is not a private right of action under the Thirteenth Amendment; rather, plaintiffs must instead base such claims on one of the statutes implementing" it. *Simpson v. Agatone*, No. 2:15-cv-00254-RFB-CWH, 2018 WL 5074677, at *4 (D. Nev. Sept. 5, 2018); *see, e.g., Flores v. City of Westminster*, 873 F.3d 739,753 (9th Cir. 2017) (permitting a claim under 42 U.S.C. § 1981 in part because "[t]he Civil Rights Act of 1866 implemented the Thirteenth Amendment); *United States v. Diggins*, 36 F.4th 302, 306-11 (1st Cir. 2022) (analyzing congressional enforcement under the Thirteenth Amendment's Enabling Clause, and holding the Hate Crimes Prevention Act to be constitutional enforcement); *United States v. Roof*, 10 F.4th 314, 391-92 (4th Cir. 2021) (same). This claim must be dismissed.

Jane Doe has brought two claims in her action against Desert Rose which are (1) for violating the Thirteenth Amendment and (2) violating 18 U.S.C. § 1591. (ECF No. 1 at 42-44.) As stated above, Jane Doe does not have standing for a claimed violation of § 1591 because there is no

separate private right of action for an alleged violation of the Thirteenth Amendment, she does not have standing for a claimed violation of the Thirteenth Amendment either.

4. **Conclusion**

Based on the foregoing, Jane Doe does not have standing to bring these claims against Desert Rose: Jane Doe has not suffered any actual, particularized, injury that is fairly traceable to the actions of Desert Rose and her claims against them must be dismissed.

Dated: September 13, 2024                    THE O'MARA LAW FIRM, P.C.

/s/ David C. O'Mara, Esq.
DAVID C. O'MARA, ESQ.
311 E. Liberty St
Reno, NV 89501
775.323.1321
david@omaralaw.net

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2024, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the email addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List. The following parties were served via US Mail:

NATIONAL CENTER ON SEXUAL EXPLOITATION
Dani Binaculli Pintar
Victoria Hirsch
1201 F. Street, NW Ste 200
Washington, DC 20002

*Pro Hac Vice attorneys for Plaintiff*

September 13, 2024                         /s/ Bryan Snyder
                                                          BRYAN SNYDER