Jason D. Guinasso (SBN# 8478)
5371 Kietzke Lane
Reno, NV 89511
775.853.8746
guinassolaw@gmail.com

Benjamin W. Bull*
Peter A. Gentala*
Dani Bianculli Pinter*
Christen M. Price*
Victoria Hirsch*
NATIONAL CENTER ON SEXUAL EXPLOITATION
1201 F Street NW, Suite 200
Washington, DC 20004
202.393.7245
lawcenter@ncose.com
*Admitted Pro Hac Vice
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| JANE DOE, | Case No.: 3:24-cv-00065-MMD-CSD |
| Plaintiff, | |
| vs. | **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS NYE COUNTY, ELKO COUNTY, AND STOREY COUNTY'S MOTION FOR CERTIFICATION AND ENTRY OF FINAL JUDGMENT (ECF No. 120)** |
| JOSEPH LOMBARDO, Governor of Nevada, in his official capacity; AARON FORD, Attorney General of Nevada, in his official capacity; NYE COUNTY; ELKO COUNTY; STOREY COUNTY; WESTERN BEST, INC., D/B/A CHICKEN RANCH; WESTERN BEST, LLC; DESERT ROSE CLUB, LLC; HACIENDA ROOMING HOUSE, INC. D/B/A BELLA'S HACIENDA RANCH; MUSTANG RANCH PRODUCTIONS, LLC D/B/A MUSTANG RANCH LOUNGE, LLC; LEONARD 'LANCE' GILMAN, in his official capacity; and LEONARD 'LANCE' GILMAN, in his individual capacity, | |
| Defendants. | |

Plaintiff Jane Doe, through her counsel, hereby submits her response in opposition to County Defendants' motion for certification and entry of final judgment. Plaintiff requests that this Court DENY Defendants' motion for the reasons below.

## INTRODUCTION

Plaintiff Jane Doe is bringing Thirteenth Amendment claims for creating and maintaining a system of slavery against all the defendants in this case, and Trafficking Victims Protecting Act claims for perpetrating and benefiting from sex trafficking against only the County and Brothel Defendants. *See* ECF No. 1. The State Defendants include Governor Joe Lombardo and Attorney General Aaron Ford, and the County Defendants include Nye County, Elko County, and Storey County.

On August 16, 2024, this Court dismissed the State and County Defendants and issued a show-cause order directing Plaintiff to address her standing to sue the Brothel Defendants for damages, *Doe v. Lombardo*, No. 3:24-CV-00065-MMD-CSD, 2024 WL 3886299, at *1, 4, 10-12, (D. Nev. Aug. 16, 2024), whom she alleges sex trafficked her through a system of debt bondage and other coercion.

Plaintiff responded to the show-cause order on August 30, 2024. ECF No. 115. The Brothel Defendants' responses to the show-cause order were due on September 14, 2024. The County Defendants filed their motion for certification and entry of final judgment on September 9, 2024. ECF No. 120. The State Defendants joined this motion on September 16, 2024. ECF No. 130.

For the reasons that follow, Plaintiff requests the Court deny the motion for certification of final judgment as premature.

**ARGUMENT**

Plaintiff argues that the motion for certification of final judgment should be denied, because there currently is "just reason for delay" in avoiding redundant appellate practice, and because Defendant Lance Gilman cannot be dismissed by implication.

**I. Judicial economy, including avoiding duplicative appeals, is "just reason for delay" of final judgment entry.**

Under the Federal Rules, where a lawsuit has multiple claims or parties, a court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

Thus, where at least part of a case is continuing, entering final judgment as to some parties or claims can only be made after that express determination. Judicial economy is a "just reason for delay." In *Wood v. GCC Bend, LLC*, 422 F.3d 873 (9th Cir. 2005), the Ninth Circuit found a defendant's Rule 54(b) request was improperly granted, and reversed the certification because, "the facts on all claims and issues entirely overlap, and successive appeals are essentially inevitable." *Id.* at 883. The court explained that the plaintiff's "legal right to relief stems largely from the same set of facts and would give rise to successive appeals that would turn largely on identical, and interrelated, facts. This impacts the sound administration of justice." *Id.* at 880.

