Jason D. Guinasso (SBN# 8478)
5371 Kietzke Lane
Reno, NV 89511
775.853.8746
*Jason@guinassolaw.com*

Benjamin W. Bull*
Peter A. Gentala*
Dani Bianculli Pinter*
Christen M. Price*
Victoria Hirsch*
NATIONAL CENTER ON SEXUAL
EXPLOITATION
1201 F Street, NW, Suite 200
Washington, DC 20004
202.393.7245
lawcenter@ncose.com
*Admitted Pro Hac Vice*
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

JANE DOE,

       Plaintiff,

vs.

JOSEPH LOMBARDO, Governor of Nevada,
in his official capacity; AARON FORD,
Attorney General of Nevada, in his official
capacity; NYE COUNTY; ELKO COUNTY;
STOREY COUNTY; WESTERN BEST, INC.,
D/B/A CHICKEN RANCH; WESTERN
BEST, LLC; DESERT ROSE CLUB, LLC;
HACIENDA ROOMING HOUSE, INC.
D/B/A BELLA'S HACIENDA RANCH;
MUSTANG RANCH PRODUCTIONS, LLC
D/B/A MUSTANG RANCH LOUNGE, LLC;
LEONARD 'LANCE' GILMAN, in his
official capacity; and LEONARD 'LANCE'
GILMAN, in his individual capacity,

       Defendants.

Case No.: 3:24-cv-00065-MMD-CSD

**PLAINTIFF'S OPPOSITION TO
PROPOSED INTERVENOR'S
REQUEST FOR JUDICIAL NOTICE
(ECF No. 121)**

Comes now, Plaintiff, by and through the undersigned counsel, and respectfully moves this Honorable Court to grant Plaintiff's Opposition to Proposed Defendant-Intervenor's Request for Judicial Notice. ECF No. 121. Plaintiff asks that this Court DENY Proposed Intervenor's request for the reasons that follow.

## INTRODUCTION

Proposed Defendant-Intervenor Russell Greer, who is not a party to this case, has improperly filed a Request for Judicial Notice with this Court. ECF No. 121. In his request, Mr. Greer asks this Court to adopt his interpretation of the relevance of *Taylor v. Salvation Army Nat'l Corp.*, 110 F.4th 1017 (7th Cir. 2024). Mr. Greer also lists a bizarre combination of argumentative ramblings untethered to any legal standard, building to his final crescendo: "Plaintiff HAS NO CASE." ECF No. 121 at 4. Additionally, he demands that Jane Doe reveal her identity, because he "asked around to sex workers" and no one knew who this woman was who "was bouncing around brothels [in 2020]." ECF No. 121 at 4.

The Court should grant Plaintiff's opposition to Proposed Defendant-Intervenor's Request for Judicial Notice because Mr. Greer is not a party to this case, and he improperly asks this Court to take judicial notice of his opinion on how *Taylor* should be interpreted, assertions that are subject to reasonable dispute.

## ARGUMENT

Plaintiff argues that I) Mr. Greer's request for judicial notice is improper because his motion to intervene is still pending and he is not a party to this case; and II) Mr. Greer's request for judicial notice is improper because in requesting the Court adopt his view of *Taylor*, he asks this Court to take judicial notice of assertions that are subject to reasonable dispute.

**I.    Mr. Greer's request for judicial notice is improper because his motion to intervene is still pending and he is not a party to this case.**

"A prospective intervenor does not become party to a suit unless and until he is allowed to intervene." *Robert Ito Farm*, 842 F.3d 681, 687 (9th Cir. 2016). To become parties, would-be intervenors must meet certain constitutional standards. *Wilderness Soc'y v. U.S. Forest Serv.*, 630

F.3d 1173, 1177 (9th Cir. 2011). And until they are permitted to intervene, potential intervenors may not file documents as though they are parties. *See McCarthy Western Constructors, Inc v. Phoenix Resort Corp.*, 951 F.2d 1137, 1142 (9th Cir. 1991) (a petition for removal and motion to intervene may not be filed simultaneously in a federal district court by a non-party), *superseded by statute on other grounds as stated in Crawford County Homeowners Ass'n v. Delta Sav. and Loan* 77 F.3d 1163, 1166 (9th Cir. 1996).

