1  \*
BRENT L. RYMAN, ESQ. (#008648)
2  PAUL M. BERTONE, ESQ. (#004533)
ERICKSON, THORPE & SWAINSTON, LTD.
3  1885 South Arlington Ave., Suite 205
Reno, Nevada 89509
4  Telephone: (775) 786-3930
*Attorneys for Defendants*
5  *Nye, Elko and Storey Counties*

6

7

8

9

10                 IN THE UNITED STATES DISTRICT COURT

11                     FOR THE DISTRICT OF NEVADA

12

13

14  JANE DOE;
                                            Case No.: 3:24-cv-00065-MMD-CSD
15          Plaintiffs,
                                            **REPLY IN SUPPORT OF MOTION**
16  vs.                                     **FOR CERTIFICATION AND**
                                            **ENTRY OF FINAL JUDGMENT**
17  JOSEPH LOMBARDO, Governor of Nevada,    **PURSUANT TO FRCP RULE 54(b)**
    in his official capacity; AARON FORD,   **(ECF No. 120)**
18  Attorney General of Nevada, in his official
    capacity; NYE COUNTY; ELKO COUNTY;
19  STOREY COUNTY; WESTERN BEST, INC.
    D/B/A/ CHICKEN RANCH; WESTERN
20  BEST, LLC; DESERT ROSE CLUB, LLC;
    HACIENDA ROOMING HOUSE, INC.
21  D/B/A BELLA'S HACIENDA RANCH;
    MUSTANG RANCH PRODUCTIONS, LLC
22  d/b/a MUSTANG RANCH LOUNGE, LLC;
    LEONARD "LANCE' GILMAN, in his
23  official capacity; and LEONARD 'LANCE'
    GILMAN, in his individual capacity,
24
            Defendants.
25  _____/

26  ///

27  ///

28  ///


ERICKSON, THORPE &
SWAINSTON, LTD.

1

1    COME NOW, Defendants, NYE COUNTY, ELKO COUNTY and

2    STOREY COUNTY (hereinafter, "the County Defendants," which includes the official

3    capacity suit against Defendant Storey County Commissioner Lance Gilman), by and through

4    their Attorneys of Record, ERICKSON, THORPE & SWAINSTON, LTD., BRENT L.

5    RYMAN, ESQ., and PAUL M. BERTONE, ESQ., and hereby file this Reply in Support of

6    Motion for Certification and Entry of Final Judgment Pursuant to FRCP Rule 54(b).

7    The County Defendants' Reply, like their Motion (ECF No. 120) is made and based

8    upon all of the pleadings and papers on file herein, as well as the following Memorandum

9    of Points & Authorities, and the arguments of counsel to be offered at the hearing of this

10    matter, if any.

11    **MEMORANDUM OF POINTS & AUTHORITIES**

12    **I.    BRIEF SUMMARY OF ACTION AND INSTANT MOTION**

13    Plaintiff is the latest former prostitute in a series of baseless lawsuits brought by her

14    attorneys against Nevada's state and local governments attacking Nevada's system of

15    legalized prostitution.  As was the result in the prior meritless suits, the public entity

16    Defendants sought dismissal and won.  After the issuance of the District Court's

17    Order (ECF No. 112) dismissing the Nevada State and County Defendants for lack of subject

18    matter jurisdiction, the County Defendants moved for a certification of final judgment

19    pursuant to FRCP 54(b), because Plaintiff's claims against the Brothel Defendants remain

20    unresolved.  (*See*, ECF No. 120).  The State Defendants joined (ECF No. 130) the County

21    Defendants motion, at least in pertinent part to those arguments which also pertained to them,

22    and Plaintiff has now filed an Opposition Brief (ECF No. 131).

23    By way of their initial Motion (ECF No. 120), the County Defendants illustrated why

24    Rule 54(b) certification was appropriate as to all governmental defendants.  To that end, the

25    County Defendants provided analysis under the various elements developed by the Ninth

26    Circuit to illustrate both that there is a final judgment, and that there is no just reason to delay

27    the entry of that final judgment, despite the fact that multiple other parties and claims remain.

