Jason D. Guinasso (SBN #8478)
GUINASSO LAW, LTD.
5371 Kietzke Lane
Reno, NV 89511
775.853.8746
*guinassolaw@gmail.com*

Benjamin W. Bull (*admitted pro hac vice*)
Peter A. Gentala (*admitted pro hac vice*)
Dani Bianculli Pinter (*admitted pro hac vice*)
Christen M. Price (*admitted pro hac vice*)
Victoria Hirsch (*admitted pro hac vice*)
NATIONAL CENTER ON SEXUAL EXPLOITATION
1201 F Street NW, Suite 200
Washington, DC 20004
202.393.7245
*lawcenter@ncose.com*

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JANE DOE,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JOSEPH LOMBARDO, Governor of Nevada, in his official capacity; AARON FORD, Attorney General of Nevada, in his official capacity; NYE COUNTY; ELKO COUNTY; STOREY COUNTY; WESTERN BEST, LLC; DESERT ROSE CLUB, LLC; HACIENDA ROOMING HOUSE, INC. D/B/A BELLA'S HACIENDA RANCH; MUSTANG RANCH PRODUCTIONS, LLC D/B/A MUSTANG RANCH LOUNGE, LLC; LEONARD 'LANCE' GILMAN, in his official capacity; and LEONARD 'LANCE' GILMAN, in his individual capacity,<br><br>　　　　Defendants. | Case No.: 3:24-cv-00065-MMD-CSD<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO PROPOSED DEFENDANT-INTERVENOR'S MOTION FOR HEARING/ORAL ARGUMENT [ECF No. 139] AND MOTION TO STRIKE PROPOSED DEFENDANT-INTERVENOR'S MOTION FOR HEARING/ORAL ARGUMENT [ECF No. 139]** |

COMES NOW, Plaintiff Jane Doe (hereinafter "Plaintiff"), by and through her undersigned counsel, hereby brings this Motion in Opposition to Proposed Defendant-Intervenor's Motion for Hearing/Oral Argument [ECF No. 139] and Motion to Strike. Plaintiff asks that this Court DENY Proposed-Intervenor's request for hearing, or in the alternative, GRANT Plaintiff's Motion to Strike, for the reasons that follow.

## **INTRODUCTION**

Mr. Greer's motion requesting a hearing should be denied. On October 9, 2024, Proposed Defendant-Intervenor Greer filed a motion requesting a hearing, ECF No. 139, but he has not been granted the right to intervene in this case and is not a party. Mr. Greer has demonstrated a pattern of harassment against Mr. Guinasso and celebrities alike,[1] improperly using litigation as his weapon. The instant motion is yet another frivolous attempt to harass and discredit Mr. Guinasso, and in classic Greer fashion, contains no coherent legal or factual arguments. For the following reasons, Plaintiff respectfully requests the Court to deny his motion, or in the alternative, grant Plaintiff's motion to strike the filing for being redundant, immaterial, impertinent, and scandalous.

## **ARGUMENT**

Once again, Proposed Defendant-Intervenor has filed a frivolous motion not rooted in any law or fact, and wholly untethered to the claims at issue in this litigation. Mr. Greer's motion requesting a hearing should be DENIED because he has not been granted the right to intervene in this case and is not a party, he fails to meet the standard required under Rule 11 for sanctions,

---

[1] *See* ECF No. 111 at 9 (explaining how Greer files frivolous cases against celebrities to get their attention).

and he does not point to any evidence that would be helpful to the Court in resolving the actual claims at issue. Plaintiff also requests this Court strike his motion under Fed. R. Civ. P. 12(f) for being redundant, immaterial, impertinent, and scandalous.

## I. Mr. Greer has not been granted the right to intervene in this case and is not a party, so the Court should deny his request for a hearing.

Mr. Greer has not been granted the right to intervene in this case, either as of right or by permissive intervention. *See* August 16 Order, ECF No. 112 at 3, n.9 ("[T]he Court defers ruling on …the motion to intervene (ECF No. 109)."). "[A] prospective intervenor does not become a party to the suit unless and until he is allowed to intervene." *Robert Ito Farm, Inc. v. County of Maui*, 842 F.3d 681, 687 (9th Cir. 2016). Mr. Greer is not a party to this suit because he has not been granted the right to intervene, so he does not have the right to act like a party and request a hearing. Thus, his motion to be heard by the court should be denied.

## II. Mr. Greer's motion fails to meet the standard for imposing sanctions under Federal Rule of Civil Procedure 11.

"The central purpose of Rule 11 is to deter baseless filings." *Newton v. Thomason*, 22 F.3d 1455, 1463 (9th Cir. 2022). "The rule justifies sanctions when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *NEXRF Corp. v. Playtika Ltd.*, 547 F.Supp.3d 977, 993 (D. Nev. July 7, 2021) (internal citations omitted).

First, Mr. Greer's motion for sanctions should be denied because it is procedurally improper. "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(1). Here, Mr. Greer improperly combines his request for a hearing and request for an order that he can

3

"show the state bar" with his motion for sanctions. He also does not describe with particularity the conduct that allegedly violates the rule. This is sufficient to deny his motion for sanctions.

Additionally, Mr. Greer fails to make a coherent argument based on the law or facts that Mr. Guinasso has violated Fed. R. Civ. P. 11. He does not explain how Mr. Guinasso's opinions or views on Nevada's legalized prostitution rise to the level of activity warranting sanctions, nor does he describe the "specific conduct" that allegedly violates the rule. Instead, he cites to the fact that two fires broke out in Nevada brothels (which are not implicated in this suit) in 2022, unrelated election interference suits, Mr. Guinasso's op-ed about his personal view of legalized prostitution, and the fact that Mr. Guinasso is also a pastor, to argue that he violated Rule 11. *See* ECF No. 139 at 2-4. But none of these allegations are even tangentially tied to a violation.

