Russell Greer
1100 Dumont Blvd
Apt 139
Las Vegas, NV 89169
801-895-3501
russmark@gmail.com
Pro Se Litigant

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| **JANE DOE,**<br><br>       Plaintiff<br><br>v.<br><br>**LOMBARDO ET AL**,<br><br>       Defendants | **PROPOSED INTERVENOR'S SECOND REQUEST FOR JUDICIAL NOTICE RE 2019 RENO GAZETTE JOURNAL ARTICLE**<br><br>Case No.:   3:24-cv-00065-MMD-CSD |

1

Proposed Intervenor Russell Greer comes now, and in accordance with NRS 47.150 and NRS 47.130(2)(b), proposed defendant-intervenor requests the Court take judicial notice of a 03-22-2019 Reno Gazette Journal Article entitled, "Brothel Workers' Personal Information Sought by Attorney for Investigation." **EXHIBIT A.** The exhibit contains a hard copy of the article. A link to the article is here: https://www.rgj.com/story/news/local/mason-valley/2019/03/22/brothel-workers-personal-information-sought-attorney-investigation/3219207002/ .

This article is relevant because it puts a large glaring hole in Plaintiff's Motion for Reconsideration because it shows the only person trying to unmask sex workers is Mr. Guinasso, Plaintiff's lead attorney, when he had zero legal authority to the information.

The article shows that since 2017, Jason Guinasso has filed public information requests for an "investigation" seeking the personal information of sex workers. *Id.* In the article, it states Guinasso was seeking, "Social Security numbers, criminal history, past addresses and emergency contacts." *Id.*

The article is relevant in so many different ways:

1. It makes Jane Doe's Reconsideration Motion look hypocritical.
2. It shows that all of this (all of these lawsuits, these ballot measures, these op-eds, his sham investigations) is an abuse of the legal system and he has clearly lost his privilege of being a lawyer.

## JUDICIAL NOTICE STANDARDS

Under Nevada law, a district court may take judicial notice of any fact not subject to reasonable dispute in that it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *NRS 47.130(2)(b).* Facts that can be judicially noticed can include newspaper articles.

## 9TH CIRCUIT ALLOWS JUDICIAL NOTICE OF NEWS ARTICLES

Several District Courts within the 9th Circuit (even the 9th Circuit Court itself) have taken judicial notice to news articles, reasoning that the accuracy of information in newspaper articles and press releases cannot be readily determined and/or can be reasonably questioned. *Fed.R.Evid. 201.*, see: *In re American Apparel, Inc. Shareholder Litigation,* 855 F.Supp.2d 1043, 1062 (C.D.Cal.2012) ("Taking judicial notice of news reports and press releases is appropriate for show[ing] 'that the market was aware of the information contained in news articles' "); See *Heliotrope Gen., Inc. v. Ford Motor Co.,* 189 F.3d 971, 981 n. 18 (9th Cir.1999) ("When considering a motion for judgment on the pleadings, this court may consider facts that 'are contained in materials of which the court may take judicial notice.' We take judicial notice that the market was aware of the information contained in news articles submitted by the defendants").

## ACCURACY CAN BE EASILY DETERMINED

The Reno Gazette Journal is owned by the Gannett Company. It's a reputable company.

The link takes you directly to the Reno Gazette Journal and the article being requested to be noticed.

## ARTICLE RELEVANCY

The article is relevant in the following ways:

### 1. It shows that the Reconsideration Motion is Hypocritical

Jane Doe has asked for reconsideration of revealing her identity because she was afraid of vague dangers, in which she name-dropped Intervenor and twisted ONE PARAGRAPH of his first judicial notice regarding the 7th Circuit Case. (ECF. 145). The reconsideration motion is hypocritical because she is being represented by a lawyer who himself has tried unmasking sex

workers through public information requests. In fact, his request was denied because it would "subject the workers to unreasonable risk of harm," *I*d.

According to the article, Lyon County feared Guinasso posed a safety risk to sex workers, so it's very ironic for Jane Doe to want reconsideration over ONE PARAGRAPH that she has taken out of context in Intervenor's first judicial notice, when ***her lawyer has stalked*** Lyon County sex workers. It shows her concern isn't genuine because she or the NCOSE have not denounced Guinasso or cut ties with him.

