1  Jason D. Guinasso (SBN #8478)
   GUINASSO LAW, LTD.
2  5371 Kietzke Lane
3  Reno, NV 89511
   775.853.8746
4  *guinassolaw@gmail.com*

5  Benjamin W. Bull (*admitted pro hac vice*)
6  Peter A. Gentala (*admitted pro hac vice*)
   Dani Bianculli Pinter (*admitted pro hac vice*)
7  Christen M. Price (*admitted pro hac vice*)
   Victoria Hirsch (*admitted pro hac vice*)
8  NATIONAL CENTER ON SEXUAL
9  EXPLOITATION
   1201 F Street NW, Suite 200
10 Washington, DC 20004
   202.393.7245
11 *lawcenter@ncose.com*

12
   *Attorneys for Plaintiff*
13
                    **IN THE UNITED STATES DISTRICT COURT**
14                     **FOR THE DISTRICT OF NEVADA**

15

16 JANE DOE,                                    Case No.: 3:24-cv-00065-MMD-CSD

17           Plaintiff,

18 vs.                                          **PLAINTIFF'S MOTION TO STRIKE**
                                                **PROPOSED-INTERVENOR'S RESPONSE**
19                                              **TO PLAINTIFF'S MOTION FOR**
   JOSEPH LOMBARDO, Governor of Nevada, in      **RECONSIDERATION [ECF No. 146] AND**
20 his official capacity; AARON FORD, Attorney  **PROPOSED-INTERVENOR'S SECOND**
   General of Nevada, in his official capacity; NYE   **REQUEST FOR JUDICIAL NOTICE RE:**
21 COUNTY;   ELKO   COUNTY;   STOREY            **2019 RENO GAZETTE JOURNAL**
   COUNTY; WESTERN BEST, LLC; DESERT            **ARTICLE [ECF No. 147]**
22 ROSE CLUB, LLC; HACIENDA ROOMING
23 HOUSE, INC. D/B/A BELLA'S HACIENDA
   RANCH;        MUSTANG        RANCH
24 PRODUCTIONS, LLC D/B/A MUSTANG
   RANCH   LOUNGE,   LLC;   LEONARD
25 'LANCE' GILMAN, in his official capacity; and
26 LEONARD   'LANCE'   GILMAN,   in   his
   individual capacity,
27
28           Defendants.

                                        1

COMES NOW, Plaintiff Jane Doe (hereinafter "Plaintiff"), by and through her undersigned counsel, hereby brings this Motion to Strike the Proposed Intervenor's Response to Plaintiff's Motion for Reconsideration [ECF No. 146] and Second Request for Judicial Notice regarding the 2019 Reno Gazette Article [ECF No. 147]. Plaintiff asks that this Court GRANT Plaintiff's Motion to Strike, for the reasons that follow.

## INTRODUCTION

On November 1, 2024, Proposed Intervenor filed a response, ECF No. 146, to Plaintiff's Motion for Reconsideration, ECF No. 145, improperly attempting to explain his rationale, as an "unashamed sex buyer," for asking around about Jane Doe in the brothels. Proposed Intervenor, on November 4, 2024, also filed a second request for judicial notice, ECF No. 147. As Plaintiff has previously argued several times, *see* ECF Nos. 142, 143, Proposed Intervenor has no right to file anything in this case, as this Court has not permitted him to intervene as a defendant. Thus, given the harassing, inappropriate, and relentless nature of Proposed Defendant-Intervenor's irrelevant filings, Plaintiff moves to strike his response and request for judicial notice. Plaintiff will no longer be responding to or engaging with Proposed Defendant-Intervenor's filings, unless specifically directed by this Court, or unless and until he is admitted as a party to this case, which Plaintiff strenuously opposes, ECF No. 111.

## ARGUMENT

Mr. Greer's response to Plaintiff's Motion for Reconsideration and his Motion Requesting Judicial Notice should both be struck under Fed. R. Civ. P. 12(f) for being redundant, immaterial, impertinent, and scandalous. Both motions should be struck because he has not been given the right to intervene as a defendant in this case and is not a party.

