DEANNA L. FORBUSH (6646)
REX D. GARNER (9401)
DANIEL A. MANN (15594)
**FOX ROTHSCHILD LLP**
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
dforbush@foxrothschild.com
rgarner@foxrothschild.com
dmann@foxrothschild.com
*Attorneys for Defendants Western Best, Inc.*
*d/b/a Chicken Ranch; Western Best, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JANE DOE, | Case No. 3:24-cv-00065-MMD-CSD |
| Plaintiff, | |
| v. | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF NO. 145)** |
| JOSEPH LOMBARDO, Governor of Nevada, in his official capacity; AARON FORD, Attorney General of Nevada, in his official capacity; NYE COUNTY; ELKO COUNTY; STOREY COUNTY; WESTERN BEST, INC. D/B/A CHICKEN RANCH; WESTERN BEST, LLC; DESERT ROSE CLUB, LLC; HACIENDA ROOMING HOUSE, INC. D/B/A BELLA'S HACIENDA RANCH; MUSTANG RANCH PRODUCTIONS, LLC; D/B/A/ MUSTANG RANCH LUNGE, LLC; LEONARD "LANCE" GILMAN, in his official capacity; and LEONARD "LANCE" GILMAN, in his individual capacity, | |
| Defendants. | |

Defendants, WESTERN BEST, INC. and WESTERN BEST, LLC, doing business as THE CHICKEN RANCH ("Defendants" or "Ranch"), by and through their attorneys, Fox Rothschild LLP, respectfully submit their Opposition to Plaintiff's Motion for Reconsideration of the Court's October 18, 2024 Order. Plaintiff's motion is ECF No. 145. The 10/18/2024 Order sought to be reconsidered is ECF No. 141.

164737561.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction.

This Court ordered Plaintiff Jane Doe to reveal her identify or face dismissal. Plaintiff chose instead to file a motion for reconsideration that confirms the Court's and the Defendants' suspicion: Plaintiff prefers to litigate this case anonymously or not at all.

The Court weighed several factors in deciding a motion that calls for an exercise of discretion. Plaintiff disagrees with the outcome, but that does not mean the Court abused its discretion, especially where there is no bright-line rule, although Plaintiff's request for certification claims one exists, or her attorneys plan to ask the Ninth Circuit to create one.

But because Plaintiff has not met her burden for the motion for reconsideration or for certification, Defendants request that the Court deny her motion entirely.

## II. A motion for reconsideration has very limited grounds for its granting.

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision."[1] Reconsideration is appropriate only if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."[2]

"A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled."[3] Mere disagreement with an order is an insufficient basis for reconsideration. Nor should reconsideration be used to make new arguments or ask the Court to rethink its analysis.[4]

---

[1] *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).

[2] *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[3] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005) (citation omitted).

[4] *See N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988); *Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995); *see also* LR 59-1(b) (generally disfavoring motions for reconsideration and warning that "[a] movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts").

164737561.1

In addition, newly discovered evidence does not mean newly created evidence that could have been presented with the original briefing.[5] A motion for reconsideration "may *not* be used to . . . present evidence for the first time when [it] could reasonably have been raised earlier[.]"[6]

Here, Plaintiff does not offer true "newly discovered" evidence, nor has she shown clear error or manifest injustice. She merely disagrees with the Court's decision and asks the Court to double-check its weighing of factors in an exercise of discretion.

### III. Plaintiff has presented no newly discovered evidence, nor has she proven a manifest error law.

As set forth above, newly created evidence is not newly discovered evidence that warrants reconsideration. Plaintiff proffers her declaration as evidence of a reasonable risk of harm if her identity is revealed, but she offers no explanation why this declaration was unavailable when she originally moved for a protective order. Thus, Plaintiff's motion is not a bona fide motion for reconsideration, but a request for a mulligan, effectively arguing that the Court erred in not granting the motion Plaintiff could have filed but didn't.

Even if the Court considers the newly drafted declaration, it merely repeats Plaintiff's vague assertions of a general possibility of retaliation or harm rather than a particularized showing that revealing her identity would actually create a real risk of harm. To be sure, as the Court already noted, Plaintiff does *not* allege she is still working in Nevada's legal brothel system, so her fear of retaliation concerning any employment in that industry is entirely illusory, and her vulnerability to economic retaliation by Defendants is nonexistent.[7] Similarly, Plaintiff claims that "hundreds of sex buyers" committed sexual violence against her in many locations. She does

---

[5] *See Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211–12 (9th Cir. 1987).

