Jason D. Guinasso (SBN #8478)
GUINASSO LAW, LTD.
5371 Kietzke Lane
Reno, NV 89511
775.853.8746
*guinassolaw@gmail.com*

Benjamin W. Bull (*admitted pro hac vice*)
Peter A. Gentala (*admitted pro hac vice*)
Dani Bianculli Pinter (*admitted pro hac vice*)
Christen M. Price (*admitted pro hac vice*)
Victoria Hirsch (*admitted pro hac vice*)
NATIONAL CENTER ON SEXUAL
EXPLOITATION
1201 F Street NW, Suite 200
Washington, DC 20004
202.393.7245
*lawcenter@ncose.com*

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JANE DOE, | Case No.: 3:24-cv-00065-MMD-CSD |
| Plaintiff, | |
| vs. | **PLAINTIFF'S COMBINED REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S OCTOBER 18, 2024 ORDER (ECF NO. 145) AND DEFENDANTS' JOINDERS [ECF NOS. 150, 151, AND 152]** |
| JOSEPH LOMBARDO, Governor of Nevada, in his official capacity; AARON FORD, Attorney General of Nevada, in his official capacity; NYE COUNTY; ELKO COUNTY; STOREY COUNTY; WESTERN BEST, LLC; DESERT ROSE CLUB, LLC; HACIENDA ROOMING HOUSE, INC. D/B/A BELLA'S HACIENDA RANCH; MUSTANG RANCH PRODUCTIONS, LLC D/B/A MUSTANG RANCH LOUNGE, LLC; LEONARD 'LANCE' GILMAN, in his official capacity; and LEONARD 'LANCE' GILMAN, in his individual capacity, | |
| Defendants. | |

1

COMES NOW, Plaintiff Jane Doe (hereinafter "Plaintiff"), by and through her undersigned counsel, hereby submits her reply to Defendants, Western Best, Inc. and Western Best, LLC, d/b/a The Chicken Ranch's ("Chicken Ranch") Opposition to Plaintiff's Motion for Reconsideration of this Court's October 18, 2024 Order [ECF No. 145], and Defendants Mustang Ranch Productions, LLC ("Mustang Ranch"), L. Lance Gilman ("Gilman"), Hacienda Rooming House, Inc., d/b/a Bella's ("Bella's"), and Desert Rose Club, LLC's ("Desert Rose") Joinders to Defendants' Opposition [ECF Nos. 150, 151, and 152].

## INTRODUCTION

On November 14, 2024, Defendant Chicken Ranch filed a Response in Opposition, ECF No. 149, to Plaintiff's Motion for Reconsideration, ECF 145. Defendants Mustang Ranch, Gilman, Desert Rose, and Bella's joined Chicken Ranch's opposition on November 14, 2024, ECF 150, 151, 152 (collectively, "Brothel Defendants" or "Defendants").

The Brothel Defendants argue that Plaintiff's declaration is improper because it could have been submitted earlier, and that there was no error in the court's denying pseudonymity, emphasizing the discretionary nature of the decision. ECF 149 at 4-6. Defendants largely ignore Plaintiff's arguments regarding manifest injustice as a basis for reconsideration, and the factors supporting interlocutory appeal.

In response, Plaintiff argues: I) her declaration contains new facts and raises specific safety and other retaliation fears she faces as a sex trafficking victim; II) she has identified multiple errors in the Order that merit reconsideration; III) the Brothel Defendants concede that it is a manifest injustice to force a sex trafficking victim to litigate publicly; and IV) the Brothel Defendants misunderstand the controlling question of law factor, and concede that the remaining

two factors support interlocutory review.  Therefore, Plaintiff's motion for reconsideration should be granted, or in the alternative, the Court should certify its Order for interlocutory appeal.

## **<u>ARGUMENT</u>**

I. **Jane Doe's declaration contains new facts and raises specific safety and other retaliation fears she faces as a sex trafficking victim**

As an initial matter, the Brothel Defendants misunderstand the function of Jane Doe's declaration and mischaracterize her fears of retaliation.  First, Defendants argue that the Declaration is not new evidence because it contains information that was available but not submitted when the initial protective order motion was filed.  ECF 149 at 3.[1]  But Jane Doe never argued that the entire declaration was new; only that it contained new, relevant information regarding the dangers she faces from sex buyers, based on threats and abusive behavior that had not yet occurred when the original protective order motion was filed.  ECF 145 at 5-6.  Defendants do not refute this point.

