Jason D. Guinasso (SBN #8478)
GUINASSO LAW, LTD.
5371 Kietzke Lane
Reno, NV 89511
775.853.8746
*guinassolaw@gmail.com*

Benjamin W. Bull (*admitted pro hac vice*)
Peter A. Gentala (*admitted pro hac vice*)
Dani Bianculli Pinter (*admitted pro hac vice*)
Christen M. Price (*admitted pro hac vice*)
Victoria Hirsch (*admitted pro hac vice*)
NATIONAL CENTER ON SEXUAL EXPLOITATION
1201 F Street NW, Suite 200
Washington, DC 20004
202.393.7245
*lawcenter@ncose.com*

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JANE DOE, <br><br> Plaintiff, <br><br> vs. <br><br> JOSEPH LOMBARDO, Governor of Nevada, in his official capacity; AARON FORD, Attorney General of Nevada, in his official capacity; NYE COUNTY; ELKO COUNTY; STOREY COUNTY; WESTERN BEST, LLC; DESERT ROSE CLUB, LLC; HACIENDA ROOMING HOUSE, INC. D/B/A BELLA'S HACIENDA RANCH; MUSTANG RANCH PRODUCTIONS, LLC D/B/A MUSTANG RANCH LOUNGE, LLC; LEONARD 'LANCE' GILMAN, in his official capacity; and LEONARD 'LANCE' GILMAN, in his individual capacity, <br><br> Defendants. | Case No.: 3:24-cv-00065-MMD-CSD <br><br><br> **PLAINTIFF'S REPLY TO DEFENDANT DESERT ROSE CLUB, LLC'S RULE 11 MOTION FOR SANCTIONS** <br> **[ECF NO. 153]** |

1

COMES NOW, Plaintiff Jane Doe (hereinafter "Plaintiff"), by and through her undersigned counsel, hereby submits her response to Defendant, Desert Rose Club, LLC's ("Desert Rose") Rule 11 Motion for Sanctions [ECF No. 153].

## **INTRODUCTION**

From February 8, 2024, when this case was filed, to September 13, 2024, Defendant Desert Rose did not meaningfully engage in this litigation (aside from filing joinders to other defendants' briefs). Their first filing was not an Answer or a Rule 12 motion, but rather a motion for Rule 11 sanctions against Plaintiff. On September 13, 2024, Desert Rose sent a letter threatening Plaintiff with sanctions, explaining that the brothel that disagreed with Plaintiff's legal theories and characterization and interpretation of the facts. Plaintiff responded with a letter on October 4, 2024, explaining in detail that Desert Rose cited no evidence or facts refuting Plaintiff's claims or facts suggesting that Plaintiff's counsel filed this suit in bad faith. Desert Rose never responded.

On November 15, 2024, Defendant Desert Rose filed a Rule 11 Motion for Sanctions against Plaintiff. Rule 11 exists to deter "frivolous filings," not to "chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." *Hudson v. Moore Bus. Forms, Inc.*, 836 F.2d 1156, 1159-60 (9th Cir. 1987) (cleaned up). Here, Defendant Desert Rose, without filing an Answer or a Rule 12 motion, attempts to circumvent the litigation process using a Rule 11 motion, which lacks both evidence and analysis, to assert that Plaintiff's alleged facts are false. *See* ECF 153. Citing only four cases in their entire motion, the Brothel argues that "Jane Doe's complaint and responsive pleading are unwarranted by existing law and lack evidentiary support." ECF 153 at 7.

2

Defendant's motion fails to properly recognize the Ninth Circuit's standards for designating a complaint as frivolous, and makes factual and conclusory allegations without attaching affidavits, or even an Answer. *See* ECF 153 at 3, 7. Defendant's Rule 11 motion is improper, and Plaintiff Jane Doe urges its denial.

## ARGUMENT

Plaintiff argues that I) Desert Rose Brothel merely alleges disagreement over the facts of this case, without countering the evidence Plaintiff submitted; II) Desert Rose Brothel fails to demonstrate that the Complaint, which has sufficiently alleged standing for sex trafficking claims, relies on baseless legal theories; and III) Desert Rose Brothel's conduct in seeking sanctions evinces bad faith.

**I. Desert Rose Brothel merely alleges disagreement over the facts of this case, without countering the evidence Plaintiff submitted**

When a Rule 11 motion is filed against a complaint, the court "must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (quoting *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997)). The Ninth Circuit summarizes this test in the word "frivolous," meaning the complaint is "*both* baseless *and* made without a reasonable and competent inquiry." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (internal citation omitted) (emphasis in the original).

