# EXHIBIT B

 NATIONAL CENTER ON SEXUAL EXPLOITATION

October 4, 2024

**VIA E-MAIL**
David C. O'Mara
O'Mara Law Firm, PC
311 E. Liberty Street
Reno, NV 89501

  Re: *Doe v. Desert Rose, LLC, et al*, Case No.: 3:24-cv-00065-MMD-CLB

Dear Mr. O'Mara,

Counsel for Plaintiff Jane Doe has received your letter dated Sept 13, 2024, in which you threaten to file a motion for sanctions against Plaintiff and her Counsel, on the grounds that your client, Defendant Desert Rose Brothel, disagrees with Plaintiff's legal theories, some of Plaintiff's alleged facts, and Plaintiff's interpretation of other alleged facts.

But simply disagreeing with the Complaint's assertions or interpretation of the law is not a basis for sanctions, but the very nature of litigation in an adversarial system. *See Humphries v. Button*, 2024 WL 1241218, at *3 (D. Nev. Mar. 22, 2024) ("Disagreement, even vehement, heartfelt, intense disagreement with the other side's presentation of facts is not a basis for Rule 11 sanctions. This happens all the time in litigation. Big corporations sue each other spending millions and millions and millions of dollars because they vehemently disagree about facts. And ultimately, it is either the judge or the jury who decides whose set of facts are right. But before that, the disagreement, no matter how intense . . . is not sufficient to warrant Rule 11 sanctions.").

The draft motion asserts that Plaintiff's claims have no basis in law but cites no legal authority for those assertions. Draft Mot. at 2, 6-7. The Complaint is certainly not meritless as to existing law, as Plaintiffs have another case moving forward in this same district on very similar facts against Chicken Ranch Brothel. *See Williams v. Sisolak*, No. 2:21-CV-01676-APG-VCF, 2022 WL 2819842, at *7 (D. Nev. July 18, 2022).

Additionally, Desert Rose does not even contest many of Plaintiff's facts – only Plaintiff's interpretation of them – which again, is exactly what litigation exists to sort out. For example, Desert Rose Brothel agrees with Plaintiff Jane Doe's assertion that the brothel took 50% of the money she made, but argues that this is not a problem because it disclosed this arrangement to her beforehand. Draft Mot. at 2-3. Even if that were true, Plaintiff's argument is not that she was not put on notice, but that such a financial arrangement, together with the Desert Rose Brothel's other actions, constituted coercive conditions to induce commercial sex acts, which is sex trafficking under federal law. *See e.g.*, ECF 115.

Moreover, the draft motion has no evidence within or attached to it, including no declaration or other attempts to establish facts at all, let alone that Plaintiff's counsel should have known of and in bad faith mischaracterized certain facts. Plaintiff Jane has attested to the truth of the Complaint's assertions against Defendant Desert Rose Brothel, and the appropriate medium for challenging Plaintiff Jane Doe's alleged facts is an Answer.

But Defendant Desert Rose Brothel did not file one, nor did it file a single substantive motion in the six months of this litigation until the Court's show cause order, simply joining other parties' filings. ECF 32 (joining Counties' motion to dismiss); ECF 33 (joining Mustang Ranch Brothel's motion to dismiss); ECF 34 (joining Counties' motion to dismiss reply); ECF 35 (joining Mustang Ranch Brothel's motion to dismiss reply); ECF 36 (joining Mustang Ranch Brothel's motion to stay discovery); ECF 41 (joining State's motion to dismiss); and ECF 78 (joining Counties' opposition to Plaintiff's motion for a protective order).

Given this, your letter thus represents an odd escalation, especially when Desert Rose Brothel claims that certain allegations in the Complaint are false based on what Desert Rose claims it does *now*, which has nothing to do with what it did during the time period described in the Complaint. *Compare* ECF 1 at 35 *with* Draft Mot. at 3-5.

Ultimately, the draft motion contains multiple unsupported counter-assertions, which do not refute Plaintiff's claims, let alone establish that they are frivolous. Accordingly, it cannot serve as a defensible foundation for pursuing sanctions, and Plaintiff's counsel declines to withdraw the Complaint as to Desert Rose Brothel on this basis.

Best regards,

/s/ *Christen M. Price*

Christen M. Price

Senior Legal Counsel
National Center on Sexual Exploitation
*Attorney for Plaintiff Jane Doe*