1  THE O'MARA LAW FIRM, P.C.
   DAVID C. O'MARA, ESQ. (NEVADA BAR NO. 8599)
2  311 East Liberty St.
   Reno, Nevada 89501
3  775-323-1321
   775-323-4082 (fax)
4  david@omaralaw.net

5  *Attorney for Desert Rose Club, LLC*

10              UNITED STATES DISTRICT COURT
                   DISTRICT OF NEVADA

12  JANE DOE;                           Case No. 3:24-cv-00065-MMD-CLB

            Plaintiffs,
13
    v.
14                                      **DEFENDANT DESERT ROSE CLUB,**
                                        **LLC's REPLY IN SUPPORT OF RULE 11**
15  JOSEPH LOMBARDO, Governor of        **MOTION FOR SANCTIONS**
    Nevada, in his official capacity; AARON
16  FORD, Attorney General of Nevada, in
    his official capacity; NYE COUNTY;
17  ELKO COUNTY; STOREY COUNTY;
    WESTERN BEST, INC. D/B/A
18  CHICKEN RANCH; WESTERN BEST,
    LLC; DESERT ROSE CLUB, LLC;
19  HACIENDA ROOMING HOUSE, INC.
    D/B/A BELLA'S HACIENDA RANCH;
20  MUSTANG RANCH PRODUCTIONS,
    LLC D/B/A MUSTANG RANCH
21  LOUNGE, LLC' LEONARD "LANCE"
    GILMAN, in his official capacity; and
22  LEONARD "LANCE" GILMAN, in his
    individual capacity.

23          Defendants.

- 1 -

1    Defendant, Desert Rose Club, LLC ("Desert Rose") by and through its counsel of record,
2 hereby files its response in support of its motion for an order awarding sanctions pursuant to Federal
3 Rule of Civil Procedure 11 against JANE DOE and her attorneys at the National Center on Sexual
4 Exploitation, Benjamin W. Bull, Peter A Gentala, Dani Bianculli Pinter, Christen M. Price and
5 Victoria Hirsch. Desert Rose seeks an award of reasonable attorneys' fees and costs expended in
6 responding to the frivolous and malicious complaint filed by Plaintiff as well as other sanctions
7 sufficient to deter the petition of such conduct or comparable conduct by others similarly situated.

8    On September 13, 2024, Desert Rose submitted a Motion for Rule 11 Sanctions to Plaintiff's
9 counsel. Even while having admitted that several allegations within the complaint were
10 misrepresentations, Plaintiff failed to correct the misrepresentation or withdraw the complaint.

11    Accordingly, on November 15, 2024, Desert Rose filed a Rule 111 Motion for Sanctions
12 against Plaintiff.  While Plaintiff refuses to provide her name, and thus, allow Desert Rose to
13 adequately defend itself from this frivolous and harassing litigation, Plaintiff argues that the motion
14 "fails to properly recognize the Ninth Circuit's standards for designating a complaint as frivolous,
15 and makes factual and conclusory allegations within attaching affidavits, or even an Answer." ECF
16 No. 155.

17    A court considering a motion pursuant to Rule 11 must do two things: (1) decide whether a
18 Rule 11 violation has occurred, and (2) decide whether to impose sanctions. *See McMahon v. Best,*
19 2000 WL 1071828 at 7 (N.D. Cal. 2000), *citing Warren v. Guelker*, 29 F.3d 1386, 1389. A district
20 court must determine whether the complaint is legally or factually "baseless" from an objective
21 perspective, and that the attorney has conducted "a reasonable and competent inquiry before signing
22 and filing." *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (citation omitted).  In
23 this case, the complaint, based upon an objective perspective, is factually "baseless" because it
24 contains several misrepresentations, and allegations that are not based on facts.

25    **First,** Desert Rose is not merely alleging disagreement over the fact of this case.  Indeed,
26 Plaintiff herself has acknowledged that she misrepresented several allegations against Desert Rose,
27 and while she has changed her position, under oath, she failed to make any changes to the complaint.
28 Indeed, Plaintiff confirms in her Declaration of Jane Doe filed on November 11, 2024, (ECF No.

115), that the allegation (or claimed fact) that "Desert Rose took 50% of the fees that Jane Doe and the other women got from the sex buyers" was a misrepresentation. *See* ECF No. 1 ¶ 236.

Indeed, Plaintiff and her counsel knew that several allegations made against Desert Rose were misrepresentation because when Plaintiff was required to declare, under penalty of perjury, she changed her allegation that Desert Rose took 50% of the fees, and instead, stated, under penalty of perjury, "[w]hile Desert Rose was prostituting me, the brothel took large percentages of the money I made." ECF No. 1 ¶ 13. As such, Plaintiff has confirmed that the allegation of 50% of the fees was a misrepresentation, and Plaintiff should have, upon notice of the motion for sanctions, taken then necessary steps to withdraw the misrepresentation.[1]

Plaintiff's counsel would have known that the factual allegation of the 50% fees was not supported by the evidence, and instead, included it in the Complaint and then failed to take the necessary action to remove the misrepresentation when a demand was made. While Plaintiff's counsel would have been aware of this misrepresentation upon a cursory investigation prior to filing the complaint, Plaintiff's counsel was certainly aware of the misrepresentation when it filed Plaintiff's declaration, and when it received the motion for sanctions under the safe-harbor rule.

