UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JANE DOE, | Case No. 3:24-cv-00065-MMD-CSD |
| Plaintiff, | ORDER |
| v. | |
| JOSEPH LOMBARDO, in his capacity as Governor of the State of Nevada, *et al.*, | |
| Defendants. | |

**I.    SUMMARY**

Anonymous Plaintiff "Jane Doe" filed this action to challenge Nevada's system of legalized prostitution, alleging violations of the Thirteenth Amendment and the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §§ 1591(A)(1)-(2), 1595, arising from her time working at four Nevada establishments licensed to sell sexual services. (ECF No. 1 ("Complaint").) Plaintiff originally asserted claims against those four establishments ("Brothel Defendants")[1], as well as their respective counties ("County Defendants"), and Nevada's Governor and Attorney General ("State Defendants"). (*Id.*) On August 16, 2024, the Court dismissed Plaintiff's claims against State and County Defendants—as well as Plaintiff's prospective relief claims against Brothel Defendants—for lack of standing. (ECF No. 112 ("Dismissal Order").) After directing further briefing, the Court dismissed Plaintiff's Thirteenth Amendment claims against Brothel Defendants. (ECF No. 141 at 6-7.) The Dismissal Order noted a pending motion to intervene by

---

[1]Brothel Defendants are Western Best, Inc. d/b/a Chicken Ranch ("Chicken Ranch"); Desert Rose Club, LLC ("Desert Rose Club"); Hacienda Rooming House, Inc. d/b/a Bella's Hacienda Ranch ("Bella's Hacienda Ranch"); Mustang Ranch Productions, LLC d/b/a Mustang Ranch Lounge, LLC ("Mustang Ranch"), and Lance Gilman, owner of Mustang Ranch, in his individual capacity (collectively, "Mustang Ranch Defendants").

Proposed Intervenor Defendant Russell Greer. (ECF No. 109 ("Motion to Intervene")[2].) Because the Motion to Intervene has generated several filings and motions to strike these filings[3], the Court will address the Motion to avoid further unnecessary filings and conserve judicial resources. The Court will also address County Defendants' motion to certify the order dismissing them from the case as final. (ECF No. 120 ("Motion to Certify").)

## II.   DISCUSSION

### A.   Motion to Intervene (ECF No. 109)

Greer seeks to intervene as a defendant "in his official capacity as the director of a political action committee, called A Safer Nevada (ASN)."[4] (ECF No. 109 at 3.) Greer states that "[h]is seeking to intervene falls along the theory/argument offered by County Defendants: the political question doctrine." (*Id.*) But Greer's framing of his interest alone is fatal to his Motion.

Greer argues that he meets the criteria for both intervention as of right and permissive intervention under Federal Rule of Civil Procedure 24(a) and (b). The Ninth Circuit's four-part test for intervention as of right requires, as the fourth prong, the party seeking intervention to show that his interest is "inadequately represented by the parties to the action." *Wilderness Soc'y v. United States Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (internal quotation marks and citation omitted). Similarly, in exercising its discretion whether to grant permissive intervention, courts consider factors that include whether the applicant's interests are adequately represented by the existing parties and

---

[2]Months later, on December 9, 2024, Greer filed an affidavit (ECF No. 157) to support the Motion to Intervene. The Court strikes the affidavit as a fugitive document because Greer did not have leave from the Court to file a supplemental document as required under LR 7-2(g).

[3]These filings are Greer's motion for hearing (ECF No. 139), Plaintiff's motion to strike (ECF No. 143), Greer's response to Plaintiff's motion for reconsideration (ECF No. 146) and request for judicial notice (ECF No. 147), and Plaintiff's motion to strike Greer's response and request (ECF No. 148).

[4]Greer admits that he unsuccessfully tried to intervene in two similar cases to assert his interest as "sex buyer." (ECF No. 109 at 2.)

whether judicial economy favors intervention. *See Venegas v. Skaggs*, 867 F.2d 527, 530-31 (9th Cir. 1989); *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (citing *Donnelly v Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)) (noting that when deciding whether to permit intervention, courts are guided primarily by practical and equitable considerations).

Here, Greer cannot demonstrate that his interest—whether as a "sex buyer" or as a representative of a political action committee raising the "political question doctrine"—is inadequately represented by defendants. In fact, Greer himself asserts that the reason he is seeking to intervene "falls along the theory/argument offered by County Defendants."[5] (ECF No. 109 at 3.) Moreover, the additional "four points" Greer offered to support intervention only underscore Plaintiff's argument that Greer seeks to raise immaterial issues and to launch an unwarranted and unprofessional personal attack against Plaintiff's counsel. (*See id.* at 3 (point no. 2 relates to a personal attack on Plaintiff's counsel's background and point no. 3 asserts that County Defendants should ask for disbarment of counsel as sanction).) Thus, both equitable and practical considerations counsel against allowing Greer to intervene, and the Court denies the Motion.

