GUNDERSON LAW FIRM
Courtney G. Sweet, Esq.
Nevada State Bar No. 10775
csweet@gundersonlaw.com
3895 Warren Way
Reno, Nevada 89509
Telephone: (775) 829-1222
*Attorney for Mustang Ranch Productions, LLC
and L. Lance Gilman in his individual capacity*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JANE DOE;

Plaintiff,

v.

JOSEPH LOMBARDO, Governor of Nevada, in his official capacity; AARON FORD, Attorney General of Nevada, in his official capacity; NYE COUNTY; ELKO COUNTY; STOREY COUNTY; WESTERN BEST, INC. D/B/A CHICKEN RANCH; WESTERN BEST, LLC; DESERT ROSE CLUB, LLC; HACIENDA ROOMING HOUSE, INC. D/B/A BELLA'S HACIENDA RANCH; MUSTANG RANCH PRODUCTIONS, LLC D/B/A MUSTANG RANCH LOUNGE, LLC; LEONARD "LANCE" GILMAN, in his official capacity; and LEONARD "LANCE" GILMAN, in his individual capacity,

Defendants.
_____/

Case No.: 3:24-cv-00065-MMD-CLB

**MOTION FOR SANCTIONS**

Defendants MUSTANG RANCH PRODUCTIONS, LLC and L. LANCE GILMAN in his individual capacity (together, "Mustang Defendants"), by and through their counsel of record Courtney G. Sweet, Esq., file this Motion for Sanctions against Plaintiff's counsel pursuant to 28 U.S.C. § 1927 and this Court's inherent authority. This Motion is made and based upon the following memorandum of points and authorities, the pleadings and papers on file in this case, and any oral argument the Court chooses to entertain.

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89511
(775) 829-1222

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

Jason Guinasso, Esq.; Benjamin Bull, Esq.; Peter Gentala, Esq.; Dani Bianculli Pinter, Esq.; Christen Price, Esq.; and Victoria Hirsch, Esq. (together, "Doe's Counsel") have now filed at least three nearly identical lawsuits against various defendants all in an explicit attempt to overturn Nevada's laws regarding prostitution. **Each time, Doe's attorneys sent out press releases and donation requests in connection with those lawsuits.**

Doe's Counsel have used this lawsuit as a platform to slander the Mustang Defendants and fundraise for their organization. They filed this lawsuit for the express purpose of outlawing prostitution in Nevada despite having already lost on nearly identical claims in other lawsuits twice already. When the Mustang Defendants sought to have the salacious and spurious claims against them struck so this Court could focus on the substance of Doe's claims, Doe's Counsel fought vigorously to ensure that every allegation stayed in. Then, when this Court allowed Doe to proceed with those claims against the Mustang Defendants so long as Doe disclosed her identity, Doe's Counsel simply ignored the Order and allowed Doe's claims to be dismissed.

By bringing claims to overturn Nevada's prostitution laws when those same claims had already been rejected *twice* by other courts, Doe's Counsel recklessly raised frivolous arguments. By then outright abandoning claims against the Mustang Defendants that this Court allowed Doe to pursue, and which Doe's Counsel had spent over a year fighting to preserve, it is clear that Doe's Counsel also brought these claims to harass the Mustang Defendants and other named defendants.

The Mustang Defendants respectfully ask this Court to sanction Jason Guinasso, Esq.; Benjamin Bull, Esq.; Peter Gentala, Esq.; Dani Bianculli Pinter, Esq.; Christen Price, Esq.; and Victoria Hirsch, Esq. pursuant to 28 U.S.C. § 1927 and this Court's inherent authority. The Mustang Defendants have been forced to spend $36,636.04 in attorneys' fees and costs defending themselves from claims that should never have been filed, and which were simply abandoned after over a year of litigation. This cost should be borne by Doe's Counsel.

///

///

## II. Relevant Factual History

Various filings in this case have already touched on Doe's Counsel's history of filing salacious lawsuits in an ongoing quest for publicity. In light of the abandonment of this most recent lawsuit, the Mustang Defendants provide the following summary of the three nearly identical lawsuits that have been filed in the past four years.

