THE O'MARA LAW FIRM, P.C.
DAVID C. O'MARA, ESQ. (NEVADA BAR NO. 8599)
311 East Liberty St.
Reno, Nevada 89501
775-323-1321
775-323-4082 (fax)
david@omaralaw.net

*Attorney for Desert Rose Club, LLC*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JANE DOE;<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>JOSEPH LOMBARDO, Governor of Nevada, in his official capacity; AARON FORD, Attorney General of Nevada, in his official capacity; NYE COUNTY; ELKO COUNTY; STOREY COUNTY; WESTERN BEST, INC. D/B/A CHICKEN RANCH; WESTERN BEST, LLC; DESERT ROSE CLUB, LLC; HACIENDA ROOMING HOUSE, INC. D/B/A BELLA'S HACIENDA RANCH; MUSTANG RANCH PRODUCTIONS, LLC D/B/A MUSTANG RANCH LOUNGE, LLC' LEONARD "LANCE" GILMAN, in his official capacity; and LEONARD "LANCE" GILMAN, in his individual capacity.<br><br>　　　　　Defendants. | Case No. 3:24-cv-00065-MMD-CLB<br><br>**MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927 AND THE COURT'S INHERENT AUTHORITY** |

Dessert Rose Club, LLC ("Desert Rose") by and through its counsel of record David C. O'Mara, Esq., file this Motion for Sanctions against Jason Guinasso, Esq.; Benjamin Bull, Esq.; Peter Gentala, Esq.; Dani Bianculli Pinter, Esq.; Christen Price, Esq.; and Victoria Hirsch, Esq. ("Doe's counsel") pursuant to 28 U.S.C. § 1927 and this Court's inherent authority. This Motion is made and based upon the following memorandum of points and authorities, the Declaration of David C. O'Mara, in Support of the Motion for Sanctions, the pleadings and papers on file in this case, and any oral argument the Court chooses to entertain.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction

As the Court is aware, the pending litigation is one of many actions brought by Doe's Counsel, as they have filed at least three nearly identical lawsuits against various defendants. The Mustang Ranch Defendants stated in their motion for sanctions, the Doe Counsel had no problem sending out press releases and donation requests in connection with those lawsuits as well as the litigation pending before this Court. While Doe Counsel was increasing the costs of litigation by doing everything it could to keep Jane Doe's real name a secret, Doe Counsel was actively seeking donations from the general public.

Doe's Counsel have used this lawsuit as a platform to raise millions of dollars while slandering the Desert Rose, and its owner. Doe Counsel filed this lawsuit despite already having lost on nearly identical claims in other lawsuits twice already. When Desert Rose sought to have the frivolous allegations and unsupported claims removed by the Plaintiff pursuant to NRCP 11, Doe Counsel fought vigorously to ensure that every frivolous allegation stayed in, claiming that it was too early to be sanctioned under Rule 11. Then, when this Court allowed Doe to proceed with her unsupported claims and misrepresentations against Desert Rose if Doe disclosed her identity, Doe's Counsel simply ignored the Order to disclose and allowed Doe's claims to be dismissed.

Doe's Counsel has recklessly raised frivolous allegations, and then outright abandoned the claims against Desert Rose. Doe's Counsel had no intention of bringing this matter to a conclusion on the merits but instead brought these claims to harass Desert Rose and other named defendants, in an effort to increase their highly profitable fundraising campaign. Plaintiff was specifically aware

1  that Doe's anonymity would frustrate Desert Rose's ability to establish defenses, privileges, or
2  counterclaims as these rights remain phantom Hypotheticals only.  ECF 016.  Indeed, anonymity
3  also impairs the useful witness, and as the County Defendants argued in its motion/reply to dismiss
4  for improper use of pseudonym, the anonymity is damaging the complete and competent defense of
5  the defendants, while asymmetrically benefiting and empowering this Plaintiff.  ECF 016.  The
6  County Defendants certainly understood Plaintiff's motion as the County Defendants predicted that
7  if Jane Doe is not forced to reveak her identity before discovery, she could end up anonymously
8  forever, and then it would be difficult to bring any counterclaims against her and determine if res
9  judicata was violated.  EFC 013.  Doe Counsel simply litigated this matter knowing that it could
10 continue to fundraise until the Court put an end to the improper use of a pseudonym.

