Jason D. Guinasso (SBN #8478)
GUINASSO LAW, LTD.
5371 Kietzke Lane
Reno, NV 89511
(775) 853.8746
*jason@guinassolaw.com*

Benjamin W. Bull*
Peter A. Gentala*
Dani Bianculli Pinter*
Christen M. Price*
Victoria Hirsch*
NATIONAL CENTER ON SEXUAL EXPLOITATION
1201 F Street NW, Suite 200
Washington, DC 20004
(202) 393.7245
*cprice@ncoselaw.org*
*dpinter@ncsoelaw.org*
*\*Admitted pro hac vice*
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JANE DOE, | Case No.: 3:24-cv-00065-MMD-CSD |
| Plaintiff, | |
| vs. | **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SANCTIONS [ECF NO. 173]** |
| JOSEPH LOMBARDO, Governor of Nevada, in his official capacity; AARON FORD, Attorney General of Nevada, in his official capacity; NYE COUNTY; ELKO COUNTY; STOREY COUNTY; WESTERN BEST, LLC; DESERT ROSE CLUB, LLC; HACIENDA ROOMING HOUSE, INC. D/B/A BELLA'S HACIENDA RANCH; MUSTANG RANCH PRODUCTIONS, LLC D/B/A MUSTANG RANCH LOUNGE, LLC; LEONARD 'LANCE' GILMAN, in his official capacity; and LEONARD 'LANCE' GILMAN, in his individual capacity, | |
| Defendants. | |

1

COMES NOW, Plaintiff Jane Doe (hereinafter "Plaintiff"), by and through her undersigned counsel, hereby submits her response to Defendants, Mustang Ranch Productions, LLC and L. Lance Gilman in his individual capacity's (hereinafter "the Mustang Defendants") Motion for Sanctions [ECF No. 173], filed on May 1, 2025.

### INTRODUCTION

This case, filed by sex trafficking survivor Jane Doe, is brought based on the way the Brothel Defendants, including the Mustang Defendants, exploited her in prostitution. An ecosystem of exploitation is what led to her sex trafficking and to this lawsuit being filed on her behalf. Plaintiff and her counsel have properly engaged in this case since its inception, having brought this case in good faith, rooting their arguments in fact and law.

Plaintiff sought from the first filing to proceed as a Jane Doe and only reveal her identity to the defendants under the terms of a protective order. *see* ECF No. 1, 73. Defendants all opposed these protections, suggesting that they wanted to be able to expose her to the media and perhaps even counter-sue her. *See* ECF No. 75, 76. This court ruled in Defendants' favor, denying the protective order, *see* ECF No. 141, and then denying Plaintiff's motion for reconsideration, *see* ECF No. 166.

Apparently unsatisfied with Jane Doe not getting the protection she sought, the Mustang Ranch Brothel Defendants now want to punish her for even seeking it in the first place. The Mustang Ranch Brothel Defendants' motion is not only substantively flawed but has been strategically timed to chill Plaintiff's exercise of her appellate rights. The true purpose of this motion is to intimidate Plaintiff and her counsel with the specter of substantial financial penalties before she can fully vindicate her rights through the appellate process.

2

Furthermore, as of May 14, 2025, the Mustang Defendants,' the Bella's Defendants, and the Desert Rose Defendants have all filed individual Motions for Sanctions including nearly identical language and argument. If any party is engaging in behavior that is multiplying proceedings unreasonably and vexatiously, it is these Brothel Defendants.

This Court should recognize this tactical maneuver for what it is, and at minimum, defer ruling until Plaintiff's appellate remedies have been exhausted.

For the reasons that follow, attorneys' fees should not be awarded to the Defendants.

## ARGUMENT

The Motion for Sanctions filed by the Mustang Ranch Defendants' falls woefully short of proving that the plaintiff "multiplied the proceedings in any case unreasonably and vexatiously," or that the plaintiff acted in bad faith in this litigation. The Mustang Defendants' have not met the required standard under 28 U.S.C §1927 or under the Court's inherent authority, and as such, they are not entitled to an award of attorney's fees.

