1  THE O'MARA LAW FIRM, P.C.
   DAVID C. O'MARA, ESQ. (NEVADA BAR NO. 8599)
2  311 East Liberty St.
   Reno, Nevada 89501
3  775-323-1321
   775-323-4082 (fax)
4  david@omaralaw.net

5  *Attorney for Desert Rose Club, LLC*

10              UNITED STATES DISTRICT COURT
                    DISTRICT OF NEVADA

12 | JANE DOE;                              | Case No. 3:24-cv-00065-MMD-CLB
13 |         Plaintiffs,                    |
14 | v.                                     | **REPLY IN SUPPORT OF MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927 AND THE COURT'S INHERENT AUTHORITY**
15 | JOSEPH LOMBARDO, Governor of Nevada, in his official capacity; AARON FORD, Attorney General of Nevada, in his official capacity; NYE COUNTY; ELKO COUNTY; STOREY COUNTY; WESTERN BEST, INC. D/B/A CHICKEN RANCH; WESTERN BEST, LLC; DESERT ROSE CLUB, LLC; HACIENDA ROOMING HOUSE, INC. D/B/A BELLA'S HACIENDA RANCH; MUSTANG RANCH PRODUCTIONS, LLC D/B/A MUSTANG RANCH LOUNGE, LLC' LEONARD "LANCE" GILMAN, in his official capacity; and LEONARD "LANCE" GILMAN, in his individual capacity. |
23 |         Defendants.                    |

- 1 -

Desert Rose Club, LLC ("Desert Rose") by and through its counsel of record David C. O'Mara, Esq., files this reply in support of its motion. (ECF 175). On May 5, 2024, Desert Rose filed its motion for sanctions pursuant to 28 U.S.C. § 1927 and the Court's inherent authority. *Id*. On May 27, 2025, Doe Plaintiff's counsel ("Plaintiff") filed their response. (ECF 180). As shown in these filings, it is clear that Plaintiff has filed and prosecuted this litigation by multiplying the proceedings unreasonably and vexatiously, in a reckless and bad faith manner.

Indeed, as previously stated, this dismissed lawsuit is the third (3rd) in a series of nearly identical lawsuits brought by the same set of attorneys, and in some cases, against the same defendants. Plaintiffs have refused to identify the DOE Plaintiff while continuing to litigate this matter while fundraising for their organization. In the end, the defendants in these cases have been successful in obtaining dismissals in the previous litigation on some of the same and identical claims brought against Desert Rose. Desert Rose has incurred tens of thousands of dollars in attorneys' fees defending themselves from these salacious and frivolous claims.

Plaintiff has sought to keep the DOE plaintiff anonymous, thus precluding Desert Rose (and all other defendants in this lawsuit) of knowing whether this "Jane Doe" even exists, much less whether her allegations could have ever passed the FRCP 11 requirements. DOE Plaintiff has acknowledged that her allegations were misrepresentations and yet continued to litigate this matter. For example, Doe Plaintiff acknowledged that the allegation that "Desert Rose took 50% of the fees that Jane Doe and the other women got from the sex buyers" was a misrepresentation. Compare ECF 1 ¶ 236 and ECF 115. Additionally, Doe Plaintiff did not address her misrepresentation that Desert Rose maintained a barbed wire fence around the brothel when it was presented to counsel, yet Plaintiff continued with the litigation.

In the end, Doe Counsel were able to use this litigation to raise millions of dollars for their organization, but when it came time to litigate the merits, Doe Counsel chose to abandon the case and allow the matter to be dismissed, instead of providing the name of the Doe Plaintiff.

28 U.S.C. § 1927 states in its entirety, "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

      The actions of Doe's Counsel meet the requirements of sanctions under § 1927 and warrant monetary sanctions against them personally. They have acted in clear bad faith and know that they are raising frivolous arguments against Desert Rose. They have failed to provide any evidence to support a single claim in the complaint, and instead, multiplied the proceedings unreasonably and vexatiously, in a reckless and bad faith manner

      Additionally, as provided in the Mustang Defendant's motion and reply (ECF Nos. 173 and 178), this pending litigation was the third lawsuit Plaintiff has filed, all of which are nearly identical to one another and all of which were not successful. As the Mustang Defendant stated, the 2024 lawsuit brought by a Doe plaintiff against Mustang, and Desert Rose for "Violating the Thirteenth Amendment Ban on Slavery" included the same claim in a 2021 lawsuit. In the 2021 lawsuit, the court, as it did in this case, acknowledged that there is no private right of action under the Thirteenth Amendment. Same lawyer, maybe a different Doe Plaintiff, but the same result occurred - the dismissal of the claims pursuant to the Thirteenth Amendment. When you file the same claims, knowing the claims had already been dismissed because there is no "private right," you have knowingly and recklessly raised frivolous arguments. There was no reason to include claims under the Thirteenth Amendment when counsel knew that there is no private right to sue.

      Certainly, when Desert Rose and the other defendants sought the dismissal of these claims, Plaintiff could have and should have sought to dismiss the claims because the attorneys knew that the claim was not supported by the facts or the law. This course of action multiplied the proceedings in this case unreasonably and vexatiously.

      Doe's counsel claims that Desert Rose is placing Jane Doe in harm's way and that she is risking her life, yet Doe's counsel has raised millions of dollars for their own benefit. The Court should award Desert Rose its attorneys' fees pursuant to 28 U.S.C. § 192.

      Additionally, Doe's Counsel should also be sanctioned under this Court's inherent authority. There is "no question that a court may levy fee-based sanctions when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001). Sanctions under the Court's inherent authority require a showing of bad faith or that the attorney in

question acted recklessly "when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Id.,* 239 F.3d at 994.

Doe's Counsel has acted in bad faith in bringing this action with identical causes of action that have already been dismissed. The Court should not allow plaintiffs to abuse the legal system - allowing lawyers to bring the exact same claims under the Thirteenth Amendment, when those claims have already been dismissed in other filed cases. This is especially true when it's the same attorneys, and against similar defendants, in multiple lawsuits in the same federal court.

Doe's Counsel did not object to the amount of Eighteen Thousand Six Hundred Eighty Dollars ($18,680.00), that Desert Rose is seeking in attorneys' fees and costs.

As such, Desert Rose incurred Eighteen Thousand Six Hundred Eighty Dollars ($18,680.00) in attorneys' fees and costs solely because of Doe's Counsel's unreasonable and vexatious actions in this lawsuit. Plaintiff's counsel utilized the litigation process to raise millions of dollars, at the expense of Desert Rose and other defendants, and refused to allow Desert Rose to defend against the unsupported allegations. Even when Doe Counsel knew that they would not be able to litigate this matter because Jane Doe was required to provide her name, Doe's Counsel doubled-down and increased the costs of this litigation.

Desert Rose respectfully requests that this Court sanction Jason Guinasso, Esq., Benjamin Bull, Esq., Peter Gentala, Esq., Dani Bianculli Pinter, Esq., Christen Price, Esq. and Victoria Hirsch, Esq. in that amount pursuant to 28 U.S.C. § 1927 and this Court's inherent authority.

Dated: June 3, 2025                                THE O'MARA LAW FIRM, P.C.

                                                  /s/ David C. O'Mara, Esq.
                                                  DAVID C. O'MARA, ESQ.
                                                  311 E. Liberty St
                                                  Reno, NV 89501
                                                  775.323.1321
                                                  david@omaralaw.net

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2025, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the email addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

Dated: June 3, 2025                    /s/ Valerie Weis
                                       VALERIE WEIS