The Ninth Circuit strongly favored preserving judicial economy by reversing the district court's certification, reasoning that "duplication of proceedings and overall delay in final disposition of the action implicate sound judicial administration." Fed. R. Civ. P. 1 "mandates construing the rest of the rules 'to secure the just, speedy, and inexpensive determination of every action.'" *Wood,* at 882-883 (quoting Fed. R. Civ. P. 1).

Here, judicial economy favors delaying final judgment entry until after this court rules on the claims against the Brothel Defendants. The court did not rule on Plaintiff's claims against the brothels in the motion to dismiss order. However, that the court issued a show-cause order addressing the brothels, and the order's accompanying timeline suggests that a decision on the brothels is likely imminent. *See Doe v. Lombardo*, No. 3:24-CV-00065-MMD-CSD, 2024 WL 3886299, at *12 (D. Nev. Aug. 16, 2024) (making deadline for Plaintiff's response two weeks from the Order date, Brothel Defendants' deadline two weeks after that, and not permitting a reply).

The County Defendants filed the instant motion before the show-cause briefing was even completed. *Compare* ECF No. 120 (motion for certification and entry of final judgment dated September 9, 2024) *with Doe v. Lombardo*, No. 3:24-CV-00065-MMD-CSD, 2024 WL 3886299, at *12 (D. Nev. Aug. 16, 2024) (setting deadline for Brothel Defendants' show cause response as September 14, 2024). If the court were to dismiss the Brothel Defendants, final judgment would be appropriate for all defendants at that point. If the court granted final judgment now and then dismissed the Brothel Defendants, and Plaintiff appealed both rulings, that would create essentially similar appeals on two parallel tracks and timelines, which would be inefficient and unnecessary, and therefore inconsistent with judicial economy.

The Counties' rush to final resolution is not only premature, but some of their reasons betray an odd view[1] of the appeals process:

> The political implications of Jane Doe's attack on a uniquely Nevada system of laws involving lofty economic, as well as moral considerations, cannot be denied. Should eventual appeal be inevitable, then the citizens of this State deserve to understand, sooner rather than later, that their enacted system of legalized prostitution is both safe and sanitary, and just as critically that it passes constitutional muster.

---

[1] Curiously, given that this case concerns human rights abuses within the legalized brothel system, the Counties seem especially concerned to assure their citizens that Nevada prostitution is "sanitary." *See* ECF No. 120 at 10.

ECF No. 120 at 10.

There were no findings of fact in the court's Order, so an appeal cannot establish any of these things. This case is at the motion to dismiss stage, so the Plaintiff's alleged facts must be assumed to be true, *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016), and the court's decision was on standing – whether Plaintiff can sue the Defendants in the first place, and has nothing to do with the merits of her claims.

Given this case's procedural posture, and the likelihood of redundant appeals should the Brothel Defendants be dismissed, final judgment as to the State and County Defendants should not be entered at this time.

**II. Defendant Lance Gilman, sued as both a government official and a brothel owner, cannot be dismissed by implication.**

The County and State Defendants attempt to argue that Defendant Lance Gilman, who was sued in both his individual and official capacities, was dismissed because Storey County was dismissed and should be included in a final judgment certification, even though the Court's order does not dismiss him. *Compare* ECF No. 120 at 11-12 *with Doe v. Lombardo*, No. 3:24-CV-00065-MMD-CSD, 2024 WL 3886299, at *1 n.2, n.3 (D. Nev. Aug. 16, 2024).

First, the case Defendants rely on that explicitly says "official capacity suits necessarily fail, by implication, when a suit against the local government entity has been foreclosed upon" is an unpublished opinion in the Northern District of Alabama, so it is not mandatory authority. ECF No. 120 at 12 (citing *Bogus v. City of Birmingham, Alabama,* 2018 WL 1746527, at *11 (N.D. Ala., Apr. 11, 2018)). None of the District of Nevada cases they cite to use the phrase "dismissal by implication," nor do they cite a similar rule or principle.