Mr. Greer's request for judicial notice is improper because his motion to intervene is still pending, *Doe v. Lombardo*, No. 3:24-CV-00065-MMD-CSD, 2024 WL 3886299, at *1 (D. Nev. Aug. 16, 2024) (deferring ruling on the motion to intervene)**,** and he is thus not a party to this case. He also appears to be weighing in on whether Plaintiff Jane Doe has standing against the brothels and references Plaintiff's response to the Court's show-cause order, ECF No. 121 at 3, but he was not included in the Court's show-cause order, which is directed only to Plaintiff and Brothel Defendants, *Doe v. Lombardo*, No. 3:24-CV-00065-MMD-CSD, 2024 WL 3886299, at *12 (D. Nev. Aug. 16, 2024). Accordingly, Mr. Greer's nonparty filing is improper and should be rejected.

**II.      Mr. Greer's request for judicial notice is improper because in requesting the Court adopt his view of *Taylor*, he asks this Court to take judicial notice of assertions that are subject to reasonable dispute.**

Not only is Mr. Greer not a proper party to file this request, judicial notice is not the proper vehicle for his case analysis. Pursuant to Fed. R. Evid. 201(b)(2), a court may take judicial notice of "a fact that is not subject to reasonable dispute," that is, if it is "generally known," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (quoting Fed. R. Civ. P. 201). Thus, while the Court "must take judicial notice if a party requests it and the court is supplied with the necessary information," Fed. R. Evid. 201(c)(2), it may not take judicial notice of a fact that is "subject to reasonable dispute." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

Courts may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have direct relation to matters at issue." *Tiedemann v. von*

*Blanckensee*, 72 F.4th 1001, 1007 (9th Cir. 2023) (cleaned up).  However, case analysis is not a proper subject for judicial notice; that belongs in parties' briefs.  *See Wells v. Global Tech Industries*, 658 F.Supp.3d 912, 920 n.3 (D. Nev. 2023) (cleaned up) (denying Plaintiff's request for judicial notice on grounds that, "[j]udicial notice is not necessary or warranted as to decisions by other courts").  Similarly, taking "judicial notice of findings of fact from another case exceeds the limits of judicial notice." *Ferris v. Wynn Resorts Limited*, 462 F.Supp.3d 1101, 1118 (D. Nev. 2020) (cleaned up).

Additionally, just because a "document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id.*  A court may judicially notice the existence of another court's opinion but may not "accept as true the facts found or alleged in such documents." *GemCap Lending, LLC v. Quarles & Brady, LLP*, 269 F. Supp. 3d 1007, 1019 (C.D. Cal. Sept. 13, 2017).  Further, "[a] court may not take judicial notice of one party's opinion of how a matter of public record should be interpreted." *U.S. v. Southern California Edison Co.*, 300 F. Supp. 2d 964, 974 (E.D. Cal. Jan. 9, 2004).

Mr. Greer does not identify any fact "not subject to reasonable dispute" in his request, and his filing is basically a summary of why he thinks a noncontrolling circuit decision should determine this case, as well as his objections to Plaintiff having standing against the Brothel Defendants.  ECF 121 at 2-5.  While this Court may take judicial notice that the *Taylor* opinion exists, Mr. Greer is clearly asking the Court to take judicial notice that his interpretation of the *Taylor* opinion should control the outcome of this case.  This is wholly outside the scope of judicial notice, as this district indicated in *Wells* and *Ferris*.

Thus, Mr. Greer's filing essentially functions as a notice of supplemental authority and should still be rejected for at least four reasons.  First, *Taylor* is not authoritative, as it comes from the Seventh Circuit.  *Taylor v. Salvation Army Nat'l Corp.*, 110 F.4th 1017 (7th Cir. 2024).

Second, the *Taylor* case is significantly distinguishable from this one:  a substance abuse rehabilitation program is not the same as a brothel.  *Taylor* involved allegations of labor trafficking stemming from 40-hour workweek requirements within a Salvation Army rehabilitation program.