28    They also attempted to illustrate plainly that the dismissal of Storey County necessarily, and

ERICKSON, THORPE &
SWAINSTON, LTD.

2

by operation of law, constituted the dismissal of the "official capacity" claims against Storey County Commissioner Lance Gilman.

In Response (ECF No. 131), Plaintiff argues that judicial economy, and specifically the avoidance of duplicative appeals in the event the District Court soon orders dismissal of Plaintiff's remaining claims, constitutes just reason for the delay of the final entry of judgment. Plaintiff also takes the opportunity to lobby that the Court find some difference between her claims against Storey County and those claims against Defendant Storey County Commissioner Lance Gilman in his official capacity, so as to remove those official capacity claims from any Rule 54(b) certification.

By way of this Reply briefing, these County Defendants will show that the District Court enjoys ample discretion to grant the requested Rule 54(b) final judgment certification forthwith. Defendants will also explain, again, that claims against any agent of Storey County, acting in their official capacity, are nothing more than claims against Storey County, and that Storey County has already been dismissed from this suit. As such, any official capacity claims against Lance Gilman have been dismissed, and should necessarily be included in the requested Rule 54(b) certification.

## II.    LEGAL ARGUMENT

### A.    Each of the relevant factors weighs in favor of finding the dismissed claims against the governmental defendants are ripe and ready for appeal, and Rule 54(b) certification is appropriate.

Plaintiff's argument relies heavily on notions of judicial economy and avoiding duplicative appeals, as being just reasons to delay proceedings; however, Plaintiff's argument is predicated on the idea that the entirety of her remaining claims will soon be dismissed. (*See*, Pl's Opp. Brief (ECF No. 131), pp. 3-4, ll. 5-8; p. 4, ll. 9-17). Plaintiff also gainsays and denies the critical political and public policy implications of a quick final judgment as a means of affording an opportunity for an exigent appeal, which in turn would assure the citizens of Nevada that their system of legalized prostitution is not a source of suffering of an alleged modern-day slave. (*See*, Pl's Opp. Brief, pp. 4-5, ll. 18-9). Plaintiff is wrong on both accounts.

ERICKSON, THORPE & SWAINSTON, LTD.

3

1    First and foremost, if Plaintiff, or rather her counsel and the organization behind this

2 attack on legalized prostitution, had any true concern for preserving judicial economy and

3 avoiding duplicative appeals, then a wonderful place to start would have been to refrain from

4 bringing the same action, alleging the same claims, and sounding in the same theories, and

5 somehow anticipating a different end result. It is that unsound tactic, in and of itself, which

6 is the larger source of "duplicative appeals" here. But turning back to the matter immediately

7 at hand, the County Defendants have already lodged their reasoning of why certifying final

8 judgment immediately makes the most sense, and attempted to frame that reasoning to the

9 patchwork of elements developed in this Circuit to guide the District Court. There is no

10 point in doing it all again here. Suffice to say that there is enough of real, palpable difference

11 between the alleged roles played by the governmental defendants, versus those roles

12 allegedly played the Brothel Defendants, to render any risk of "duplicative appeals" on

13 parallel tracks and time lines (but otherwise out of sync), nil. (*See*, Pl's Opp. (ECF No. 131),

14 p. 4, ll. 1-17). The Governmental defendants are applying a system of laws, while the

15 Brothel Defendants are attempting to conduct business and commerce in compliance with

16 that system of laws. It is that difference between two sets of readily distinguishable

17 defendants which assures that any legal attacks against the respective groups of defendants

18 will on "overlap."

19    But unquestionably the most pressing quality of this dispute calling for its immediate

20 final judgment status, at least as pertaining to its Government Defendants, are its political

21 and public policy implications. "Judgments under Rule 54(b) must be reserved for the

22 unusual case in which the costs and risks of multiplying the number of proceedings and of

23 overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an

24 early and separate judgment as to some claims or parties." *Frank Briscoe Co. v.*

25 *Morrison-Knudsen Co.*, 776 F.2d 1414, 1416 (9th Cir. 1985). Plaintiff's claims against these

26 Government Defendants are framed as an attack on a form of state sanctioned slavery and

27 sex trafficking under color of law. In the face of such dire stakes, it is difficult to understand

28 how Plaintiff can now possibly contend that any delay is justified. Add to those stakes the

ERICKSON, THORPE &
SWAINSTON, LTD.