Mr. Greer also asserts that Mr. Guinasso acted in "bad faith" and "has clearly violated this rule," by signing the pleadings and filings in this case, ECF No. 139 at 4. But Mr. Greer does not offer any evidence of this alleged "bad faith," instead construing Mr. Guinasso's representation of victims of sex trafficking as an attempt to "advocat[e] for his greedy, frivolous self." ECF No. 139 at 4. This blatant misunderstanding and misapplication of Rule 11 is just another reason why Mr. Greer's motion should be denied. He will not aid the Court in any meaningful way in understanding the important and nuanced civil rights issues involved in this case, but will continue to wage a personal, inflammatory attack against Mr. Guinasso for holding beliefs that are different from his own.[2]

---

[2] Plaintiff incorporates by reference her argument in ECF No. 111 at II(A) (arguing that Mr. Greer does not have a legally protectable interest based on his desire to harass counsel).

4

Finally, Mr. Greer points to no authority that would warrant granting a motion for a hearing to seek an attorney's disbarment. This would be a waste of judicial economy and resources for both the Court and the Plaintiff.

### III. Mr. Greer's motion should be struck for being redundant, immaterial, impertinent, and scandalous, pursuant to Federal Rule of Civil Procedure 12(f).

In the alternative to denying Mr. Greer's motion, Plaintiff requests the court strike Mr. Greer's motion for being redundant, immaterial, impertinent, and scandalous. The court is permitted to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Redundant allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action." *Aurora Astro Products LLC v. Celestron Acquisition, LLC*, 691 F. Supp. 3d 1132, 1155 (N.D. Cal. Sept. 13, 2023) (cleaned up). "Matter that is immaterial is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). "Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question." 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706-07 (1990). Motions to strike are generally disfavored and should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. *Artisan Tile and Plumbing, Inc v. Assurance Company of America*, 2005 WL 8161172, *2 (D. Nev. Oct. 12, 2005).

First, Mr. Greer's motion is redundant because he re-asserts arguments already made in his initial motion requesting permission to intervene as a defendant. Namely, he seeks sanctions against Mr. Guinasso and full disbarment for his involvement in this and other similar cases.

*Compare* ECF No. 109 at 3 ("Guinasso needs to face suspension or disbarment") *with* ECF No. 139 at 2-5 ("Greer would still like some kind of Order to fi[l]e with a Bar Complaint because Greer has previously complaint of Guinasso's conduct and the State said they needed an order from the Court to consider sanctions or disbarment."). These allegations in his motion are foreign to the true issues the Plaintiff has raised, namely, being sex trafficked through Nevada's brothel system. Greer has even admitted his primary motive in filing this motion is not to narrow or clarify outstanding issues, but to try to "begin the process of disbarment of Mr. Guinasso," and he believes "[a] hearing can assist the Court better than motions can." ECF No. 139 at 2. This motion to strike should be granted because Mr. Greer's arguments are redundant.

In addition to redundancy, Mr. Greer's allegations are immaterial and scandalous. In his motion, he clearly blames Mr. Guinasso's "violent rhetoric" for causing two unrelated brothel burnings, claiming that this lawsuit and previous lawsuits dealing with similar allegations are influencing independent actors to start fires and incite violence. ECF No. 139 at 2-3. He also notes that a few Nevada media outlets reported on the lawsuit and individuals on Facebook reposted the reports. ECF No. 139 at 3; Exh. A. But Mr. Greer's attempt to correlate third party actions to Mr. Guinasso's legal representation of sex trafficking victims is unrelated to the claim and scandalous. These allegations are clearly meant to inflame Mr. Guinasso's reputation and have no place in this litigation, which warrants striking Mr. Greer's motion.

Finally, the court should strike his motion because it is impertinent. Greer plainly explains that his goal is to get a factual finding from this court in the hopes that it will unlock the ability to formally file a bar complaint against Mr. Guinasso. These statements do not pertain to any issues in question and are clearly the result of an irrelevant exterior motive by Mr. Greer. In

attempting to argue that Mr. Guinasso has committed "clear FRCP 11 violations," he fails to even cite the Rule 11 standard. ECF No. 139 at 4.

In sum, Plaintiff requests the Court GRANT this motion to strike, as it is clear that the matters contained in the instant motion have no possible bearing on the subject matter of the litigation.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests this Court deny Mr. Greer's Motion for Hearing/Oral Argument, or in the alternative, grant Plaintiff's motion to strike.

Respectfully submitted,

Dated: October 23, 2024

/s/ *Christen M. Price*
Christen M. Price
(*admitted pro hac vice*)
Benjamin W. Bull (*admitted pro hac vice*)
Peter A. Gentala (*admitted pro hac vice*)
Dani Bianculli Pinter (*admitted pro hac vice*)
Victoria Hirsch (*admitted pro hac vice*)
NATIONAL CENTER ON SEXUAL EXPLOITATION

Jason D. Guinasso (SBN #8478)
GUINASSO LAW, LTD.
*Attorneys for Plaintiff*

**ELECTRONIC CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I hereby certify that on this 23rd day of October, 2024, a true and correct copy of the foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO PROPOSED DEFENDANT-INTERVENOR'S MOTION FOR HEARING/ORAL ARGUMENT [ECF No. 139] AND MOTION TO STRIKE PROPOSED DEFENDANT-INTERVENOR'S MOTION FOR HEARING/ORAL ARGUMENT [ECF No. 139]** was electronically filed with the United States District Court. Electronic service of the foregoing document shall be made in accordance with the Master Service List.

*/s/ Jennifer Johnson*