If Ms. Price was truly concerned about sex workers' information and them being unmasked, she and her D.C. organization would find a different Nevada lawyer, to allow them to practice pro hac vice in this Court, and they would cut ties with such s problematic attorney as Jason Guinasso — who is everything he berates "sex buyers" for being. But NCOSE has stuck to Guinasso like molasses. Therefore, their concerns are not genuine of Jane Doe being unmasked.

**2. The article is additional information to warrant a hearing**

The article says that Guinasso filed his public records request in 2017. After his records request was denied, "Guinasso then turned his efforts to a referendum question he and others affiliated with the anti-sex trafficking group No Little Girl sought to place on the Lyon County 2018 ballot." *Id,*

As Intervenor has pointed out, and as this RGJ article is confirming, Guinasso has abused his position as a lawyer to stalk and harass the brothel industry. His defeat at the ballot box in 2018 (which he didn't even get enough signatures to qualify for the ballot box, Guinasso had to beg for an advisory question) culminated in these series of lawsuits.

THIS NEEDS TO STOP.

Guinasso has had his state law claims thrown out. County Defendants vaguely suggested monetary fines. Since private Defendants are mum on pursuing sanctions (one of the Defendants' lawyers did zing Greer through email when he asked why the Defendants aren't fighting back)

and they haven't countered-sued Plaintiff,[1] Greer sincerely asks to intervene, not as a sex buyer, but as the leader of a PAC trying to "preserve the status quo". The status quo can't be preserved if Guinasso is harassing the brothel industry every few years and it's only a matter of time until that lawyer convinces the right person to do the wrong thing with his bunk information and his fictional Jane Does.

### 3. Greer has not done what Guinasso has

The very last point of relevance pertaining to the RGJ article is it shows a contrast of what Greer has done, which has triggered a motion for reconsideration, and what Guinasso has done, which Jane Doe is blissfully ignoring.

In Greer's September Judicial Notice regarding the 7th Circuit case, Greer added one paragraph that said he had talked to sex workers about this present case. What Greer meant by that is he is in the process of opening a brothel with business partners. The partner has wanted a female on board for the Capital funding meeting. And so Greer was talking to a sex worker named Paige. Having a conversation with Paige, it turned to Bella's Hacienda and how Paige did not like working for Bella Cummins. Greer, aware of the present case, asked Paige when she worked at Bella's. Paige said 2019-2020. That was the time Jane Doe claims to have worked at Bella's. Greer explained the present case and asked Paige if she remembered an African American woman working there during that time period. Paige said she remembered an African American woman, but said she didn't think the woman had worked at any other brothels and that the woman was leaving the industry and didn't think the African woman she knew was the same Jane Doe. Greer has also casually mentioned the case to other sex workers and they think it's frivolous.

---

[1] Defendants could have at the least counter-sued Guinasso for "malicious prosecution" since Western Best and the Mustang are familiar with Guinasso's frivolous practices

    That was the extent of Greer's "asking around". Greer admits his prior statement was overbroad and he should have been more clear in his note. However, Ms. Price has latched onto that broad, one paragraph statement and made it as something else entirely.

    Greer can assuredly tell this Court that:

1. He has not filed public records requests for sex worker info. Guinasso has.

2. He has not sued counties when denied public records of sex workers. Guinasso has.

3. He has not defamed an industry for simple dislike. Guinasso has.

4. He has not written op-Ed's spreading fear and hate. Guinssso has.

    Again, the article shows that Plaintiff's lead lawyer is the true threat to sex worker safety and thus, there is no reason for the Court's earlier order to be reconsidered.

Respectfully

DATED: November 4th, 2024

Russell Greer

/rgreer/

Pro Se

.

## **CERTIFICATE OF SERVICE:**

Pursuant to FRCP 5(b), I certify that on November 3rd, 2024, I served a true and correct copy of the attached document by Electronic Mail to all attorneys.