1
2

**I.      Mr. Greer has not been granted the right to intervene in this case and is not a party, so the Court should strike his response and motion**

3

4

Mr. Greer has not been granted the right to intervene in this case, either as of right or by permissive intervention. *See* August 16 Order, ECF No. 112 at 3, n.9 ("[T]he Court defers ruling

5

6

on…the motion to intervene (ECF No. 109)."). "[A] prospective intervenor does not become a

7

party to the suit unless and until he is allowed to intervene." *Robert Ito Farm, Inc. v. County of*

8

*Maui*, 842 F.3d 681, 687 (9th Cir. 2016). Mr. Greer is not a party to this case because the Court

9

has not granted his motion to intervene. Thus, he has no right to continue frivolous filings and

10

act like he is a party. *See generally, League of United Latin Am. Citizens v. Wilson*, 131 F.3d

11

1297, 1304 (9th Cir. 1997) (finding that "as a general rule, intervenors are permitted to litigate

12

fully *once admitted* to a suit") (emphasis added).

13

14

**II.      Mr. Greer's motions should be struck for being redundant, immaterial, impertinent, and scandalous, pursuant to Federal Rule of Civil Procedure 12(f).**

15

16

Mr. Greer's motions should be struck for being redundant, immaterial, impertinent, and

17

scandalous. Courts are permitted to strike from a pleading, "an insufficient defense or any

18

redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Redundant

19

allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the

20

action." *Aurora Astro Products LLC v. Celestron Acquisition, LLC*, 691 F. Supp. 3d 1132, 1155

21

22

(N.D. Cal. Sept. 13, 2023 (cleaned up). "Matter that is immaterial is that which has no essential

23

or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v.*

24

*Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).

25

"Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues

26

in question." 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382,

27

28

at 706-07 (1990). In general, motions to strike are disfavored and should not be granted unless

3

it is "clear that that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Artisan Tile and Plumbing, Inc. v. Assurance Company of America*, 2005 WL 8161172, *2 (D. Nev. Oct. 12, 2005).

Both of Mr. Greer's latest motions, ECF No. 146 and ECF No. 147, are perfect examples of the types of filings Rule 12(f) is meant to prevent. They contain information wholly unrelated to the issues in this litigation, and are not necessary or helpful to resolving such issues. His unwarranted filings are harassing and irrelevant and should be struck in their entirety. Because Proposed-Intervenor's motions are unwarranted and improper, especially as he has no right to submit any fillings, Plaintiff will no longer be responding to his filings unless specifically ordered to by this Court. Plaintiff also requests the Clerk to not accept filings by Proposed-Intervenor because he has no right to make such filings in a suit when he is not a party.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's motion to strike.

Respectfully submitted,

Dated: November 7, 2024

*/s/ Christen M. Price*
Christen M. Price
(*admitted pro hac vice*)
Benjamin W. Bull (*admitted pro hac vice*)
Peter A. Gentala (*admitted pro hac vice*)
Dani Bianculli Pinter (*admitted pro hac vice*)
Victoria Hirsch (*admitted pro hac vice*)
NATIONAL CENTER ON SEXUAL
EXPLOITATION

Jason D. Guinasso (SBN #8478)
GUINASSO LAW, LTD.
*Attorneys for Plaintiff*

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ELECTRONIC CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I hereby certify that on this 7th day of November, 2024, a true and correct copy of the foregoing **PLAINTIFF'S MOTION TO STRIKE PROPOSED-INTERVENOR'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF No. 146] AND PROPOSED-INTERVENOR'S SECOND REQUEST FOR JUDICIAL NOTICE RE: 2019 RENO GAZETTE JOURNAL ARTICLE [ECF No. 147]** was electronically filed with the United States District Court. Electronic service of the foregoing document shall be made in accordance with the Master Service List.

*/s/ Jennifer Johnson*