[6] *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original); *see also ACandS, Inc.*, 5 F.3d at 1263 ("The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn the late filed documents into 'newly discovered evidence.'") (citation omitted); *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 892 n.6 (9th Cir. 1994), *as amended on denial of reh'g* (July 14, 1994) ("Evidence is not newly discovered if it was in the party's possession at the time of summary judgment or could have been discovered with reasonable diligence.").

[7] ECF No. 141 at 12. Who is going to retaliate? If Defendants, they're going to know Plaintiff's identity under the order Plaintiff proposes, so the protective order would not prevent Defendants from knowing her real name. *Id.*

164737561.1

not say that the violence was precipitated based on any unnamed aggressor's knowledge of her real name. In fact, she connects "violent sex buyers" with those who cursed and threatened her at the brothels operated by the Brothel Defendants, where she says she used a stage name rather than her real name,[8] so again, the nexus between revealing her true identity and her speculative suffering of harm appears to be absent.

What Plaintiff is trying to do with her motion (and certainly will attempt to do on appeal) is to create a new standard of automatic entitlement to proceed pseudonymously whenever a plaintiff alleges sex trafficking or a history of sex work. No such rule exists. Instead, motions to proceed pseudonymously are left to the District Court's discretion.[9] And this Court acknowledged that cases within the Ninth Circuit "point in both directions," further emphasizing the reality that there is no blanket rule in favor of anonymity for anyone in certain industries, including sex workers or erotic dancers.[10]

Finally, Plaintiff argues that the Court considered two factors that should not be factors at all and made those two factors determinative in its analysis. Plaintiff cannot, of course, support this argument with any citation to the Court's order. This is true because, in reality, the Court's discussion of the public's interest in assessing Doe's credibility was only part of the Court's overall analysis of the public interest factor. The public interest factor is expressly a factor to be weighed among others in the Ninth Circuit's instructive *Advanced Textile* opinion.[11] Nowhere in the Court's order does it make the public's interest the determinative or dispositive factor.

The other factor Plaintiff alleges the Court should not have considered and should not have made determinative is public discussion of a civil rights case. Nowhere does the Court's order contain such a phrase, but Plaintiff's argument appears to be focused on case publicity and

---

[8] ECF No. 145-1 at ¶ 32.

[9] *Muckleshoot Tribe v. Lummi Indian Tribe*, 141 F.3d 1355, 1358 (9th Cir. 1998) ("We review a decision regarding the management of litigation for abuse of discretion."); *Doe v. Stegall*, 653 F.2d 180, 184 (5th Cir. 1981) ("the ordinary standard for appellate review of trial court rulings on protective orders is whether the trial court abused its discretion").

[10] ECF 141 at 13.

[11] *Advanced Textile*, 214 F.3d at 1068 (recognizing "the public's interest in knowing the party's identity"); *see also Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (recognizing the public interest factor and the "presumption . . . that parties must use their real names").

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135

164737561.1

1  Plaintiff's counsel's press conference.[12]  Plaintiff cannot support her assertion that case publicity
2  is a fact that courts should *not* consider at all in making discretionary decisions on anonymity,
3  especially when other courts have done so without reversal.[13]  Nor can Plaintiff show in the Court's
4  order where it made this factor dispositive.

5  Plaintiff's suggestion about curing unilateral case publicity by making all parties
6  anonymous is a new argument that cannot be raised in a motion for reconsideration.  It is also a
7  nonsensical proposal, for Plaintiff already named all the Defendants in publicity and public
8  filings,[14] so her offer of anonymity to them is disingenuous and hopelessly tardy.  Moreover, the
9  Alabama case Plaintiff cited to support the proposition contains no mention of a mutual protective
10 order at all.[15]

11 **IV.   Plaintiff has not shown that certification is warranted, especially when she appears to have elected to proceed anonymously or not at all.**
12

13 The first requirement for certification is a controlling question of law.  But a multi-factorial
14 discretionary determination like the one here fails that first requirement.  Discretionary rulings do
15 not present the kind of "serious, unsettled questions" that make them good candidates for collateral
16 order review.[16]

17 If Congress had wanted all plaintiffs under the TVPRA to have the right to proceed
18 anonymously, it could have said so in the statute.  It didn't, but that's precisely the rule Plaintiff
19 hopes to establish judicially via certification and appeal to the Ninth circuit.  Of course,

---

[12] Plaintiff argues that the online article her lawyers published "barely discusses the Plaintiff's story at all," but even a quick scan of the article reveals that it is entirely about Jane Doe and her story, as the Court correctly noted. ECF No. 145 at 13 (referencing ECF No. 79 at 5–6).