The others are largely facts or reasonable inferences based on the complaint, putting in evidentiary, explicit format what Plaintiff has already alleged.  *Compare* ECF 1 *with* ECF 145, Exh. A.  This case was still at the motion to dismiss stage when Plaintiff moved for a protective order at the magistrate's direction.  *Compare* ECF 73 *with* ECF 112.  At the motion to dismiss stage, the court "must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff."  *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016)

---

[1] Defendants also argue that even if the declaration is permissible, it is general and vague, ECF 149 at 3, even though it contains specific allegations directly from the Complaint.  It is not immediately obvious why Defendants think that specific allegations from the complaint are vague, and they offer no citation or example supporting this bare assertion.

(internal citations omitted).  The Court held no hearing, nor did it request evidence or otherwise give any indication that evidence was required at that stage in the proceedings.

Second, Defendants not only misunderstand the nature of the declaration, they also mischaracterize the nature of the concerns it details.  Defendants say Plaintiff is not still in the brothel industry so there is no risk of economic retaliation.  ECF 149 at 3-4.  But Jane Doe never said she was afraid of some kind of financial harm due to not being able to be prostituted in Nevada's legal brothels again.  *See* ECF 145, Exh. A.  She's not afraid of being blacklisted; she's afraid of being killed.  *See* ECF 145, Exh. A at ¶¶ 32-39.

Rather than assure the Court they have no intention of retaliating against the Plaintiff, the Brothels also suggest that they can retaliate either way – regardless of whether Jane Doe is granted a protective order.  ECF 149 at 3 n.7.  This is undoubtedly true.  But the protective order would impose consequences if Defendants did retaliate, which is the central reason Jane Doe requests it.

The Brothel Defendants also claim that since Plaintiff did not use her real name in the brothels, there can be no real risk of sex buyer violence in the future, because their past violence did not depend on them knowing her name.  ECF 149 at 4.  This is a non sequitur: that men who abused Jane Doe will not pose a serious risk to Jane Doe if they are able to obtain her name hardly follows from their past violence, especially as it is reasonable to infer that her use of a stage name mitigated potential additional violence, stalking, and harassment.  The Brothel Defendants' position also conflicts with the Court's suggestion that using a stage name supports Jane Doe's claims about privacy, *see* ECF 141 at 13.

Therefore, because Jane Doe's declaration contains new facts and raises specific safety and other retaliation fears she faces as a sex trafficking victim, it supports reconsideration.

4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.    Jane Doe has identified multiple errors in the Order that merit reconsideration

Defendants opine that Plaintiff has not cited to the Order for her claim about clear errors in which factors the Court considered and analyzed, and that in any case those analyses were not determinative. ECF 149 at 4. This is simply incorrect. Jane Doe did provide the cites in question, and the court found that the public's interest in "assessing" Jane Doe's "credibility" and the Defendants' ability to talk about Jane Doe publicly *were* determinative, finding the one neutral or in Defendants' favor, and the second in Defendants' favor. *See* ECF 145 at 2-3 (summarizing Order on pseudonymity).

The public has an interest in victims bringing civil rights claims, *see Advanced Textile*, 214 F.3d at 1073, in fairness, and in openness and transparency, especially to hold judicial actors accountable, *see Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 592 (1980), but the Court decided that a novel factor trumped all of these: namely, the public assessing a sex trafficking victim's credibility. ECF 141 at 14. (Creating a new requirement outside the Ninth Circuit's standard is a clear error). As Plaintiff argued already, the public has no interest in assessing her credibility, ECF 145 at 6-7, which is underscored by the nonpublic nature of most discovery, *Seattle Times Co. v. Rinehart*, 467 U.S. 20, 33 (1984) ("[P]retrial depositions and interrogatories are not public components of a civil trial.").

The second error was not in considering whether Plaintiff engaged in publicity undermining her need for anonymity, but the conclusion that *any* public discussion of a civil rights case, however minimal, should waive the victim's right to have privacy protections, including a press conference that focused on patterns of exploitation within the brothels, not even Jane Doe's specific story. *See* ECF 145 at 7-8. None of the public commentary on Plaintiff's case has included any identifying details or information about her, and "comments of the

plaintiffs' counsel in the media and on social media — which do not reveal the plaintiffs' identities and may, of course, be subject to other limitations — are consistent with the plaintiffs' request to proceed anonymously." *Doe v. NCAA*, 22-cv-01559-LB, Order Granting Administrative Motion to Proceed Anonymously, *6 (N.D. Cal. Aug. 30, 2022).