Under the first prong, a complaint will not violate Rule 11 if it "states an arguable claim"; the first prong is not dependent on "whether the pleader is correct in his perception of the law." *Hudson*, 836 F.2d at 1159. If the complaint is "well-grounded in fact and law," it will satisfy the

first prong. *Id*. The second prong requires "a reasonable and competent inquiry" by an attorney. *Holgate*, 425 F.3d at 676 (quoting *Moore v. Keegan Mgmt. Co.*, 78 F.3d 431, 434 (9th Cir. 1996)). If counsel "after conducting an objectively reasonable inquiry into the facts and law, would have found the complaint to be well-founded," then the complaint satisfies the second prong and does not violate Rule 11. *Id.* at 677.

On November 15, 2024, Defendant Desert Rose filed a motion for sanctions against Plaintiff and her Counsel, on the grounds that Defendant disagrees with Plaintiff's legal theories, some of Plaintiff's alleged facts, and Plaintiff's interpretation of other alleged facts. *See* ECF 153 at 2-8.

But simply disagreeing with the Complaint's factual assertions is not a basis for sanctions—disagreement is the very nature of litigation in an adversarial system. *See Humphries v. Button*, 2024 WL 1241218, at *3 (D. Nev. Mar. 22, 2024) ("Disagreement, even vehement, heartfelt, intense disagreement with the other side's presentation of facts is not a basis for Rule 11 sanctions. This happens all the time in litigation. Big corporations sue each other spending millions and millions and millions of dollars because they vehemently disagree about facts. And ultimately, it is either the judge or the jury who decides whose set of facts are right. But before that, the disagreement, no matter how intense . . . is not sufficient to warrant Rule 11 sanctions."). This is particularly true given that this case is at such an early stage in the litigation, before discovery – which enables each side to access the other's facts – has even commenced.

Additionally, Desert Rose does not even contest some of Plaintiff's facts – only Plaintiff's interpretation of them – which again, is exactly what litigation exists to sort out and is not within Rule 11's scope. For example, Desert Rose agrees with Plaintiff Jane Doe's assertion that the brothel took 50% of the money she made, but argues that this is not a problem

4

because it disclosed this arrangement to her beforehand.[1] ECF 153 at 2-3. Even if that were true, Plaintiff's argument is not that she was not put on notice, but that such a financial arrangement, together with the Desert Rose Brothel's other actions, constituted coercive conditions inducing commercial sex acts, which is sex trafficking under federal law. *See e.g.*, ECF 115.

Relatedly, Desert Rose also claims that certain allegations in the Complaint are false based on what the Brothel claims it does now, which has nothing to do with what it did during the time period described in the Complaint. *Compare* ECF 1 at 35 *with* ECF 153 at 3-4.

More to the point, Plaintiff Jane Doe provided an affidavit (for her motion for reconsideration) that attests to many of the facts that Desert Rose contests. ECF 145, Exh. A. Desert Rose never supplied any evidence to the contrary of either the declaration or the Complaint itself, not even a counter-affidavit. Thus, the Brothel has not even neutralized Plaintiff's evidence, let alone refuted it.

Not only has Desert Rose failed to establish that the Complaint lacks factual basis, it has offered no evidence whatsoever – only assertions – that Plaintiff's counsel failed to conduct a "reasonable and competent inquiry" before filing it. *See* ECF 153 at 8.

Accordingly, Desert Rose Brothel fails to demonstrate that the Complaint is factually baseless at all, let alone that counsel failed to conduct the appropriate inquiry before filing it.

**II.    Desert Rose Brothel fails to demonstrate that the Complaint, which has sufficiently alleged standing for sex trafficking claims, relies on baseless legal theories**

---

[1] Desert Rose also does not dispute that a non-disclosure agreement exists: "The non-disclosure agreement does not prohibit the women from talking negative about the brothel." ECF 153 at 5. It is not entirely clear what function an NDA in the brothel prostitution context would serve if not to prevent disparagement of the brothel.

The same standard applies to claims that a plaintiff's legal theories are baseless. *Christian v. Mattel, Inc.*, 286 F.3d at 1127. The Complaint's legal theories must be objectively baseless and filed "without a reasonable and competent inquiry" to fall within the scope of Rule 11. *Holgate*, 425 F.3d at 676 (internal citation omitted). Defendant Desert Rose asserts that Plaintiff's claims have no basis in law but cites no legal authority for those assertions and does not otherwise explain or support this claim. ECF 153 at 7. In contending that the alleged facts are "unwarranted by existing law," Defendant makes a conclusory allegation without pointing to any statute or case that could even arguably make Jane Doe's claims frivolous. *See Id*.