Plaintiff ignores Desert Rose's assertion that it did not take 50% of the money Plaintiff made. Indeed, the motion was clear that Plaintiff received far more than 50% of the money she made because she had several methods of making money from a so-called "sex buyer." This is not a case of disagreement with the facts because Plaintiff's allegation was not based upon fact, but was a false statement, as acknowledged in her subsequent Declaration. ECF No. 155.

**Second,** Plaintiff does not dispute Desert Rose's factual contention that a cursory investigation would have determined that Desert Rose has a common area maintenance fee (CAM) of $50 per week; that there is housecleaning service that clean the common areas, with workers only cleaning up after themselves and their personal areas. Plaintiff, unfortunately, when presented with

---

[1] Plaintiff, while stating under oath in her Declaration that it was a large percentage of money that she made, still allowed her counsel to maintain the misrepresentation that Desert Ranch took 50% of the fees Plaintiff received from sex buyers. See ECF No. 115(8:27). Missing from Plaintiffs new position is the allegation that Desert Rose took 50 of the fees from the other women. Compare, ECF No. 1 (354-5) and ECF No. 155 (8:27) and ECF No. 145-1 (3:9-13).

the truth, decided that she did not need to correct the record from the misrepresentation that, "Dessert Rose did not offer food and charged Jane Doe and the other women $50 a week for cleaning fees, even though the women themselves had to do the cleaning." *Id* at ¶ 237. Plaintiffs' counsel failed to provide what, if any, cursory investigation undertaken when it allowed this allegation to be included in the Complaint, or after receiving the Motion for Sanctions. Additionally, even Plaintiff doesn't even continue to make this allegation in her Declaration as it was not included.

*Third*, the allegations made by Plaintiff continue to change with every action she is called on to make, including the filing of the Complaint to her Declaration. Indeed, Plaintiff's story/misrepresentations are changing daily. Indeed, while originally alleging (albeit untruthfully) "Desert Rose required Jane Doe and the other women to "work" from 4 pm to 4 am each day, amounting to 72 hours per week" (ECF No. 1at ¶ 238.), Plaintiff has now embellished her allegation to include that she was "forced []to work excessive hours -sometimes more than 72 hours per week." ECF No. 145-1 "

Again, Plaintiff does not dispute that it has Plaintiffs text message regarding Plaintiff asking and receiving time to leave the premises, but just ignores addressing the issue in its entirety. Indeed, it is because there was no investigation by counsel to support the misrepresentations made by Plaintiff. Plaintiff fails to show there is any evidentiary support for the flat-out misrepresentations made by Plaintiff regarding the working schedules maintained while at Desert Rose, and it is clear that counsel failed to undertake even the most minuscule investigation regarding this allegation.

*Fourth*, Plaintiff does not dispute the factual statement by Desert Rose that it does not send the workers into town, let alone coach the women in how to avoid discussing prostitution. Again, Plaintiff doesn't even include this misrepresentation in her Declaration.

*Fifth*, Plaintiff fails to dispute or acknowledge the true fact that Desert Rose does not ever implement fines on any workers. Again, even Plaintiff doesn't maintain this allegation in her Declaration because the fact of the matter is that Desert Rose does not, nor has it ever implemented fines on any workers.

*Sixth*, Plaintiff fails to dispute the true facts that (1) Desert Rose does not have a dress code that requires the women to wear high heels, (2) Desert Rose only askes the women to not be bare

footed or in sandals and are presentable and (3) Desert Rose ladies can wear all types of boots, shoes and high heels, whichever the ladies prefer. Again, this allegation was not within Plaintiff's Declaration, nor does counsel provide any evidence that would have show their investigation supported making such a misrepresentation.

**Seventh**, Plaintiff does not address her misrepresentation that Desert Rose charged her "$90 a week for STI testing and $110 for the test that were required monthly" (*Id* at ¶ 242.) when Elko PD is the government agency that requires these tests to obtain a work permit. This fee is paid to the clinic that does the testing and is part of the women's licensing and their business expenses. Again, there is no dispute by Plaintiff that the true fact is set forth by Desert Rose, and not within Plaintiff's allegations/misrepresentations.

**Eight**, Plaintiff again fails to address the fact that it has misrepresented that Desert Rose maintained a barbed wire fence around the brothel. Instead, Plaintiff and counsel remained silent and/or provided no evidentiary support that was uncovered during counsel's investigation showing barbed wire fencing around the brothel. Again, there is the fact that there is no barbed wire around the brothel, or there is a misrepresentation that there is barbed wire. There cannot be both.

**Ninth**, Plaintiff does not dispute that Gabe Ornelas never brandished guns, nor was there an incident where a woman was shot. Again, Plaintiff remains silent and provides no evidentiary support for its misrepresentations.