### B.   Motion to Certify (ECF No. 120)

County Defendants ask the Court to certify the order dismissing them from the case as final under Fed. R. Civ. P. 54(b). (ECF No. 120.[6]) They further ask that the certification order includes dismissal of claims against Storey County Commissioner Lance Gilman in his official capacity. (*Id.* at 11-12.)

Fed. R. Civ. P. 54(b) permits the Court to direct entry of judgment as to "one or more, but fewer than all, claims or parties only if the court expressly determines that there

---

[5]The fact that claims against County Defendants are dismissed may go to the other factors weighing against granting intervention. But the Court need not address those factors to resolve the Motion.

[6]Plaintiff filed an opposition (ECF No. 131) and County Defendants replied (ECF No. 33). State Defendants joined in both the Motion to Certify (ECF No. 130) and in County Defendants' reply (ECF No. 134).

is no just reason for delay." In considering certification, a district court "must first determine that it has rendered 'final judgment'" and then "must determine if there is any just reason for delay." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005). "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.'" *Id.* (quoting *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980). The latter inquiry "is necessary to assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals." *Id.* (internal quotation marks and citation omitted).

To start, there is no dispute here that the first inquiry is satisfied. The Court dismissed claims against Government Defendants for lack of standing, mainly based on Plaintiff's failure to establish traceability as to Government Defendants and redressability as to Plaintiff's claims for prospective relief. (ECF No. 112.) The Dismissal Order is final as to those defendants.

In dismissing the claims against Government Defendants, the Court found a distinction between the allegations and theories upon which claims are asserted against Government Defendants and against Brothel Defendants. (*Id.* at 4, 19.) As the Court found in the Dismissal Order, claims against Government Defendants are premised on allegations that Nevada's system of legalized prostitution led Plaintiff to be subjected to "commercial sex acts through force, fraud, and coercion—including psychological manipulation, constraints on her movement, and debt—in legal brothels operating in Nevada." (*Id.* at 3 (quoting ECF No. 1 at 2).) Claims against Brothel Defendants, meanwhile, are generally based on allegations that the policies and practices at the brothels themselves resulted in Plaintiff being subjected to sex trafficking and abusive conduct. (ECF No. 112 at 3-4.) This distinction between the claims makes Government Defendants' argument that certification of the Dismissal Order as final would not undermine judicial administration more persuasive. Any appeal of that Order would relate

to the legal findings as to standing and would not affect the issues that will continue to be litigated against Brothel Defendants.

Plaintiff raises one point in opposition, arguing that judicial economy favors delaying entry of final judgment until the Court rules on claims against Brothel Defendants given the Court's order to show cause as to standing. (ECF No. 131 at 3-4.) The Court has since resolved that issue, finding Plaintiff has standing to bring damage claims against Brothel Defendants. Thus, Government Defendants' argument that delaying entry of final judgment would require them to continue to expend resources to monitor this case further persuades the Court that there is no just reason for the delay. (ECF No. 120 at 19.)

County Defendants also ask that the certification order include claims against Gilman in his official capacity as Storey County Commissioner. (*Id.* at 11-12.) Plaintiff counters that County Defendants cannot seek dismissal of claims against Gilman "by implication" because the Dismissal Order did not explicitly dismiss claims against Gilman in his official capacity. (ECF No. 131 at 4.) It is true that the Dismissal Order defined "County Defendants" as the three counties (Nye, Elko and Storey counties) who are named defendants. (ECF No. 112 at 1 n. 2.) But the Dismissal Order recognized that Lance Gilman is named both in his official capacity as Storey County Commissioner and in his capacity as owner of Defendant Mustang Ranch. (*Id.* at 14.) The analysis that applies to State Defendants sued in their official capacity and County Defendants equally applies to Gilman in his official capacity as Storey County Commissioner. Thus, to the extent the Dismissal Order is not clear, the Court clarifies that the finding of lack of standing as to claims against County Defendants cover claims against Gilman in his official capacity as Storey County Commissioner.

In sum, the Court will grant County Defendants' Motion to Certify, including their request that the certification cover dismissal of claims against Gilman in his official capacity.

///

### III. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Proposed Intervenor Russell Greer's motion to intervene (ECF No. 109) is denied.

It is further ordered that the motions relating to Greer's motion to intervene (ECF Nos. 139, 143, 147, 148) are denied as moot.

The Clerk of Court is further directed to strike Greer's affidavit (ECF No. 157).

It is further ordered that County Defendants' motion for certification of final judgment (ECF No. 120) is granted as to all Government Defendants, including Defendant Gilman in his official capacity.

The Clerk of Court is directed to enter judgment in favor of State Defendants, County Defendants[7] and Defendant Lance Gilman only his official capacity as Storey County Commissioner in accordance with the Dismissal Order (ECF No. 112).

DATED THIS 20th Day of February 2025.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[7] As stated in the Dismissal Order, State Defendants are: Joseph Lombardo, Governor of Nevada, and Aaron Ford, Attorney General of Nevada, in their official capacities; and County Defendants are: Nye, Elko, and Storey counties. (ECF No. 112 at 1 n. 1, 2.)