In February 2019, attorney Jason Guinasso, Esq. filed a *Complaint for Declaratory and Injunctive Relief* (amended in March 2019 to a *First Amended Complaint for Declaratory and Injunctive Relief*) on behalf of Plaintiffs Rebekah Charleston, Angela Delgado-Williams, and Leah Albright-Byrd against the State of Nevada, Steve Sisolak in his capacity as Governor of the State of Nevada, and the Legislature of the State of Nevada (the "2019 Lawsuit"). (United States District Court Case No. 3:19-cv-00107-MMD-WGC (ECF No. 12)). The Complaint in the 2019 Lawsuit stated three causes of action: (1) "Violation of Civil Rights: 42 U.S.C. § 1983, Fourteenth Amendment - State Created Danger"; (2) "Violation of Civil Rights: 42 U.S.C. § 1983, Fourteenth Amendment – Deprivation of Federal Rights"; and (3) "Declaratory / Injunctive Relief – Nev. Rev. Stat. 201.354(1) and Nev. Red. Stat. 244.345(8) are Preempted by Both the Mann Act (U.S.C. 18 § 2422(a)) and the TVPA (22 U.S.C. § 7101-7114) and are in Violation of the Supremacy Clause of the US Constitution." As relief, the plaintiff sought a federal court order that would declare Nevada's state and county laws legalizing prostitution to be unconstitutional and void under federal law; an injunction prohibiting the State of Nevada and all associated counties from enforcing or implementing the laws that allow prostitution; and for the creation of a $2,000,000 "Nevada Sex Trade Exit Fund" allocated from state funds that would be "specifically for people seeking to exit the sex trade . . . and receive services such as mental health services, rent assistant, job training, scholarships, funding for childcare, medical treatments, tattoo removal, etc." (3:19-cv-00107-MMD-WGC (ECF No. 12)). In addition to the factual allegations asserted by the Plaintiffs in the 2019 Lawsuit, Plaintiff's counsel spent approximately half of the *First Amended Complaint* railing against prostitution as an industry. Id.

On May 23, 2019 – less than two months after the 2019 Lawsuit was filed – a two-minute YouTube video was released by the National Center on Sexual Exploitation in Washington, DC

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89511
(775) 829-1222

3

("NCSE") featuring Plaintiff Rebekah Charleston and various other unidentified persons attacking the legal prostitution system in Nevada and soliciting donations. The video was also accompanied by a press release from NCSE which specifically referenced the 2019 Lawsuit.[1]

In October 2019, the Court dismissed the 2019 Lawsuit, holding that the plaintiffs lacked standing to bring their claims. (3:19-cv-00107-MMD-WGC (ECF No. 52))

Plaintiffs appealed this dismissal, but on December 10, 2020 the Ninth Circuit Court of Appeals upheld the District Court's Order. Charleston v. Nevada, 830 F. App'x 948 (9th Cir. 2020). While the appeal was pending, NCSE issued another press release touting its involvement in the case and directing readers to websites where it solicited donations.[2] When the Ninth Circuit's opinion was issued, NCSE sent yet another press release and directed readers to a website that again solicited donations to NCSE.[3]

Less than a year after the Ninth Circuit upheld the dismissal of the 2019 Lawsuit, attorney Jason Guinasso, Esq. filed a new *Complaint for Declaratory and Injunctive Relief* in the United States District Court for the District of Nevada, Case 2:21-cv-01676-APG-MDC ("2021 Lawsuit"). In the 2021 Lawsuit, Guinasso was joined by attorneys Benajmin Bull, Esq.; Peter Gentala, Esq.; Dani Bianculli Pinter, Esq.; Christen Price, Esq.; and Pansy Watson, Esq., all from NCSE and all seeking to appear in Nevada on a *pro hac vice* basis. (2:21-cv-01676-APG-MDC (ECF No. 1)).