11       Desert Rose respectfully ask this Court to sanction Jason Guinasso, Esq.; Benjamin Bull,
12 Esq.; Peter Gentala, Esq.; Dani Bianculli Pinter, Esq.; Christen Price, Esq.; and Victoria Hirsch, Esq.
13 pursuant to 28 U.S.C. § 1927 and this Court's inherent authority. Desert Rose has been forced to
14 spend Eighteen Thousand Six Hundred Eighty Dollars ($18,680.00) on attorneys' fees and costs
15 defending itself from claims that should never have been filed, and which were simply abandoned
16 after over a year of litigation. This cost should be borne by Doe's Counsel.

17 **II. Factual History**

18       As the Mustang Defendant's stated in their motion for sanctions, various filings in this case
19 have already touched on Doe's Counsel's history of filing salacious lawsuits in an ongoing quest for
20 publicity. Desert Rose incorporates "Relevant Factual History" set forth in the Mustang Defendant's
21 Motion and asks the Court to consider such history when reviewing Desert Rose's pending Motion
22 for Sanctions.

23       Additionally, Desert Rose provides as Exhibit 1, a copy of the National Center on Sexual
24 Exploitation Inc., ProPublica document showing that the National Center received over Five Million
25 Dollars ($5,000,000) in contributions and spent over Two Million Six Hundred Thousand Dollars
26 ($2,600,000) in executive compensation, other salaries and wages. *See* Exhibit 1.[1]

---

28 [1] https://projects.propublica.org/nonprofits/organizations/132608326

Moreover, as the Court is aware, Desert Rose filed a motion for sanctions under FRCP 11. (ECF 153).

**III. Argument**

Desert Rose files this Motion for Sanctions pursuant to 28 U.S.C. § 1927 and this Court's inherent authority. This lawsuit is the third in a series of nearly identical lawsuits brought by the same set of attorneys. With the dismissal of this pending litigation, none of these lawsuits has succeeded in their stated goals, but all of them have caused Desert Rose, and other defendants to incur tens of thousands of dollars in attorneys' fees defending themselves from these salacious claims. Furthermore, because the anonymous plaintiff in the present lawsuit refused to disclose her identity as ordered by this Court, Desert Rose (and all other defendants in this lawsuit) have no way of knowing whether this "Jane Doe" even exists, much less whether her allegations could have ever passed the FRCP 11 requirements. Indeed, Desert Rose specifically sought sanctions under FRCP 11, however, the motion was denied, primarily because "these factual issues cannot be resolved without discovery, and Desert Rose Club has moved for sanctions prior to filing an answer or Rule 12 motion."

In the end, Doe Counsel were able to use this litigation to raise millions of dollars, and then, were able to abandon the claims of their client "Jane Doe" without having to subject the misrepresentation to discovery or to prove that Jane Doe even exits. Desert Rose, and other defendants are left paying tens of thousands of dollars in attorneys' fees on a case that should never have been brought.

*A. The Desert Rose Defendants Request Sanctions Against Doe's Counsel Pursuant to 28 U.S.C. § 1927.*

28 U.S.C. § 1927 states in its entirety, "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." These sanctions

are awarded against the individual attorneys who appeared in the lawsuit and whose conduct gave rise to the need for sanctions. *Id.* The decision to impose §1927 sanctions requires a finding of "an attorney's bad faith under a subjective standard." *Salstrom v. Citicorp Credit Servs., Inc.,* 74 F.3d 183, 184–85 (9th Cir. 1996) (quoting *MGIC Indem. Corp. v. Moore,* 952 F.2d 1120, 1122 (9th Cir.1991)). Sanctions under § 1927 focus on "the cumulative effect of the attorneys' conduct," rather than on just one filing as seen in Rule 11 sanctions. *Id.* "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996).

Furthermore, "§ 1927 may shift the entire financial burden of an action's defense, including attorneys' fees, if the entire course of proceedings was unwarranted and should not have been commenced or pursued," including the cost of obtaining those sanctions. *Blixseth v. Yellowstone Mountain Club, LLC*, 854 F.3d 626, 632 (9th Cir. 2017). Sanctions under § 1927 have been upheld when they arise from a plaintiff trying to file an "amended complaint that did not materially differ from one which the district court had already concluded did not state a claim." *Wages v. I.R.S.,* 915 F.2d 1230, 1235 (9th Cir. 1990).