I.    **Defendants' motion for attorneys' fees under 28 U.S.C §1927 and the Court's inherent authority should be denied because they fail to meet any of the elements under the rules that would entitle them to fees.**

Plaintiffs dispute Defendants' request for fees in its entirety. Defendants improperly brings this motion under 28 U.S.C. §1927, and this court should deny it because they fail to demonstrate Plaintiff's attorneys multiplied the proceedings unreasonably and vexatiously, or that there has been some showing of bad faith. Section 1927 provides that attorneys who "multipl[y] the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. §1927. The standard for imposing sanctions requires a showing of recklessness or bad faith. The moving party must show that counsel – not the client

3

– acted recklessly in order to justify an award for fees under §1927. *Tamares Las Vegas Properties, LLC v. Travelers Indemnity Company,* 696 F.Supp.3d 930, 951, 953 (D. Nev. 2023) (denying a request for attorneys' fees where no reckless was found).

The Mustang Defendants request for sanctions under §1927 fails at its most fundamental level – they cannot establish the subjective bad faith that is the sine qua non of such sanctions. The Ninth Circuit has consistently held that §1927 sanctions require 'subjective bad faith,' which exists only when an attorney "knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *B.K.B. v. Maui Police Dep't,* 276 F.3d 1091, 1107 (9th Cir. 2002). The record here is devoid of evidence that Plaintiff's counsel knowingly pursued objectively frivolous claims or acted with an improper purpose. Rather, Plaintiff's counsel provided ample evidence for how each named defendant, including the Mustang Ranch Defendants, contributed to the sex trafficking of Jane Doe, and thus, should be included in the suit. Plaintiff's counsel also advocated zealously for this court to not dismiss the suit, to grant the Motion for Protective Order, and to allow Jane Doe to proceed under a pseudonym. That the Plaintiffs efforts proved unsuccessful does not transform good-faith advocacy into sanctionable conduct. The exceedingly high threshold for finding subjective bad faith has simply not been met.

"While recklessness may be the standard under §1927, it is an insufficient basis for sanctions under a court's inherent power." *In re Keegan Management Co.,* 78 F.3d 431, 436 (9th Cir. 1996). While the court has inherent power to sanction for bad faith, it "must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44 (1991). "Mere recklessness, without more, does not justify sanctions under a court's inherent power." *Chambers,* 501 U.S. at 993-94. Instead, the court is required to make an "explicit finding that

4

the sanctioned party's conduct 'constituted or was tantamount to bad faith,'" *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1090 (9th Cir. 2021) (quoting *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648-50 (9th Cir. 1997)) "which requires proof of bad intent or improper purpose." *Id.* The Ninth Circuit and Supreme Cort have found bad faith occurs F.3d 644, 648–50 (9th Cir. 1997)) "which requires proof of bad intent or improper purpose." *Id.* The Ninth Circuit and Supreme Court have found bad faith occurs "when a party acts for the improper purpose" or if there is a "willful abuse of judicial process." *Id.* at 951.

Seeking sanctions under Section 1927 requires the Defendants to meet a high standard of proof, and they have simply not done that. In *Mahoney v. Yamaha Motor Corp. U.S.A.,* sanctions were sought because there "was a constant pattern of delay by Plaintiff and his counsel, and a complete refusal to comply with the obligations imposed upon all parties and their counsel by the Federal Rules of Civil Procedure." *Mahoney v. Yamaha Motor Corp. U.S.A.,* 290 F.R.D. 363, 366 (E.D.N.Y. 2013). The plaintiff brought several claims against the motorcycle manufacturer, Yamaha Motor Corporation, on or about April 2011. *Id.* at 365. During the proceedings, the counsel for the plaintiff committed several egregious actions. The plaintiff's counsel never responded to the demands for discovery, which were sent multiple times. *Id.* The plaintiff's counsel failed to respond to several communication attempts by the defense. *Id.* The court ordered the plaintiff to provide medical records, and it provided those records one month past the deadline. *Id.* The plaintiff's counsel failed to respond to requests for information regarding document production. The plaintiff's counsel failed to respond to a motion to compel filed by the defense. *Id.* Finally, the court issued an order requiring the plaintiff to respond immediately to the defense motion, and the plaintiff's counsel failed to obey this court order. *Id.* The court scheduled a hearing to address the plaintiff failing to respond to the defense's discovery demands