In *Luke v. Abbott*, a California district court held that "the proper defendant…is the local government entity, and not the local government officer sued in official capacity on behalf of the

local government entity," noting that it was "proper *upon request* for the Court to dismiss the official-capacity officer[.]". *Luke v. Abbott*, 954 F. Supp. 202, 204 (C.D. Cal. 1997) (emphasis added). County Defendants made no such request here. In fact, County Defendants never even suggested that naming Gilman in his official capacity was redundant until now, and they still haven't asked the court to make such a substitution.

Moreover, Gilman's position is unique compared to these cases, in that the allegations in this case do not name him as a placeholder for Storey County; this lawsuit alleges that in both his official capacity as a Storey County commissioner, and his individual capacity as a pimp/brothel owner he directly trafficked Plaintiff Jane Doe and used his public office to facilitate his crimes. *See* ECF No. 1.

Additionally, in *Wright v. Penzone*, which County Defendants also cite, when a police officer in his official capacity was sued, there was no discussion over whether he was the proper defendant, or if there was an "entity" that should have been named or substituted for him. 2022 WL 819802, at *1 (9th Cir. 2022) (internal citations omitted). Nothing in *Penzone* suggested that suing the officer instead of the entity was improper, and it is also distinguishable because the entity itself was not sued.

The court specifically included Gilman in the Brothel Defendants category in the motion to dismiss order. *Doe v. Lombardo*, No. 3:24-CV-00065-MMD-CSD, 2024 WL 3886299, at *1 n.2 (D. Nev. Aug. 16, 2024) ("County Defendants are Nye, Elko, and Storey counties."); n.3 ("Brothel Defendants are Western Best, Inc. d/b/a Chicken Ranch ('Chicken Ranch'); Desert Rose Club, LLC ('Desert Rose Club'); Hacienda Rooming House, Inc. d/b/a Bella's Hacienda Ranch ('Bella's Hacienda Ranch'); Mustang Ranch Productions, LLC d/b/a Mustang Ranch Lounge, LLC ('Mustang Ranch'), and Lance Gilman, owner of Mustang Ranch and Storey

County Commissioner, in his individual and official capacities (collectively, 'Mustang Ranch Defendants').").

The court did not say Gilman was dismissed because Storey County was dismissed, and did not mention Gilman anywhere in its Order Dismissing State and County Defendants or Order to Show Cause except to classify him as a Brothel Defendant. *Doe v. Lombardo*, No. 3:24-CV-00065-MMD-CSD, 2024 WL 3886299, at *1 n.2, n.3Additionally, the Counties had multiple opportunities to seek dismissal of Defendant Gilman in his official capacity as a Storey County Commissioner on the above basis, but they did not. Dismissal by implication is not warranted here.

As Lance Gilman, in his official capacity as a Storey County Commissioner has not been dismissed, final judgment cannot be entered in his favor.

## CONCLUSION

For the foregoing reasons, Plaintiff Jane Doe urges the court to deny the County Defendants' motion for certification and entry of final judgment as premature.

*/s/ Christen M. Price*
Christen M. Price*
Benjamin W. Bull*
Peter A. Gentala*
Dani Bianculli Pinter*
Victoria Hirsch*
NATIONAL CENTER ON
SEXUAL EXPLOITATION
**Admitted Pro Hac Vice*

Jason D. Guinasso (SBN# 8478)
GUINASSO LAW
*Attorneys for Plaintiff*

**ELECTRONIC CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I hereby certify that on this 23rd day of September 2024, a true and correct copy of the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANTS' NYE COUNTY, ELKO COUNTY, AND STOREY COUNTY'S MOTION FOR CERTIFICATION AND ENTRY OF FINAL JUDGMENT (ECF No. 120)** was electronically filed with the United States District Court. Electronic service of the foregoing document shall be made in accordance with the Master Service List.

*/s/ Jennifer Johnson*