*Taylor v. Salvation Army Nat'l Corp.*, 110 F.4th 1017, 1021–22 (7th Cir. 2024). Notably, while the court determined that the plaintiffs failed to state a trafficking claim because they didn't sufficiently allege coercion, the court did find traceability for purposes of Article III standing. *Taylor v. Salvation Army Nat'l Corp.*, 110 F.4th at 1025, 1030-32.

Participants argued if they left the program they would lose the shelter, food, and clothing that the free program included, and that these were coercive conditions inducing their labor. 110 F.4th at 1021–22. But the plaintiffs were all either voluntary participants who could leave at any time, or parolees/probationer who already had limited freedoms and were in the program due to their criminal sentences. *Id.* at 1021–22. While there were restrictions on outside contact for the first 6 weeks of the program, and on outside employment, this is typical for rehab programs. *Id.* at 1031 (internal citations omitted).

By contrast, Jane Doe brings claims of sex trafficking, not labor trafficking, was forced to pay for her shelter, food, and clothing after giving the Brothel Defendants at least half of her earnings and was required to "work" far more than 40 hours per week. She was not "free to leave at 'any time.'" ECF No. 121 at 3. Greer's claim is precisely the opposite of what Plaintiff alleges. She *was* physically prevented from leaving the brothels – and in Elko County local law would have required her to be forcibly detained at the brothel if she had a positive STI test, and at times she did not have access to her own legal documents, such as her brothel license, contracts, and mail. Jane Doe was also subjected to severe fines, debt, and threats of legal repercussions. ECF No. 1 at ¶¶ 202-312. All of this was to coerce her into prostitution, not completing odd jobs, and is textbook sex trafficking.

Ultimately, the purpose behind the rehab program restrictions and the brothels' practices are fundamentally different: in the former, the restrictions were limited and served another purpose (preventing alcohol/addiction relapse, and providing a protected environment for recovery), while in this case, the brothels' actions served no purpose but control in the context of commercial sexual exploitation. That is, in the Salvation Army program, the conditions were at least ostensibly there to benefit the persons who needed services or were completing a criminal sentence. By contrast,

the Brothel Defendants are running commercial sex enterprises designed to benefit *themselves*. Because of these differences, the *Taylor* case is neither controlling, or persuasive on the facts of our case.

Third, Mr. Greer seems to misunderstand what is required at this stage in the litigation: at the motion to dismiss stage, Plaintiff is not obligated to prove anything. Mr. Greer makes repeated references to whether Jane Doe has supplied enough evidence to support her claims. ECF No. 121 at 3-4. Tellingly, Mr. Greer not only finds an analogy between a charity and brothels, he compares coerced prostitution to rideshare driving and missionary work. ECF No. 121 at 3-4.

Finally, and chillingly, Plaintiff draws attention to the fact that Mr. Greer has made an apparent attempt to obtain her identity, ECF No. 121 at 4, which is exactly what she argued would happen in her motion or a protective order. ECF No. 173 at 3, 6 (discussing the risks of being publicly named included sex buyers trying to find and harass her). This further underscores the necessity of Plaintiff proceeding under a pseudonym and protective order, and previews the hazards of permitting Mr. Greer to intervene in this case (beyond, of course, the judicial economy concerns about inappropriate or unnecessary filings).

Given that this is an unauthorized supplemental brief, produced by someone with no status to file it, to discuss a distinguishable case, it is thus not a proper subject for judicial notice.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# CONCLUSION

For the foregoing reasons, Plaintiff Jane Doe urges the Court to reject Mr. Greer's request for judicial notice.

Dated this 24th day of September, 2024.

/s/  Jason D. Guinasso
Jason D. Guinasso (SBN# 8478)

Benjamin W. Bull*
Peter A. Gentala*
Dani Bianculli Pinter*
Christen M. Price*
Victoria Hirsch*
NATIONAL CENTER ON
SEXUAL EXPLOITATION

*Admitted pro hac vice
*Attorneys for Plaintiff*

## ELECTRONIC CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I hereby certify that on this 24th day of September, 2024, a true and correct copy of the foregoing **PLAINTIFF'S OPPOSITION TO PROPOSED INTERVENOR'S REQUEST FOR JUDICIAL NOTICE (ECF NO. 121)** was electronically filed with the United States District Court.  Electronic service of the foregoing document shall be made in accordance with the Master Service List.

*/s/ B. Francis*