Nevada public's need to understand that its system of legalized prostitution (unique in the nation) withstands the scrutiny of law and of the courts, and those two combined interests added up to some fairly lofty "pressing needs . . . for an early and separate judgment . . . ." *Id*. Important public policy questions are exactly the type of decisions entitled to Rule 54(b) final judgment status. *Hudson River Sloop Clearwater, Inc. v. Dep't of Navy,* 891 F.2d 414, 419 (2d Cir. 1989) (public import of the issue on appeal as well as sound judicial administration warranted Rule 54(b) certification, because the certified claims were easily separated from those remaining); *Wilner v. Nat'l Sec. Agency*, 2008 WL 2949325, at *1 (S.D.N.Y. July 31, 2008) (timely issues of great importance to the public which would benefit from expeditious resolution by the Court of Appeals granted Rule 54(b) certification); *Avondale Indus., Inc. v. Travelers Indem. Co.*, 123 F.R.D. 80, 83 (S.D.N.Y. 1988), aff'd, 887 F.2d 1200 (2d Cir. 1989) (Rule 54(b) certification appropriate "*in view of the immensely important public policy questions relating to environmental hazard and safety in Louisiana and elsewhere that are fundamentally affected by liability, defense and indemnification findings in actions like this.*") (emphasis in original). The political dimensions of this suit cannot now be denied and they demand quick and final review, should Plaintiff choose to seek it.

After reviewing all the various tests and suggestions as to what factors should be deemed as primary concerns developed by the differing Circuits, it does appear as if Rule 54(b) has generated its fair share of wholesale confusion. *See, e.g.*, Pollis, Andrew S., *Civil Rule 54(b): Seventy-Five and Ready for Retirement*, 65 Fla. L. Rev. 711(2013) (chronicling the history of the Rule and the confusion which it has generated). Boiled down to its essence however, Rule 54(b) certification still comes down to nothing more or less than the sound discretion of the trial court. *Adonican v. City of Los Angeles*, 297 F.3d 1106, 1108 (9th Cir. 2002) (noting that entry of Rule 54(b) final judgment remains within the sound discretion of the trial court); *see also, Loc. P-171, Amalgamated Meat Cutters & Butcher Workmen of N. Am. v. Thompson Farms Co.*, 642 F.2d 1065, 1070 (7th Cir. 1981) (appellate court relies on the sound discretion of district judges to make the Rule 54(b) determination

1  on a case-by-case basis, balancing the value of accelerated repose to the litigants against the

2  potential inconvenience to the appeals court posed by overlap).  The County Defendants ask

3  that such discretion be exercised in their favor.

4      And if a ruling on the still pending constitutional standing issue pertaining to the

5  Brothel Defendants could be accomplished at the same time as the decision on this motion,

6  whether to bolster this latter decision's reasoning or simply to allay Plaintiff's concerns over

7  premature appeals, the County Defendants would certainly have no objection to that course.

8  (*See*, Pl's Opp. (ECF No. 131), p. 4, ll. 9-17); (*see*, Pl's Resp. Brief (ECF No. 115)).  The

9  County Defendants do however wish to voice their skepticism over Plaintiff's assertion that

10 dismissal of the Brothel Defendants will then make entry of final judgment appropriate at

11 such time.  (*See*, Pl's Opp. (ECF No. 131), p. 4, ll. 13-15).  Defendant Hacienda Room (a

12 Brothel Defendant) still remains defaulted at the time of this writing.  (*See*, Clerk's Default

13 (ECF No. 122)).  Contrary to their representation, that is an advantage which these County

14 Defendants cannot envision Plaintiff simply abandoning with the putative dismissal of the

15 Brothel Defendants for lack of standing.  Moreover, an alleged commercial consumer of the

16 services being provided by the brothels, Proposed Defendant/Intervener Russell Greer, is still

17 seeking to intervene in this suit as a defendant.  (*See, e.g.*, Greer Mot., (ECF No. 109)).  Thus

18 even if the Brothel Defendants are eventually dismissed for lack of standing, there are still

19 potentially issues and claims that could take the District Court time to resolve.