8

**EXHIBIT A**




## reno gazette journal

**MASON VALLEY**

# Brothel workers' personal information sought by attorney for investigation

**Amy Alonzo**  Mason Valley News
Published 9:01 a.m. PT March 22, 2019

A Reno attorney is trying to obtain access to women's applications to work in Lyon County brothels, forms that include Social Security numbers, criminal history, past addresses and emergency contacts.

Attorney Jason Guinasso, in court documents, said the information request is "relevant to an investigation underway by my office."

Lyon County has thus far denied Guinasso's requests, claiming the information is not part of the public record.

In an email to Lyon County, Guinasso says his request is in support of a February 2019 civil complaint he filed in federal court seeking to outlaw prostitution in Nevada. The bulk of the suit stems around the complaints of Rebekah Charleston, Angela Delgado-Williams and Leah Albright-Byrd, who says they were victims of sex trafficking in brothels. All three women are residents of Texas.

**More:** Federal lawsuit seeks to outlaw brothels in Nevada, the only state with legal prostitution

Guinasso did not return multiple calls for comment from the Mason Valley News.

In December 2017, Guinasso filed a public records request with Lyon County seeking all prostitute registration applications for the last 10 years, including workers' previous addresses. Other personal information on the work cards includes Social Security numbers, criminal history and emergency contact information.

The county refused his request, stating the release of the information would subject the workers to an unreasonable risk of harm.

Guinasso then turned his efforts to a referendum question he and others affiliated with the anti-sex trafficking group No Little Girl sought to place on the Lyon County 2018 ballot. In April, No Little Girl filed a petition in Lyon County to place a referendum on the ballot that would give voters the option to either outlaw brothels or freeze the county's brothel ordinance, last revised in the 1990's.



The referendum was ultimately pulled after county commissioners agreed to place an advisory question on the ballot asking voters if they would like brothels outlawed in the county. Lyon County residents overwhelmingly supported the brothels, with about 75 percent of people in favor of the brothels.

In August 2018, Guinasso filed a complaint in district court claiming the sheriff's office and the county board of commissioners violated the public records act by refusing his request.

The sheriff's office countered by offering Guinasso records dating back to 2012, and in December Guinasso dismissed his complaint.

But the county changed course later in December and did not release the names. In a December email to Guinasso, Lyon County District Attorney Steve Rye cited an October 2018 case, Clark County School District vs. Las Vegas Review-Journal, that states the burden of proof is on Guinasso to show his need for the records outweighs the "nontrivial personal privacy interest" of the sex workers, and the public benefit of the distribution of the work cards.

Patrick File, assistant professor of media law at the University of Nevada, Reno, said the Clark County case reverses the typical burden of the government proving something should not be a public record and puts the onus on the person seeking the records to prove why he or she needs it.

"You have records that are created by the government, and those are the things we consider to be public records, and you have records that are in possession of the government but aren't created by the government," he said. "So, there are exceptions in the public records laws [for documents] that are held by the government but not created by the government."

Lyon County District Attorney Steve Rye said the county is following legislation that recommends keeping the records private. "When somebody comes in and applies for a work card, do they automatically assume all that information is public?"

"Lyon County has it right," said Mark Wray, attorney for the Lyon County brothels. "Merely because information appears in a record that is public doesn't mean that all the information in the

document belongs in the public realm. There's no public interest in knowing the name and address of someone who works as a prostitute."

Since his December denial, Guinasso has continued to press for copies of the workers' cards, claiming the records are relevant to his litigation. The county provided Guinasso with only the first names of workers and their application date dating back to Jan. 4, 2016.

"The fact that you are seeking the records 'pursuant to an investigation in anticipation of litigation' does not provide any insight into the public interest you think is significant, nor how release of the records would advance the interest," according to a county email to Guinasso. "In this case, the nontrivial risk of an increase in crime or harm to the applicants greatly outweighs the public interest asserted."

*Amy Alonzo covers Mason Valley and rural Nevada. See her work right here. Here's how you can support local journalism.*

Case 3:24-cv-00065-MMD-CSD  Document 147  Filed 11/04/24  Page 18 of 18