[13] *See, e.g., Doe v. City of Las Vegas*, Case No. 2:19-cv-00382-GMN-BNW, 2019 WL 2601554, at *2 (D. Nev. June 25, 2019) (plaintiff's efforts to publicize the case "are inconsistent with a desire to remain anonymous").

[14] Plaintiff has already publicly accused Defendants of being sex traffickers, colluding with criminals and of illegally living off the proceeds of illegal sex trafficking.

[15] Doe 1 v. MG Freesites, LTD, 676 F. Supp. 3d 1136 (N.D. Ala. 2022).

[16] *See, e.g., Sobol v. Heckler Congressional Comm.*, 709 F.2d 129, 131 (1st Cir. 1983) (because to "review a fact-specific exercise of discretion . . . would not be of any assistance in future cases"); *Weight Watchers of Philadelphia, Inc. v. Weight Watchers Int'l.*, 455 F.2d 770, 773 (2d Cir. 1972) (could "open the way for a flood of appeals concerning the propriety of a district court's ruling on the facts of a particular suit"); *see generally* 15A C. Wright, A. Miller, E. Cooper, Federal Practice & Procedure: Civil § 3911.5, pp. 432–35.

FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135

1  certification is not the *only* way to obtain that review. To be sure, the Court ordered Plaintiff "to
2  file a notice disclosing her identity within 15 days" if she wished to proceed with her remaining
3  claims, and if she failed to file such notice, "the Court will presume she does not wish to disclose
4  her identity and will dismiss the case without prejudice."[17] Plaintiff failed to file such notice,
5  which means she has decided that she wishes to proceed anonymously or not at all.[18] The Court
6  can and should hold her to that choice and, as it stated it would, dismiss her case without prejudice.
7  Such an order is appealable without any need for certification.[19] Indeed, that was the same
8  procedural history in the *Doe v. Kamehameha Schools* case where the Ninth Circuit affirmed the
9  District Court's discretionary decision dismissing the case after the plaintiffs refused to disclose
10 their names.[20] Certification is entirely unnecessary for appellate review.

**V.    Conclusion**

Plaintiff's motion for reconsideration establishes no error of law, no manifest injustice, and introduces no true newly discovered evidence. She merely disagrees with the outcome of the Court's consideration of multiple factors and its exercise of discretion. None of this warrants reconsideration, nor does the Court's decision require certification because the Court already indicated it would dismiss the case without prejudice if Plaintiff elected not to file notice of her real name. Plaintiff's choice having been made, the stated consequence is dismissal, which Plaintiff can then immediately appeal without certification.

/ / /

/ / /

/ / /

---

[17] ECF No. 145 at 15.

[18] Plaintiff's assertion that she "cannot proceed with this litigation if she has no protection" is simply not true. Her same lawyers are proceeding in another alleged sex-trafficking case where at least one of the plaintiffs is using her real name, which proves it *can* be done, but Plaintiff here simply chooses not to. *See Williams v. Sisolak, et al.*, Case No. 2:21-cv-01676-APG-VCF (D. Nev. July 18, 2022) (acknowledging that "Angela Williams" and two Jane Does sued 20 defendants alleging, among other things, TVPRA violations).

[19] *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984) ("Dismissal of an action without prejudice is appealable under 28 U.S.C. § 1291.").

[20] 596 F.3d at 1046 ("as an appellate court, we are constrained by the applicable standard of review. Had the district court found that anonymity was appropriate, we likely would have concluded that the district court did not abuse its discretion").

164737561.1

For all of these reasons, Defendants ask the Court to deny Plaintiff's motion in its entirety.

DATED this 15th day of November 2024.

**FOX ROTHSCHILD LLP**

*/s/ Deanna L. Forbush*
DEANNA L. FORBUSH (6646)
REX D. GARNER (9401)
DANIEL A. MANN (15594)
1980 Festival Plaza Drive, Suite 700
Las Vegas, Nevada 89135

*Attorneys for Defendants Western Best, Inc. d/b/a Chicken Ranch; Western Best, LLC*

164737561.1

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of Fox Rothschild LLP and that on the 14th of November 2024, I caused a copy of the foregoing document entitled **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF NO. 145)** to be served via the Court's CM/ECF filing system.

*/s/ Deborah L. Pressley*
An Employee of Fox Rothschild LLP

164737561.1