Lastly, Chicken Ranch Brothel had already agreed to a pseudonym and protective order in principle. *See* ECF 145 at 8 (citing ECF 141 at 9-16; ECF 85 at 3). They ignore what we said about the error in setting aside a stipulation without even a purported justification. *See id*; ECF 149 at 2-3. Accordingly, these clear errors warrant reconsideration.

### III. The Brothel Defendants concede that it is a manifest injustice to force a sex trafficking victim to litigate publicly

Defendants do not respond to Plaintiff's arguments about the manifest injustice factor at all, ECF 149 at 3 (asserting, but not arguing, that there was no manifest injustice in the Order), and manifest injustice is an independent basis for reconsideration, LR 59-1(a)(2).

And in this case the manifest injustice is particularly severe: requiring a sex trafficking survivor to choose between her safety and seeking any recourse for a severe human rights abuse – especially when it is the severity of the human rights abuse that presents the safety concern in the first place. In short, the Order and the Brothel Defendants have lost sight of what is at stake here: forcing a victim of slavery to choose between her right to live and her right to seek legal remedies. This is a manifest injustice warranting reconsideration.

### IV. The Brothel Defendants misunderstand the controlling question of law factor, and concede that the remaining two factors support interlocutory review

Defendants argue, citing to cases outside this circuit, that discretionary, fact-based multifactor analyses cannot meet the "controlling question of law" prong. ECF 149 at 6. But Jane Doe identified two questions of "pure law" in her motion: "1) whether, as a general matter,

persons alleging that they have been sex trafficked within prostitution or other aspect of the sex trade have the right to proceed under a pseudonym and protective order, and 2) whether the two factors the Court found dispositive here should be part of the balancing at all, let alone determinative – namely, the public's ability to assess a victim's credibility and the defendants' ability to defend themselves in the court of public opinion (as opposed to this court)."  ECF 145 at 11.

And in any case, the Ninth Circuit has weighed in on precisely this question as to interlocutory appeals of orders denying pseudonymity, as Plaintiff cited in her motion, such orders are "effectively unreviewable on appeal from final judgment."  ECF 145 at 16 (internal citations omitted) (quoting *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1066 (9th Cir. 2000)).

This is because there is no way to undo the consequences of revealing a person's identity at the beginning of litigation by filing a later appeal at the litigation's end.  That is, "the legal and practical value of permission to proceed anonymously will be destroyed if not vindicated before trial."  *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1066 (9th Cir. 2000) (cleaned up) (citing *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 799 (1989)).

Defendants do not contest and thus appear to concede the other two factors in the interlocutory appeal standard: whether there is "substantial ground for difference of opinion," and whether certifying an appeal will materially advance the ultimate termination of the litigation.  *Compare* ECF 145 at 15-17 *with* ECF 149 at 5-6.  Accordingly, Defendants offer no meaningful challenge regarding whether Plaintiff meets the standard for interlocutory appeal, and Plaintiff thus requests the Court certify interlocutory appeal based on the analysis in her motion.  *See* ECF 145 at 15-17.

Nor do Defendants contest Plaintiff's request for a stay, which under this district's local rules, equals consent to its granting.  *See* L.R. 7.2(d).

<b><u>CONCLUSION</u></b>

Because Jane Doe has identified new relevant facts in her Declaration and clear errors and manifest injustice in the Order, and because Defendants essentially do not contest whether Plaintiff meets the standard for interlocutory appeal, Plaintiff requests that the Court reconsider its order, or in the alternative, certify its Order for interlocutory appeal.

Respectfully submitted,

Dated: November 21, 2024            */s/ Christen M. Price*
Christen M. Price
(*admitted pro hac vice*)
Benjamin W. Bull (*admitted pro hac vice*)
Peter A. Gentala (*admitted pro hac vice*)
Dani Bianculli Pinter (*admitted pro hac vice*)
Victoria Hirsch (*admitted pro hac vice*)
NATIONAL CENTER ON SEXUAL
EXPLOITATION

Jason D. Guinasso (SBN #8478)
GUINASSO LAW, LTD.
*Attorneys for Plaintiff*

## ELECTRONIC CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I hereby certify that on this 21st day of November, 2024, a true and correct copy of the foregoing **PLAINTIFF'S COMBINED REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S OCTOBER 18, 2024 ORDER (ECF NO. 145) AND DEFENDANTS' JOINDERS [ECF NOS. 150, 151, AND 152]** was electronically filed with the United States District Court. Electronic service of the foregoing document shall be made in accordance with the Master Service List.

*/s/ Jennifer Johnson*