Jane Doe alleges facts in the Complaint that amount to force or coercion in the context of prostitution, including as to Desert Rose Brothel. Coerced prostitution is textbook sex trafficking. Under the Trafficking Victims Protection Act (TVPRA), sex trafficking occurs if there is a commercial sex act involving a person under age 18 or a person induced by force, fraud, or coercion. 18 U.S.C. § 1591. Anyone who "recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person," 18 U.S.C. § 1591(a)(1), or "benefits, financially or by receiving anything of value" can be held liable. 18 U.S.C. § 1591(a)(2). Coercion includes, "any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person." 18 U.S.C. § 1591(e)(2)(b).

Jane Doe alleges that she engaged in commercial sex acts under conditions of force and coercion. Specific allegations in the Complaint evince coercive conditions, including the threat of being fined for being 3 minutes late to a lineup call, routinely maintaining lengthy shifts from 4pm to 4am, official corruption, debt, and violence by the brothel's owner, Gabe Ornelas. ECF 1 at ¶¶ 234-253. These practices of Desert Rose, as detailed in the Complaint, caused Jane Doe

to believe that failure to comply with their demands would result in serious harm. And while Desert Rose Brothel's claim about Jane Doe knowing about the 50% pay split before being prostituted at the brothel might possibly be relevant to whether the fee was a fraudulent condition, but it is wholly irrelevant to her allegation that it is a coercive condition. *See* ECF 153 at 2-3.[2]

Not only has Desert Rose not supported its claims that the Complaint is legally baseless, existing law actually points in the other direction. Plaintiff's counsel has another case moving forward in this same district on very similar facts, under the same legal theories, against one of the same Defendants, Chicken Ranch Brothel. *See Williams v. Sisolak*, No. 2:21-CV-01676-APG-VCF, 2022 WL 2819842, at *7 (D. Nev. July 18, 2022).

Moreover, by the time Desert Rose filed for sanctions, this Court had already issued its Order allowing Plaintiff to proceed in this case against the Brothel Defendants, which found that Jane Doe had sufficiently alleged standing against the brothel for her sex trafficking claims. *Doe v. Lombardo*, No. 3:24-CV-00065-MMD-CSD, 2024 WL 4536772, at *4-5 (D. Nev. Oct. 18, 2024).

Additionally, Desert Rose Brothel fails to even allege with specificity, let alone prove, that Plaintiff's counsel failed to undertake a "reasonable and competent inquiry" into the validity of their legal theories. ECF 153 at 7-8.

Therefore, Desert Rose Brothel fails to demonstrate that the Complaint is legally baseless at all, let alone that counsel failed to conduct the requisite inquiry before submitting it.

---

[2] Coercion is "the abuse or threatened abuse of law or the legal process," or threatening or otherwise causing someone to believe any person will face physical restraint or serious harm, which includes "psychological, financial, or reputational harm." § 1591(e)(2).

### III.  Desert Rose Brothel's conduct in seeking sanctions evinces bad faith

Sanctions are an extreme remedy: "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Euram Realty, Inc. v. Dunn*, 15 F.3d 1084, 1084 (9th Cir. 1993) (cleaned up). Rule 11 motions must themselves comply with Rule 11: filing a motion for sanctions itself without following the rule's requirements can lead to sanctions. *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1260 (11th Cir.2014) (citing Fed.R.Civ.P. 11 advisory committee's note).

The Federal Rules provide that the court may award "reasonable attorney's fees and other expenses directly resulting" from a Rule 11 violation. Fed. R. Civ. P. 11(c)(4). "If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." Fed. R. Civ. P. 11(c)(2).

Courts have consistently held that this includes fees incurred in defending against an improper Rule 11 motion. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 407 (1990) (noting court's authority to impose sanctions, including attorney's fees, for Rule 11 violations). Courts regularly award attorney's fees when a party successfully defends against a Rule 11 motion that lacks substantial justification. *See Safe-Strap Co. v. Koala Corp.*, 270 F. Supp. 2d 407, 421 (S.D.N.Y. 2003) (awarding fees where Rule 11 motion was "without merit").

"Thus, when a party files a Rule 11 motion for an improper purpose, the court may award fees to the target of the motion." *See e.g.*, *Claudet v. First Fed. Credit Control, Inc.*, No. 614CV2068ORL41DAB, 2015 WL 7984410, at *3 (M.D. Fla. Nov. 17, 2015). In *Claudet*, the court imposed sanctions on attorneys based on an insufficient Rule 11 Motion. *Id*. The motion did not contain any facts or law to support their claim that the plaintiff's motion was frivolous. *Id*.

So too here: a fee award is appropriate when a Rule 11 motion lacks merit, as this one does. Desert Rose's motion for sanctions is largely several pages of the Brothel contesting Plaintiff's facts, then briefly restating the law, and inserting a few conclusory statements about how Plaintiff's counsel violated Rule 11.[3] ECF 153 at 2-8. In other words, the Brothel's Rule 11 motion lacks both evidence and analysis and appears to have not been offered in good faith.