**Tenth**, and probably the most telling of Plaintiff's misrepresentation and counsel's failure to provide an investigation prior to filing, is the failure to address the claim by Desert Rose that the non-disclosure agreement does not prohibit the women from talking negative about the brothel. Indeed, Plaintiff and her counsel have a copy of this document and it will clearly show that Plaintiff's allegation that she "was required to sign a non-disclosure agreement and agree to not say negative things about them" is a misrepresentation. *Id* at ¶ 249. Indeed, Plaintiff doesn't even provide a copy of this alleged non-disclosure agreement or provide any supporting evidence.[2]

---

[2] Upon the obtaining the name of Plaintiff, more information, such as the hours/days Plaintiff worked, the agreements between Plaintiff and Desert Rose, the work schedule, communications, and

***Eleventh,*** Plaintiff alleges that she "owed Desert Rose money as a result of these practices" and that "most women at Desert Rose went into debt after being there" however, in her declaration, Plaintiff takes the position that "Jane Doe went into debt due to Desert Rose's policies." *See* ECF No. 115 (9:6). It is two different things to originally claim Plaintiff owed Desert Rose money to then claim Plaintiff went into debt.

The filing of this motion for sanction has been more difficult because Plaintiff continues to delay the Court's decision that she must provide her name and not continue to use Jane Doe. During this process, Plaintiff and counsel simply do not want to address the issue because Plaintiff and counsel know Desert Rose sets forth the true facts, and they don't want to be caught providing more misrepresentation. Again, this is not a situation where there are competing facts, this is a situation where Desert Rose has provided the facts and circumstances of the matter to show Plaintiff's misrepresentations that should have and would have been known if Plaintiff's counsel did just the minimum investigation.

Desert Rose has set forth several allegations made by Plaintiff that are misrepresentations. These allegations have no factual or evidentiary support as shown by the failure of Plaintiff to dispute the claims made by Desert Rose.

Accordingly, Plaintiff and her attorneys and law firms violated FRCP 11 by filing a pleading that is unwarranted by existing law and lacks evidence support.

Accordingly, when looking at the two-prong inquiry it is clear that the complaint is factually "baseless" from an objective perspective, and to that the attorneys have not conducted "a reasonable and competent inquiry before signing and filing." *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (citation omitted). Counsel "has a duty prior to filing a complaint, not only to the conduct a reasonable factual investigation, but also to perform adequate legal research that confirms whether the theoretical underpinnings of the complaint are 'warranted by existing law or a good

---

the non-disclosure document will be provided and will show the clear abuse and misrepresentations contained in Plaintiff's Complaint.

faith, argument for an extension, modification or reversal of existing law.'" *Id.* Unfortunately, that did not occur in this case.

Plaintiff and her counsel were provided with the necessary Safe Harbor time that would have allowed Plaintiff to withdraw the meritless pleading (or the numerous misrepresentations) and escape sanctions. *See, e.g. Barber v. Miller*, 146 F.3d 707 (9th Cir. 1998). Counsel for plaintiff declined to dismiss the complaint and made no effort to correct or amend the claims after being served with a Rule 11 motion. Accordingly, this Court should either grant the motion for hearing or conduct a hearing upon the naming of Plaintiff so that specific evidentiary support can be provided related to Plaintiff specifically.

Desert Rose's motion was filed in good faith and for the purpose of allowing Plaintiff the opportunity to correct her misrepresentations regarding Desert Rose. Desert Rose has provided the specifical legal citations for the process this Court should take when determining whether sanctions should be issued against Plaintiff and her counsel. Desert Rose has provided the true facts of this case to show the misrepresentation made by Plaintiff who has either confirmed Desert Rose's truthful statements or remained silent and refused to dispute or address. There is no reason for Desert Rose to unnecessarily spend money, which is what Plaintiff seeks to accomplish, on filing responsive pleadings that already address issues Desert Rose. Desert Rose does not need to file an Answer when it has provided Plaintiff and her counsel clear facts regarding the misrepresentations with the Complaint, which Plaintiff and her counsel could have, and should have addressed with the modification of the Complaint.

Accordingly, the motion for sanctions sets forth several misrepresentations that are acknowledged by Plaintiff's filing of her declaration setting forth different factual allegations that contradict her allegations in the complaint. Moreover, Plaintiff and her counsel have remained silent as to the true facts set forth by Desert Rose that shows the allegations made by Plaintiff are misrepresentations that would be uncovered by a simple investigation by counsel.

1 | The Motion should be granted.

2 | Dated: December 4, 2024                      THE O'MARA LAW FIRM, P.C.

/s/ David C. O'Mara, Esq.
DAVID C. O'MARA, ESQ.
311 E. Liberty St
Reno, NV 89501
775.323.1321
david@omaralaw.net

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2024, I served the foregoing document by the Court's electronic filing system on December 4, 2024 on the parties to this matter.

Dated: December 4, 2024                    /s/ Bryan Snyder
                                                                         Bryan Snyder