In the 2021 Lawsuit, Guinasso and the other five attorneys represented Plaintiffs Angela Williams – the same Angela Williams who had already been a plaintiff in the 2019 Lawsuit – and an anonymous "Jane Doe" against Defendants Steve Sisolak as Governor of Nevada in his official capacity; Aaron Ford as Attorney General of Nevada in his official capacity; The City of Las Vegas; Clark County; Nye County; and various private individuals and entities. (2:21-cv-01676-APG-MDC (ECF No. 1)). Once again, more than half of the *Complaint* was a polemic expressing counsel's opinions against prostitution in its entirety. Although the defendants differed somewhat from the 2019

---

[1] NCSE Statement (May 23, 2019), https://endsexualexploitation.org/articles/statement-survivors-of-sexual-exploitation-and-trafficking-send-message-nevada-is-not-safe-for-women/
[2] NCSE Statement, *NCOSE Law Center Will Argue on Behalf of Two Sex Trafficking Survivors in 9th Circuit Court of Appeals on December 9* (Oct. 8, 2020), https://endsexualexploitation.org/articles/statement-nevadas-legalized-prostitution-violates-thirteenth-amendment-holds-women-and-girls-in-sex-slavery/
[3] NCSE Statement (Dec. 12, 2020), https://endsexualexploitation.org/articles/statement-ncose-issues-statement-on-charleston-v-nevada/

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89511
(775) 829-1222

Lawsuit, the overall goal of both lawsuits was the same: elimination of Nevada's legal prostitution industry. A *First Amended Complaint* was filed on November 10, 2021 which added a second "Jane Doe" plaintiff and additional private defendants but did not otherwise change the substance or the stated goals of the *Complaint*. (2:21-cv-01676-APG-MDC (ECF No. 49)).

Two days after the 2021 Lawsuit was filed, NCSE issued yet another press release.[4] As with all its other press releases, NCSE includes a request for donations on that same press release page. NCSE also created a separate website, https://endsexualexploitation.org/nevada-is-not-safe-for-women/, in which it discusses the 2021 Lawsuit at length and repeatedly asked readers for donations to support its cause.[5]

The 2021 Lawsuit was dismissed against the governmental defendants on July 18, 2022. [ECF 171]. The remainder of the 2021 Lawsuit was stayed while an appeal was pending; that appeal upheld the District Court's decision on January 18, 2024. *Williams v. Sisolak*, 2022 WL 2819842, at *9 (D. Nev., July 18, 2022); *see also*, *Williams v. Sisolak*, 2024 WL 194180, at *2 (9th Cir., Jan. 18, 2024).

Three weeks later, these same attorneys filed a ***third*** lawsuit that was substantively identical to the other two (the "2024 Lawsuit"). The 2024 Lawsuit stated nearly identical allegations as the 2021 Lawsuit, including the same causes of action and many of the same Defendants. (Compl. (ECF No. 1). As in the 2019 Lawsuit and the 2021 Lawsuit, the plaintiff in the 2024 Lawsuit was once again an anonymous "Jane Doe"; however, the 2024 Lawsuit did not have the benefit of even a single named plaintiff. (ECF No. 1).

As with every other lawsuit, NCSE issued a press release about the 2024 Lawsuit the very same day that it was filed.[6] NCSE again used the press release as an opportunity for fundraising and to publicize the same lawsuit that it had now brought three times.

As this Court is well aware, Jane Doe's claims in the 2024 Lawsuit were quickly dismissed with prejudice as to the Government Defendants (ECF No. 112). Jane Doe was permitted to continue certain claims against the Brothel Defendants, but only if she disclosed her identity. (ECF No. 141).

---

[4] NCSE Statement (Sept. 13, 2021), https://endsexualexploitation.org/articles/sex-trafficking-survivors-sue-nevada-for-enabling-sexual-slavery%E2%80%AF/
[5] This website has since been updated to also include information about the 2024 Lawsuit, discussed below.
[6] NCSE Statement, *Sex Trafficking Survivor Sues Nevada, Government Officials, Brothels, and Brothel Owner/County Commissioner for Violating 13th Amendment* (Feb. 8, 2024) https://endsexualexploitation.org/articles/state-enabled-sex-slavery-exposed-by-nevada-brothel-lawsuit/

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89511
(775) 829-1222

Jane Doe refused to do so, even after this Court granted her a second opportunity to prevent her lawsuit from being dismissed. (ECF No. 141; ECF No. 166).