The actions of Doe's Counsel meet the requirements of sanctions under § 1927 and warrant monetary sanctions against them personally. They have acted in clear bad faith and know that they are raising frivolous arguments against Desert Rose. While the abandonment of the case stops the discovery process, Doe Counsel must provide their evidentiary support to the false allegations made against Desert Rose, and they must provide this information in defending themselves against the motion for sanctions. What cursory investigation did they undertake prior in bringing this litigation, as well as what investigation was conducted upon receiving the notice and motion pursuant to FRCP 11?

As the examples provided by the Mustang Defendants, this pending litigation was the third lawsuit they have filed, all nearly identical to one another and all of which were not successful, expect to raise Millions of Dollars for the organization.

Doe's Counsel has used Jane Doe to raise millions of dollars solely for the purpose of harassing Desert Rose and the other defendants. As this Court recognized earlier in this lawsuit, Jane Doe could have pursued her claims against Desert Rose if she disclosed her identity (as any other

plaintiff in a lawsuit is required to do). Rather than move forward with this basic requirement, Doe's Counsel simply ignored the Court's order and allowed this case to be dismissed. This is a clear showing that Doe's Counsel brought these claims for the purpose of harassing Desert Rose and all other defendants, rather than for any proper or legitimate purpose.

As the Mustang Defendants state, the actions taken by Doe's Counsel in this entire lawsuit multiplied the proceedings in this case unreasonably and vexatiously. They first filed a lawsuit that had already been repeatedly dismissed, then vigorously fought every effort by the Mustang Defendants (and others) to have the lawsuit either dismissed outright or more narrowly tailored to those actual claims Jane Doe had. Doe's Counsel dragged this case out for over a year before finally just ignoring this Court's order to disclose Jane Doe's identity and allowing the lawsuit to be dismissed.

Accordingly, Desert Rose should be awarded the attorneys' fees they have incurred in defending against this frivolous lawsuit.

*B. Doe's Counsel Should be Sanctioned Under the Court's Inherent Authority.*

In addition to 28 U.S.C. § 1927, Doe's Counsel should also be sanctioned under this Court's inherent authority. There is "no question that a court may levy fee-based sanctions when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). Sanctions under the Court's inherent authority require a showing of bad faith or that the attorney in question acted recklessly "when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Id.*, 239 F.3d at 994.

As stated at length above, Doe's Counsel has acted in bad faith in bringing this lawsuit. They have brought the same lawsuit over and over again, including identical causes of action that have already been dismissed. Each time they file this lawsuit again, they issue a press release and seek more donations. They raised millions of dollars and when it came time to proceed with the case, by providing Jane Doe's name, they abandoned the litigation and precluded Desert Rose from showing the clear misrepresentations made against them through discovery.

*C. The Desert Rose Defendants Request Sanctions Against Doe's Counsel in the Amount of Eighteen Thousand Six Hundred Eighty Dollars ($18,680.00)*

Both 28 U.S.C. § 1927 and this Court's inherent authority allow an award of sanctions against Doe's Counsel in the amount of Eighteen Thousand Six Hundred Eighty Dollars ($18,680.00), reflecting the amount of attorneys' fees and costs that Desert Rose incurred as a direct result of the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The billing details are attached as Exhibit "2," with a supporting affidavit from David C. O'Mara., attached as Exhibit "3."

**IV. Conclusion**

Desert Rose incurred Eighteen Thousand Six Hundred Eighty Dollars ($18,680.00) in attorneys' fees and costs solely because of Doe's Counsel's unreasonable and vexatious actions in this lawsuit. They utilize the litigation process to raise millions of dollars, at the expense of Desert Rose and other defendants, and refused to allow Desert Rose to defend against the unsupported allegations. Even when Doe Counsel knew that they would not be able to litigate this matter because Jane Doe was required to provide her name, Doe's Counsel doubled down and increased the costs of this litigation. Desert Rose respectfully requests that this Court sanction Jason Guinasso, Esq.; Benjamin Bull, Esq.; Peter Gentala, Esq.; Dani Bianculli Pinter, Esq.; Christen Price, Esq.; and Victoria Hirsch, Esq. in that amount pursuant to 28 U.S.C. § 1927 and this Court's inherent authority.

Dated: May 12, 2025.                         THE O'MARA LAW FIRM, P.C.

                                                 /s/ David C. O'Mara, Esq.
                                                 DAVID C. O'MARA, ESQ.
                                                 311 E. Liberty St
                                                 Reno, NV 89501
                                                 775.323.1321
                                                 david@omaralaw.net

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2025, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the email addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

Dated: May 12, 2025.          /s/ Valerie Weis
                              VALERIE WEIS