5

and motions, and for failing to respond to several court orders. *Id*. On June 18, 2012, the plaintiff's counsel filed a motion to withdraw from representing the plaintiff, in part, because the case was unlikely to be successful it proceeded. *Id*. Plaintiff's counsel never responded to or addressed the issues raised by the court and defense. *Id*. at 366. On June 27, 2012, the defendant filed a motion for sanctions pursuant to 28 U.S.C §1927. In part, the defendant argued that they had "incurred substantial costs in defending an action with no merit." This is similar to the argument made by the Mustang Defendants.

Despite the complete lack of action for over a year and then moving to discontinue the case, the court held that the actions of plaintiff's counsel "do not warrant a sanction under 28 U.S.C. §1927 or this Court's inherent powers." *Id*. at 369. The court reasoned that there was no clear evidence that the plaintiff's counsel acted in bad faith in filing the complaint or proceeding with the litigation. Furthermore, the court stated that, "while seemingly meritless, the plaintiff did not file his complaint for the purpose of delay or harassment." *Id*. at 370.

The action (or total lack of action) taken by plaintiff's counsel in the *Mahoney* case prior to moving to discontinue the case is a stark to what has occurred in our case, and the court still found that it did not rise to the high level of warranting sanction under 28 U.S.C. §1927 or the court's inherent power. The instant case comes nowhere close to the actions at issue in *Mahoney*.

The Defendants sole basis for filing this motion for sanctions is based on their disagreement with Jane Doe and her counsel not revealing her identity absent a protective order, and filing suit against the brothels, government officials, and entities that participated in or contributed to the sex trafficking of Jane Doe – which is her right. Notably, in *Williams v. Sisolak*, which is also about sex trafficking within Nevada's legalized prostitution system, the court did grant the right to proceed under a pseudonym and for a protective order, and that case as a result

6

is in discovery against one of the same brothel defendants in this case, Chicken Ranch, as well as a legal strip club. *See Williams v. Sisolak*, No. 2:21-CV-01676-APG-VCF, 2025 WL 395297, at *1 (D. Nev. Jan. 3, 2025).

Aside from voicing their opinions and complaints about this suit, the Defendants have not pointed to a single piece of evidence to support any specific conduct that would be considered vexatious or any filings that were multiplied once the lawsuit began. The Defendants disagreement with a complaint is not appropriate for seeking fees under Section 1927. *See In re Keegan Mgmt. Co.,* 78 F.3d 431, 435 (9th Cir. 1996). The procedural history of this case supports that the Plaintiffs have been nothing but reasonable in their filings, have responded timely and appropriately with case law and evidence in their filings, and have followed every order of this Court – only having no option but to allow the case to be dismissed for the protection of Jane Doe's life.

On February 8, 2024, the Plaintiff filed her complaint [ECF No. 1 ("Plaintiff's Complaint")], and in it requested that Jane Doe be permitted by this Court to proceed under a pseudonym (*see* Plaintiff's Complaint, ¶14).

The basis for the request was that the suit contained highly personal information, and that there was concern for potential harmful retaliation against Jane Doe for filing the suit against the named defendants, including the Mustang Defendants (*see* Plaintiff's Complaint, ¶¶ 14-30). The Plaintiffs provided detailed argument on why the request should be granted. All the Defendants included in the Plaintiff's Complaint were connected to Jane Doe either via the sex trafficking she experienced or the laws that assisted the brothels in facilitating her sex trafficking – and this was explained in detail throughout the Plaintiff's complaint. None of the defendants included in the suit were included unreasonably and vexatiously, or in bad faith.