20     This is just one more reason not to impede the entry of final judgment now.  Either

21 way, the County Defendants would respectfully request that in any Order directing judgment

22 under Rule 54(b), the District Court make specific findings setting forth the reasons for its

23 order, so as to combat any notion of "[t]he dangers of profligate Rule 54(b) determinations"

24 which have been known to trouble the Ninth Circuit Court from time to time.  *In re Lindsay*,

25 59 F.3d 942, 951 (9th Cir. 1995).  As such, the County Defendants request that the Court

26 grant Rule 54(b) final judgment certification to that portion of the Order (ECF No. 112) of

27 August 16, 2024, dismissing all claims against the Government Defendants based on a lack

28 of subject matter jurisdiction.

ERICKSON, THORPE &
SWAINSTON, LTD.

1            **B.**    **The Official Capacity Claims against Storey County Commissioner Lance**
2                    **Gilman have been dismissed, and should be included within the parameters of the entry of Rule 54(b) certification.**

3          A claim against any governmental official in her "official capacity" is nothing more

4  or less than a municipal liability claim against the governmental agency employing that

5  official itself.  Consequently, where all claims against the governmental agency, here Storey

6  County, have been dismissed for lack of subject matter jurisdiction, the official capacity

7  claims have been dismissed as well.  *Martirosyan v. Hakopyan*, 2022 WL 3127842, at *3

8  (C.D. Cal., Mar. 1, 2022) ("Accordingly, when employees of an entity are sued in their

9  official capacity, and the entity is also named, courts typically dismiss the official capacity

10 suits as duplicative.").  While this concept seems beyond dispute, Plaintiff's brief nonetheless

11 refuses to accept this established law, so these County Defendants will endeavor to address

12 the same for the record.  (*See*, Pl's Opp. Brief (ECF No. 131), pp. 5-7, ll. 10-11).

13         "Official-capacity suits filed against government officials are merely an alternative

14 way of pleading an action against the entity of which the defendant is an officer." *Repass v.*

15 *Clark Cnty. Det. Ctr.*, 2014 WL 335040, at *3 (D. Nev., Jan. 29, 2014).  Indeed, when a local

16 government is named, an officer of that same local government named in their official

17 capacity may be dismissed as a "redundant defendant." *Id*.  As such, when a claim against

18 a governmental organization is dismissed for lack of subject matter jurisdiction, that same

19 deficit of subject matter jurisdiction affects the official capacity claim pending against those

20 government officials of that organization, resulting in their dismissal as well.  *See, e.g.,*

21 *Garcia v. California Dep't of Forestry & Fire Prot.*,  2009 WL 700517, at *8 (E.D. Cal.,

22 Mar. 12, 2009), report and recommendation adopted, 2009 WL 10691299 (E.D. Cal.,

23 Mar. 31, 2009), aff'd sub nom. *Garcia v. Cal. Dep't of Forestry And Fire Prot.*, 385 F.App'x

24 636 (9th Cir. 2010) (court concluding no subject matter jurisdiction against state agency as

25 well as state employees in official capacity); *Routledge v. Tennessee*, 2006 WL 8435718,

26 at *1 (W.D. Tenn., Oct. 20, 2006) (dismissal of government agency for lack of subject matter

27 jurisdiction and failure to state a claim also results in dismissal of individual defendants in

28 their "official capacities" for the same reasons).

ERICKSON, THORPE &
SWAINSTON, LTD.

1    There is thus no path forward, under any theory, for the official capacity claim against

2 Storey County Commissioner Lance Gilman, when Storey County has already been dismissed

3 from this suit for the Court's lack of subject matter jurisdiction. *See, Swedron v. Borough*,

4 2008 WL 5051399, at *5 (W.D. Pa., Nov. 21, 2008) (redundant official capacity claims have

5 been characterized as "unnecessary clutter," likely to do nothing more than confuse the jury).