On September 13, 2024, Defendant Desert Rose threatened to file a motion for sanctions against Plaintiff and her Counsel, which was substantially similar if not identical to the motion they ultimately filed. *See* Exh. A. This notice was sent to Plaintiff's counsel the same day that Desert Rose also responded to the Court's Order to Show Cause, and also lacked any evidentiary support. *Id.*

It was also essentially the first time Desert Rose offered a substantive response to Plaintiff's allegations. Desert Rose never filed an Answer to dispute the factual claims, or a 12(b)(6) motion to contest the legal theories' validity, nor did they give any indication that they thought the Complaint was frivolous for the first seven months of this litigation.

They did not file a single substantive motion until the Court's show cause order required them to do so, simply joining other parties' filings.[4] In short, Desert Rose seemed content to not

---

[3] For example: "Here, the National Center on Sexual Exploitation, on behalf of Jane Doe, filed the complaint asserting two causes of actions that are clearly frivolous considering existing law and the facts and circumstances of this case. In fact, even the most cursory review of the existing law and the facts of this case would have revealed that each and every claim asserted by Jane Doe is a misrepresentation and/or fabrication of the true facts and circumstances of this case." ECF 153 at 7.

[4] *See, e.g.*, ECF 32 (joining Counties' motion to dismiss); ECF 33 (joining Mustang Ranch Brothel's motion to dismiss); ECF 34 (joining Counties' motion to dismiss reply); ECF 35 (joining Mustang Ranch Brothel's motion to dismiss reply); ECF 36 (joining Mustang Ranch Brothel's motion to stay discovery); ECF 41 (joining State's motion to dismiss); and ECF 78 (joining Counties' opposition to Plaintiff's motion for a protective order).

even actively litigate this case until there was a significant chance that they might have to face Plaintiff's allegations in discovery.

Desert Rose also seems to imply to the court that Plaintiff's counsel's refused to dismiss the complaint out of hand. But Plaintiff's counsel sent the Brothel a letter on October 4, 2024, containing many of the arguments in this response, and the Brothel did not acknowledge, let alone refute, those contentions. *See* Exh. B. Plaintiff's counsel noted:

> Ultimately, the draft motion contains multiple unsupported counter-assertions, which do not refute Plaintiff's claims, let alone establish that they are frivolous. Accordingly, it cannot serve as a defensible foundation for pursuing sanctions, and Plaintiff's counsel declines to withdraw the Complaint as to Desert Rose Brothel on this basis.

*Id.* at p. 2, ¶4. Desert Rose never responded, not even to acknowledge that they received the letter. *Id.* at p. 2, ¶1.[5]

Plaintiff Jane Doe then filed a declaration supporting allegations in the Complaint before the instant motion was filed. *See* ECF 145, Exh. A. Plaintiff Jane Doe has attested to the truth of the Complaint's assertions against Defendant Desert Rose, and the appropriate medium for challenging Plaintiff Jane Doe's alleged facts is an Answer, not a demand for sanctions.

Because this Rule 11 motion itself is meritless and appears to have been offered in bad faith, Plaintiff and her counsel urges its rejection and asks for attorneys' fees in connection with defending against it.

---

[5] Defendant had drafted its motion by September 13, 2024, and the court's decision on the Order to Show Cause was issued on October 21, 2024. Desert Rose waited several more weeks, presumably to time the motion so that Plaintiff's response would be due the day after a major holiday.

## CONCLUSION

For the foregoing reasons, Plaintiff and her counsel respectfully request that Defendant Desert Rose Brothel's motion for sanctions be DENIED.

Respectfully submitted,

Dated: November 27, 2024

*/s/ Christen M. Price*
Christen M. Price
(*admitted pro hac vice*)
Benjamin W. Bull (*admitted pro hac vice*)
Peter A. Gentala (*admitted pro hac vice*)
Dani Bianculli Pinter (*admitted pro hac vice*)
Victoria Hirsch (*admitted pro hac vice*)
NATIONAL CENTER ON SEXUAL EXPLOITATION

Jason D. Guinasso (SBN #8478)
GUINASSO LAW, LTD.
*Attorneys for Plaintiff*

**ELECTRONIC CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I hereby certify that on this 27th day of November, 2024, a true and correct copy of the foregoing **PLAINTIFF'S REPLY TO DEFENDANT DESERT ROSE CLUB, LLC'S RULE 11 MOTION FOR SANCTIONS [ECF NO. 153]** was electronically filed with the United States District Court. Electronic service of the foregoing document shall be made in accordance with the Master Service List.

*/s/ Jennifer Johnson*