The 2024 Lawsuit, brought by Jason Guinasso, Esq.; Benjamin Bull, Esq.; Peter Gentala, Esq.; Dani Bianculli Pinter, Esq.; Christen Price, Esq.; and Victoria Hirsch, Esq. on behalf of yet another anonymous plaintiff, is the third lawsuit in nearly as many years. Each of these lawsuits has been nearly identical to each other and each has been similarly unsuccessful in its stated goal of outlawing prostitution in Nevada. The Brothel Defendants, including these Mustang Defendants, have been forced to incur substantial legal fees defending against a lawsuit whose primary purpose appears to be fundraising for NCSE.

### III.  Argument

The Mustang Defendants file this Motion for Sanctions pursuant to 28 U.S.C. § 1927 and this Court's inherent authority. This lawsuit is the third in a series of nearly identical lawsuits brought by the same set of attorneys, all with the stated purpose of outlawing prostitution in Nevada and all used as explicit fundraising opportunities by the NCSE. None of these lawsuits has succeeded in their stated goals, but all of them have caused the various defendants to incur tens of thousands of dollars in attorneys' fees defending themselves from these salacious claims. Furthermore, because the anonymous plaintiff in the present lawsuit refused to disclose her identity as ordered by this Court, the Mustang Defendants (and all other defendants in this lawsuit) have no way of knowing whether this "Jane Doe" even exists, much less whether her allegations could have ever passed the FRCP 11 requirements. **By refusing to disclose her identity and allowing this case to be dismissed without prejudice, "Jane Doe" and her counsel can abandon this fundraising-driven lawsuit while the Mustang Defendants are left paying tens of thousands of dollars in attorneys' fees on a case that should never have been brought.**

*A. The Mustang Defendants Request Sanctions Against Doe's Counsel Pursuant to 28 U.S.C. § 1927.*

28 U.S.C. § 1927 states in its entirety, "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs,

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89511
(775) 829-1222

6

1  expenses, and attorneys' fees reasonably incurred because of such conduct." These sanctions are awarded against the individual attorneys who appeared in the lawsuit and whose conduct gave rise to the need for sanctions. Id. The decision to impose §1927 sanctions requires a finding of "an attorney's bad faith under a subjective standard." Salstrom v. Citicorp Credit Servs., Inc., 74 F.3d 183, 184–85 (9th Cir. 1996) (quoting MGIC Indem. Corp. v. Moore, 952 F.2d 1120, 1122 (9th Cir.1991)). Sanctions under § 1927 focus on "the cumulative effect of the attorneys' conduct," rather than on just one filing as seen in Rule 11 sanctions. Id. "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." In re Keegan Mgmt. Co., Sec. Litig., 78 F.3d 431, 436 (9th Cir. 1996).

Furthermore, "§ 1927 may shift the entire financial burden of an action's defense, including attorneys' fees, if the entire course of proceedings was unwarranted and should not have been commenced or pursued," including the cost of obtaining those sanctions. Blixseth v. Yellowstone Mountain Club, LLC, 854 F.3d 626, 632 (9th Cir. 2017). Sanctions under § 1927 have been upheld when they arise from a plaintiff trying to file an "amended complaint that did not materially differ from one which the district court had already concluded did not state a claim." Wages v. I.R.S., 915 F.2d 1230, 1235 (9th Cir. 1990).

The actions by Jason Guinasso, Esq.; Benjamin Bull, Esq.; Peter Gentala, Esq.; Dani Bianculli Pinter, Esq.; Christen Price, Esq.; and Victoria Hirsch, Esq. (together, "Doe's Counsel") all meet the requirements of sanctions under § 1927 and warrant monetary sanctions against them personally.