On August 16, 2024, this Court issued an order [ECF No. 112 ("August Order")] dismissing the claims against the State and County Defendants, and ordering Jane Doe to demonstrate standing to bring her remaining damages claims against the Brothel Defendants under the Thirteenth Amendment and the TVPRA. Importantly, this was not a dismissal on the merits of the claims against the government entitled, but on jurisdiction.  The Plaintiff followed the court's order regarding standing as to the brothels in a timely manner and provided a response (as did the Defendants). The Court issued an Order on October 18, 2024 [ECF No. 141 ("October Order")] and held that Jane Doe had demonstrated standing as to the TVPRA claims, which completely undermines Mustang Ranch's claim that the suit was frivolous. In this Order, amongst other matters, the Court denied the Motion for Protective Order and directed the Plaintiff to disclose her identity (*See* October Order P.2, L.1-7). This Court stated "…it is further ordered that Plaintiff must file a notice of disclosing her identity for the public docket within 15 days from the date of this order if she wishes to proceed with her remaining TVPRA claims. If Plaintiff fails to timely file such a notice, the Court will presume she does not wish to disclose her identity and will dismiss the case without prejudice." (*See* October Order P.16, L. 8-12).

On November 1, 2024, within the 15-day filing deadline, the Plaintiff filed a Motion for Reconsideration of the Court's October 18, 2024 Order [ECF No. 145, (Plaintiff's Motion for Reconsideration)]. The Plaintiff again presented argument to proceed under pseudonym and protective order in this litigation. Jane Doe had every intention and wanted to proceed in litigation against every single named Defendant, including the Mustang Defendants, but not if it meant putting Jane Doe at risk of legitimate physical danger. None of these filings were done for the sole purpose of "fundraising" as the Mustang Defendants – without any evidence – have argued. Their assertion is particularly undermined by Jane Doe's multiple, good-faith attempts

to secure the protection of a pseudonym and protective order. Plaintiff could have just not responded to the Court's October Order, yet she filed motion for reconsideration, and included additional supporting documentation in the motion, submitting a declaration affirming and expanding on several of the facts alleged in the complaint. *See* Plaintiff's Motion for Reconsideration, Exhibit A [ECF No. 145].

As an initial matter, the National Center on Sexual Exploitation (hereinafter "NCOSE") is a small non-profit organization that provides legal representation to survivors, and we do not charge for our representation. This is similar to other non-profit organizations providing legal work such as a legal aid organization, the NAACP, or the ACLU. NCOSE includes on its website an option to donate. The ability to donate to NCOSE's cause is not only included where we publish stories about the various forms of legal advocacy we are doing, it can be found in multiple places on the website. Again, like nearly all other non-profit organizations providing legal advocacy, we must publish the advocacy work that we are involved in.

Other than reiterating that the Plaintiffs did not disclose the identity of Jane Doe, the Defendants have not cited to any evidence that shows that the Plaintiffs' "acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation…", which is what is required by Section 1927. The Defendants cite to case law multiple times throughout their Motion for Sanctions that clearly states that there is a required showing of bad faith, yet, they do not provide anything to show that the Plaintiff acted in bad faith.

On April 4, 2025, this Court issued an order [ECF No. 166, ("April Order")] stating, amongst other matters, "if the plaintiff wishes to proceed in this action, she must a file a notice disclosing her identify within 15 days from the date of this order. If she does not file a notice, the Court will dismiss her remaining claims against the Brothel Defendants without prejudice."

9

*See* April Order, P. 13, L. 4-7. The Plaintiff's had to make the decision to protect the life and identity of our client and no longer move forward with the suit.