6 Through the District Court's same force of reasoning, *a priori*, the official capacity claim has

7 been dismissed, because that claim is by operation of law the exact same claim as was made

8 and dismissed against Storey County itself. Plaintiff's opposition arguments certainly present

9 no compelling means of overturning an entire field of law establishing the equivalency

10 between the claims against the government entity, and the agents of that entity in their

11 official capacity, nor do they warrant delay in granting Rule 54(b) certification. "A claim

12 against a state or municipal officer in an official capacity is treated as a claim against the

13 entity itself." *Nersoyan v. Cnty. of Los Angeles*, 2022 WL 17818067, at *1, n.1 (9th Cir.,

14 Dec. 20, 2022) (*citing, Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the

15 government entity receives notice and an opportunity to respond, an official-capacity suit is,

16 in all respects other than name, to be treated as a suit against the entity.")).

17    Moreover, subject matter jurisdiction is not a defense which must be "properly

18 requested" by Defendant Gilman in his official capacity, on pain of otherwise being waived,

19 as apparently suggested by Plaintiff. (*See*, Pl's Opp. (ECF No. 131), pp. 5-6, ll. 24-5). No

20 action is required to preserve this defense, which can never be waived, and may be asserted

21 at any time. "[S]ubject matter jurisdiction can never be waived or forfeited." *Est. of

22 Graves v. Nye Cnty.*, 2023 WL 4747404, at *2 (D. Nev., July 24, 2023). "Objections to the

23 court's jurisdiction 'may be resurrected at any point in the litigation.'" *Id*. "In fact, courts

24 are obligated to consider sua sponte the propriety of subject-matter jurisdiction at all points

25 in the litigation." *Id*. "[F]ederal courts have 'an independent obligation to determine

26 whether subject-matter jurisdiction exists, even in the absence of a challenge from any

27 party[.]'" *Id*. And critically, FRCP Rule 12(h)(3) mandates that the Court dismiss an action

28 if at any time it determines a lack subject-matter jurisdiction over a claim. *Id*. For the same

ERICKSON, THORPE &
SWAINSTON, LTD.

1  reasons that there is no subject matter jurisdiction over Storey County, there is no subject

2  matter jurisdiction over Storey County Commissioner Gilman, in his official capacity.

3      For all these reasons, and in an effort to clarify the record and remove any doubt

4  concerning the status of the official capacity claims against Defendant Gilman, the County

5  Defendants respectfully request that the Court explicitly include those official capacity

6  claims against Commissioner Gilman within the parameters of any final judgment entered

7  pursuant to Rule 54(b).

8  **III.    CONCLUSION**

9      Based on the foregoing reasoning and record, the County Defendants request that the

10  District Court certify the dismissal of the Government Defendants in this matter, for lack of

11  subject matter jurisdiction, and as reflected in the Order (ECF No. 112) of August 16, 2024,

12  as a final judgment pursuant to FRCP Rule 54(b).  The County Defendants also respectfully

13  ask that the official capacity claim or claims levied against Storey County Commissioner

14  Lance Gilman be included with the terms of said final judgment.

15      DATED this 27th day of September, 2024.

16                          ERICKSON, THORPE & SWAINSTON, LTD.

17

18                          _/s/ Brent Ryman_
                            BRENT L. RYMAN, ESQ. (#008648)
19                          PAUL M. BERTONE, ESQ. (#004533)
                            ERICKSON, THORPE & SWAINSTON, LTD.
20                          1885 South Arlington Ave., Suite 205
                            Reno, Nevada 89509
21                          Telephone: (775) 786-3930
                            _Attorneys for Defendants Nye,_
22                          _Elko and Storey Counties_

23

24

25

26

27

28

ERICKSON, THORPE &
SWAINSTON, LTD.

9

## CERTIFICATE OF SERVICE

Pursuant to FRCP Rule 5, I certify that I am an employee of ERICKSON, THORPE & SWAINSTON, LTD. and that on this day I caused to be served a true and correct copy of the attached document by:

☐ U.S. Mail

☐ Facsimile Transmission

☐ Personal Service

☐ Messenger Service

X CMECF

addressed to the following:

*See* CMECF service list.

DATED this 27th day of September, 2024.

*/s/ Brent Ryman*
Brent Ryman