Doe's Counsel has acted in clear bad faith. They know that they are raising frivolous arguments against these defendants. This is the third lawsuit they have filed, all nearly identical to one another and all with the express purpose of criminalizing legal prostitution in Nevada. None of these lawsuits have succeeded in their stated goal, but Doe's Counsel keeps filing them and keeps dragging more or different defendants in. For example, in the 2021 Lawsuit, Doe's Counsel asserted a claim for Violation of the Thirteenth Amendment against both governmental defendants and various private actors (including brothel defendants). This claim was dismissed with prejudice on July 18, 2022, because there is no free-standing private right of action under the Thirteenth Amendment and because "the plaintiffs have not sufficiently alleged a nexus between the governmental and private

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89511
(775) 829-1222

7

defendants such that the challenged conduct of sex trafficking can be fairly attributed to the state." (2021 Lawsuit, ECF No. 171 at p. 11.) Nevertheless, Doe's Counsel filed and maintained the ***exact same cause of action*** in the 2024 Lawsuit against the Mustang Defendants (and all the other named defendants), which this Court dismissed for the same reasons on October 18, 2024 (ECF No. 141). Doe's Counsel already knew that a viable claim for violation of the Thirteenth Amendment could not be asserted against any of these defendants, but they filed it anyway so they could generate a press release and donations.

Furthermore, Doe's Counsel is also arguing theoretically meritorious claims for the purpose of harassing its opponents. As this Court recognized earlier in this lawsuit, this "Jane Doe" met her burden on the show-cause order and could have pursued her claims against the Brothel Defendants if she disclosed her identity (as any other plaintiff in a lawsuit is required to do). Rather than move forward with this basic requirement, Doe's Counsel simply ignored the Court's order and allowed this case to be dismissed. This is a clear showing that Doe's Counsel brought these claims for the purpose of harassing the Mustang Defendants and all other defendants, rather than for any proper or legitimate purpose.

Indeed, there is no question that the actual purpose of these lawsuits is to fundraise for NCSE. The vast majority of the allegations contained in each of the lawsuits filed by Doe's Counsel have focused on the purported harms of prostitution as a whole, rather than on any specific harm suffered by the named plaintiff, and **Doe's Counsel has used each one of these lawsuits as fodder for their press releases and donation requests**. Undeterred by their defeat in one lawsuit, Doe's Counsel just files a new lawsuit using the same basic template and repeating its ongoing requests for donations. Doe's Counsel is knowingly asserting frivolous arguments against the Mustang Defendants so it can fundraise on them.

Finally, the actions taken by Doe's Counsel in this entire lawsuit multiplied the proceedings in this case unreasonably and vexatiously. They first filed a lawsuit that had already been repeatedly dismissed, then vigorously fought every effort by the Mustang Defendants (and others) to have the lawsuit either dismissed outright or more narrowly tailored to those actual claims Jane Doe had. Doe's

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89511
(775) 829-1222

8

1  Counsel dragged this case out for over a year before finally just ignoring this Court's order to disclose
2  Jane Doe's identity and allowing the lawsuit to be dismissed.

3  Accordingly, the Mustang Defendants should be awarded the attorneys' fees they have
4  incurred in defending against this frivolous lawsuit.

5  *B. Doe's Counsel Should be Sanctioned Under the Court's Inherent Authority.*

6  In addition to 28 U.S.C. § 1927, Doe's Counsel should also be sanctioned under this Court's
7  inherent authority. There is "no question that a court may levy fee-based sanctions when a party has
8  acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation,
9  or has taken actions in the litigation for an improper purpose." Fink v. Gomez, 239 F.3d 989, 992 (9th
10 Cir. 2001). Sanctions under the Court's inherent authority require a showing of bad faith or that the
11 attorney in question acted recklessly "when combined with an additional factor such as frivolousness,
12 harassment, or an improper purpose." Id., 239 F.3d at 994.

13 As stated at length above, Doe's Counsel has acted in bad faith in bringing this lawsuit. They
14 have brought the same lawsuit over and over again, including identical causes of action that have
15 already been dismissed. Each time they file this lawsuit again, they issue a press release and seek
16 more donations.