The Defendants argue that the Plaintiff's counsel "dragged the case out for over a year before finally just ignoring this Court's order to disclose Jane Doe's identity and allowing the lawsuit to be dismissed." It is obvious that the Defendants desperately want the name of Jane Doe to be revealed – so much so that it is largely the basis for their Motion for Sanctions. This desperation for the identity of Jane Doe to be revealed is incredibly telling, and lends further credence to the harm that Jane Doe would face if the Plaintiffs had made the decision to risk the life of Jane Doe, just so that this suit could move forward.

The Plaintiffs did not "drag" anything out for "over a year," and this is not supported by the record, which is why the Defendants could not point to anything specific in their Motion for Sanctions. The procedural history of this case shows that the Plaintiff followed every filing deadline and responded when required by the Court. The Plaintiff genuinely participated in litigation and never voluntarily dismissed her own case; the dismissal came by the court's own ruling after denying her requested relief.

The Plaintiff provided reasons for why her identity could not be publicly disclosed, and it was to no avail. Neither she nor her counsel wanted the claims to be dismissed – but nor are they willing to risk her life. The Plaintiff, could not have known that the court was going to deny the motion for protective order and to proceed under a pseudonym when the suit was initially filed, particularly given that trafficking victims are commonly allowed to proceed as Jane Does. *See*, e.g., *A.D. v. Cavalier Mergersub LP*, No. 22-CV-095-JES-NPM, 2022 WL 4354842, at *2 (M.D. Fla. Sept. 20, 2022) (permitting sex trafficking victim to use pseudonym in public pretrial filings); *C. S. v. Wyndham Hotels & Resorts, Inc*., No. 20-CV-639-JES-MRM, 2021 WL

7448060, at *15 (M.D. Fla. June 11, 2021) (same); *A.D. v. Wyndham Hotels & Resorts, Inc.*, No. 19CV120, 2020 WL 5269758, at *3 (E.D. Va. Mar. 20, 2020), order clarified, No. 19CV120, 2020 WL 8639343 (E.D. Va. July 30, 2020) (same). *Doe v. Penzato*, No. 10-cv-5154-MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011); *Doe v. Steele*, No. 3:20-cv-01818-MMA-MSB, 2020 WL 6712214 at *5 (S.D. Cal. Nov.16, 2020); *Doe v. Dabbagh*, No. 15-cv-10724, 2015 WL 13806540 at *1 (E.D. Mich., 2015); *Doe (M.H.) v. G6 Hospitality LLC*, No. 4:22-CV-198-SDJ, 2022 WL 2532489 (E.D. Tex. 2022); *Doe #1 v. MG Freesites, Ltd*., No. 7:21-cv-00220-LSC, 2021 WL 2556009 at *2 (N.D. Ala. 2021); *Florida Abolitionist, Inc. v. Backpage.com LLC*, No. 4:22-CV-198-SDJ, 2018 WL 2017535 at *2 (M.D. Fla. 2018); *Doe v. Baram*, No. 20 Civ. 9522 (ER), 2021 WL 3423595 at *3 (S.D. N.Y. 2021); *A.T.P. v. MTR Hotels LLC*, No. 6:21-cv-647-TMC, 2021 WL 5772826 at *2 (D.S.C. 2021); *A.D. v. Wyndham Hotels and Resorts, Inc*., No. 4:19cv120, 2020 WL 5269758 at *3 (E.D. Va. 2020), order clarified, 2020 WL 8639343 (E.D. Va. 2020). This is true in the Ninth Circuit, including in this district. *Humphries v. Button*, No. 2:21- cv-01412-APG-EJY, 2022 WL 744483 at *3-4 (D. Nev., 2022); *See,* e.g., *Doe v. Penzato*, No. 10- cv-5154-MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011); *Doe v. Steele*, No. 3:20-cv- 01818-MMA-MSB, at *5 (S.D. Cal. Nov. 16, 2020); *Doe v. WebGroup Czech Republic*, A.S., 93F.4th 442, 447 (C.A.9 (Cal.), 2024).