17 *C. The Mustang Defendants Request Sanctions Against Doe's Counsel in the Amount of*
18 *$36,636.04.*

19 Both 28 U.S.C. § 1927 and this Court's inherent authority allow an award of sanctions against
20 Doe's Counsel in the amount of $36,636.04, reflecting the amount of attorneys' fees and costs that
21 the Mustang Defendants have incurred as a direct result of the excess costs, expenses, and attorneys'
22 fees reasonably incurred because of such conduct. The billing details are attached as Exhibit "1," with
23 a supporting affidavit from Courtney G. Sweet, Esq., attached as Exhibit "2."

24 **IV. Conclusion**

25 As discussed at length above, the Mustang Defendants incurred $36,636.04 in attorneys' fees
26 and costs solely as a result of Doe's Counsel's unreasonable and vexatious actions in this lawsuit.
27 The Mustang Defendants respectfully request that this Court sanction Jason Guinasso, Esq.; Benjamin
28

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89511
(775) 829-1222

Bull, Esq.; Peter Gentala, Esq.; Dani Bianculli Pinter, Esq.; Christen Price, Esq.; and Victoria Hirsch, Esq. in that amount pursuant to 28 U.S.C. § 1927 and this Court's inherent authority.

DATED this ____ day of May, 2025.

GUNDERSON LAW FIRM

By: _____
Courtney G. Sweet, Esq.
Nevada State Bar No. 10775
*Attorney for Mustang Ranch Productions, LLC and L. Lance Gilman in his individual capacity*

## CERTIFICATE OF SERVICE

Pursuant to NRCP 5(b), I certify that I am an employee of the law office of Gunderson Law Firm, and that on the ___1___ day of May, 2025, I electronically filed a true and correct copy of the **MOTION FOR SANCTIONS**, with the Clerk of the Court by using the electronic filing system which will send a notice of electronic filing to the following:

| | |
|---|---|
| Jason D. Guinasso, Esq.<br>5371 Kietzke Lane<br>Reno, Nevada 89511<br>775.853.8746<br>guinassolaw@gmail.com<br>*Attorney for Plaintiff* | THE O'MARA LAW FIRM, P.C.<br>David C. O'Mara, Esq.<br>311 East Liberty St.<br>Reno, NV 89501<br>775.323.1321<br>david@omaralaw.net<br>*Attorney for Desert Rose Club, LLC* |
| Deanna L. Forbush, Esq.<br>FOX ROTHSCHILD LLP<br>1980 Festival Plaza Drive, Suite 700<br>Las Vegas, Nevada 89135<br>Telephone: (702) 262-6899<br>Facsimile: (702) 597-5503<br>dforbush@foxrothschild.com<br>rgarner@foxrothschild.com<br>dmann@foxrothschild.com<br>*Attorneys for Defendants Western Best, Inc. d/b/a Chicken Ranch; Western Best, LLC* | Benjamin W. Bull<br>Peter A. Gentala<br>Christen M. Price<br>NATIONAL CENTER ON SEXUAL EXPLOITATION<br>1201 F Street, NW Suite 200<br>Washington, DC 20004<br>202.393.7245<br>lawcenter@ncose.com<br>*Pro Hac Vice Pending* |
| Dani Bianculli Pinter, Esq.<br>Victoria Hirsch, Esq.<br>NATIONAL CENTER ON SEXUAL EXPLOITATION<br>1201 F Street, NW Suite 200<br>Washington, DC 20004<br>202.393.7245<br>lawcenter@ncose.com<br>*Pro Hac Vice Pending* | John Neil Stephenson, Esq.<br>STEPHENSON LAW, PLLC<br>1770 Verdi Vista Court<br>Reno, Nevada 89523<br>Tel: 510-502-2347<br>johnstephensonlaw@gmail.com<br>*Attorney for Hacienda Rooming House Inc. dba Bella's Hacienda Ranch* |

/s/ Cinnamon Konieczka
Cinnamon Konieczka

11

## **EXHIBIT LIST**

| Exhibit # | Description | Pages |
|---|---|---|
| Exhibit "1" | Billing Details | 6 |
| Exhibit "2" | Supporting Affidavit from Courtney G. Sweet, Esq. | 2 |

GUNDERSON LAW FIRM
A PROFESSIONAL
LAW CORPORATION
3895 Warren Way
RENO, NEVADA 89511
(775) 829-1222

12