Even more, this court itself has allowed women prostituted in legal brothels the same protection even when they did not claim they had been trafficked, *see*, e.g., Sears v. Mid Valley Enterprises, LLC, No. 19-CV-00532-APG-DJA, 2021 WL 8015628 (D. Nev. Dec. 8, 2021) (allowing plaintiffs to pseudonymously sue a Nevada brothel for failing to pay minimum wage and overtime wages). The Mustang Defendants cannot premise the extraordinary remedy of

sanctions on Plaintiff and her counsel failing to somehow foresee that this court would depart from the norm regarding protections for victims of sexual abuse.

The Mustang Defendants are arguing that this extraordinary remedy be done solely on the basis that the Plaintiff's followed the Court's Order in the best interest of our client, because we filed suit against all parties that Jane Doe alleges participated in her sex trafficking, and because we are a non-profit organization and a legal center that does not charge for representation and thus, we are only able to operate off of donations, which we receive by publicizing the cases and advocacy work we are doing, just like many legal aid organizations to receive funding.

To address the argument that these filings were done for the sole purpose of fundraising, this is not only inaccurate, but it's insulting to every single non-profit organization conducting legal work on a pro bono basis.

## **CONCLUSION**

Counsel have advocated zealously for Jane Doe since the inception of this case. The Plaintiffs have filed motions concerning genuine issues regarding the sex trafficking that Jane Doe is alleging. However, zealous advocacy does not equal unreasonable and vexatious, nor does it mean we have moved forward in bad faith or with vindictiveness. Not agreeing with filings, who has been included in a lawsuit, or legal decisions that NCOSE has made does not even come close to warranting sanctions.

If Defendants' request for fees is granted, it will have a profound chilling effect on trafficking survivors' willingness to litigate these cases, as well as on attorneys willing to represent them. The TVPRA was specifically designed to provide trafficking victims with a civil remedy against those who benefit from their exploitation, yet awarding fees in this case would

effectively punish Plaintiff for attempting to vindicate not just her own rights, but those of other vulnerable individuals trapped in systems of exploitation.

Plaintiff brought this case in good faith. That her efforts ultimately did not prevail on moving forward under a pseudonym (and therefore, proceeding with the case) does not render her claims frivolous, vexatious, or brought in bad faith. Courts have consistently recognized that unsuccessful civil rights litigation is not synonymous with sanctionable conduct.

Moreover, the Plaintiff is still within her time to appeal the dismissal. Judicial economy and fairness dictate that, at minimum, any ruling on fee requests should be deferred until appellate remedies have been exhausted. To decide otherwise would risk deterring Plaintiff from pursuing a potentially meritorious appeal out of fear of escalating penalties.

Based on the foregoing, Plaintiff respectfully requests that the Court deny the Mustang Defendants' Motion for Sanctions in its entirety, and asks for attorneys' fees in connection with defending against it. Alternatively, should the Court be inclined to consider any award to the Defendants, Plaintiff requests that such consideration be deferred until after the appeal period has concluded or any appeal is resolved.

Respectfully submitted,

Dated: May 15, 2025

/s/ Christen M. Price
Christen M. Price
(*admitted pro hac vice*)
Benjamin W. Bull (*admitted pro hac vice*)
Peter A. Gentala (*admitted pro hac vice*)
Dani Bianculli Pinter (*admitted pro hac vice*)
Victoria Hirsch (*admitted pro hac vice*)
NATIONAL CENTER ON SEXUAL
EXPLOITATION

Jason D. Guinasso (SBN #8478)
GUINASSO LAW, LTD.
*Attorneys for Plaintiff*

13

## ELECTRONIC CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I hereby certify that on this 15th day of May, 2025, a true and correct copy of the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SANCTIONS [ECF NO. 173]**was electronically filed with the United States District Court. Electronic service of the foregoing document shall be made in accordance with the Master Service List.

*/s/ Jennifer Johnson*

14